# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JANEEN MEDINA, on behalf of herself, individually, and on behalf of all others similarly situated, and on behalf of the CHI Plans,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado Non-profit Corporation,
PATRICIA G. WEBB, an individual,
CAROL KEENAN, an individual, and
JOHN and JANE DOES, each an individual, 1-20,

      Defendants.

---

## CLASS ACTION COMPLAINT

---

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## Table of Contents

I.      INTRODUCTION ........................................................................................ 1

II.     JURISDICTION AND VENUE ................................................................. 6

III.    PARTIES .................................................................................................... 7

IV.     THE BACKGROUND OF THE CHURCH PLAN EXEMPTION ................ 9

        A.      The Adoption of ERISA ................................................................. 9

        B.      The Scope of the Church Plan Exemption in 1974............................ 10

        C.      The Changes to the Church Plan Exemption in 1980 ........................ 10

V.      CHI.............................................................................................................. 14

        A.      CHI's Operations ............................................................................. 14

        B.      CHI's Plans ..................................................................................... 17

                1.      CHI's Plans Meet the Definition of an ERISA Defined
                        Benefit Plan.......................................................................... 18

                2.      CHI is the Plan Sponsor, Plan Administrator and a
                        Fiduciary; and Defendants Webb and Keenan are
                        Fiduciaries............................................................................ 18

                3.      The CHI Plans Are Not Church Plans ................................... 20

                        a.      Only Two Types of Plans May Qualify as Church
                                Plans and the CHI Plans are Neither........................... 20

                        b.      Even *if* the CHI Plans Could Otherwise Qualify as
                                Church Plans under ERISA Sections 3(33)(A) or
                                (C)(i), They are Excluded From Church Plan Status
                                under ERISA Section 3(33)(B)(ii) ............................... 26

                        c.      Even *if* the CHI Plans Could Otherwise Qualify as
                                Church Plans under ERISA, the Church Plan
                                Exemption, as Claimed By CHI, Violates the
                                Establishment Clause of the First Amendment of
                                the Constitution, and Is Therefore Void and
                                Ineffective ................................................................. 27

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

VI.    CLASS ALLEGATIONS ............................................................................ 27

       A.    Numerosity.................................................................................. 28

       B.    Commonality................................................................................ 28

       C.    Typicality .................................................................................... 29

       D.    Adequacy .................................................................................... 29

       E.    Rule 23(b)(1) Requirements ........................................................ 30

       F.    Rule 23(b)(2) Requirements ........................................................ 30

       G.    Rule 23(b)(3) Requirements ........................................................ 30

VII.   CAUSES OF ACTION ........................................................................... 32

       COUNT I .............................................................................................. 32

              (Claim for Equitable Relief Pursuant to ERISA Section 502(a)(3)
              Against Defendant CHI) ........................................................ 32

       COUNT II ............................................................................................. 33

              (Claim for Violation of Reporting and Disclosure Provisions
              Against Defendant CHI) ........................................................ 33

       COUNT III............................................................................................ 36

              (Claim for Failure to Provide Minimum Funding Against
              Defendant CHI)..................................................................... 36

       COUNT IV............................................................................................ 36

              (Claim for Failure to Establish the Plans Pursuant to a Written
              Instrument Meeting the Requirements of ERISA Section
              402 Against Defendant CHI) ................................................. 36

       COUNT V ............................................................................................. 37

              (Claim for Failure to Establish a Trust Meeting the Requirements
              of ERISA Section 403 Against Defendant CHI) .................... 37

       COUNT VI............................................................................................ 38

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

(Claim for Civil Money Penalty Pursuant to ERISA Section
502(a)(1)(A) Against Defendant CHI)....................................................38

COUNT VII ......................................................................................................39

(Claim for Breach of Fiduciary Duty Against All Defendants)..........................39

COUNT VIII.....................................................................................................42

(Claim for Declaratory Relief That the Church Plan Exemption, as
Claimed By CHI, Violates the Establishment Clause of the
First Amendment of the Constitution, and Is Therefore
Void and Ineffective) ............................................................................42

VIII.   PRAYER FOR RELIEF ........................................................................................44

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Plaintiff Janeen Medina, individually and on behalf of all those similarly situated, as well as on behalf of the CHI Plans, as defined herein, by and through her attorneys, hereby alleges as follows:

## I.   INTRODUCTION

1.      Plaintiff agrees that Defendant Catholic Health Initiatives ("CHI" or "Defendant") operates a hospital conglomerate in 17 states and provides good healthcare services in the communities it serves.  That is not what this case is about.  Instead, this case is about whether CHI properly maintains its pension plans under The Employee Retirement Income Security Act ("ERISA").  As demonstrated herein, CHI fails to do so, to the detriment of its 78,000 employees who deserve better.

2.      As its name implies, ERISA was crafted to protect employee retirement funds.  A recent comprehensive history of ERISA put it this way:

> Employees should not participate in a pension plan for many years only to lose their pension  . . . because their plan did not have the funds to meet its obligations. The major reforms in ERISA—fiduciary standards of conduct, minimum vesting and funding standards, and a government-run insurance program—aimed to ensure that long-service employees actually received the benefits their retirement plan promised.

James Wooten, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, at 3 (U. Cal. 2004).

3.      This class action is brought on behalf of participants and beneficiaries of defined benefit pension plans maintained by CHI and operated as or claimed to be "Church Plans" under

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

ERISA (collectively referred to as the "CHI Plans" or simply the "Plans").  CHI is violating

numerous provisions of ERISA—including underfunding the CHI Plans by over $892 million—

while erroneously claiming that the Plans are exempt from ERISA's protections because they are

"Church Plans."  But none of the CHI Plans meet the definition of a Church Plan because CHI

plainly is not a church or a convention or association of churches and because none of the CHI

Plans was established by a church or convention or association of churches.  That should be the

end of the inquiry under ERISA, resulting in a clear finding that the CHI Plans are not Church

Plans.

4.      Even if, however, these facts were different, and the CHI Plans could otherwise

qualify for Church Plan status, they would be specifically excluded from such status because

substantially all of the participants in the Plans are *not* employed by either the Catholic Church

or an organization that is controlled by or associated with the Catholic Church, within the

meaning of ERISA.  CHI is not controlled by the Catholic Church and, despite its name, is not

"associated with" the Catholic Church within the meaning of ERISA because it does not share

common religious bonds and convictions with the Catholic Church.

5.      A sampling of facts reveals CHI as a non-profit hospital conglomerate, not unlike

other non-profit hospitals.  It is not owned or operated by the Catholic Church and does not

receive funding from the Catholic Church.  It is long since removed from the days when nuns

once ran the hospitals, spread their gospel, and faithfully stewarded retirement assets for their

employees.  Moreover, although not in name, in actuality CHI deliberately chooses to distance

itself from, or even abrogate, many religious convictions of the Catholic Church, when it is in its

economic interest to do so, such as when it hires employees, partners in economic joint ventures,

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

performs or authorizes medical procedures forbidden by the Catholic Church, invests in various business enterprises, encourages divergent and contrary spiritual support to its clients, and defends malpractice suits.

    A.    <u>Employees</u>.  With respect to recruiting and hiring its employees—those who then become the CHI Retirement Plan participants—CHI is regularly asked whether a prospective employee should be Catholic, a question which CHI unequivocally answers in the negative.  Like many employers, CHI promotes itself by insisting that it hires regardless of whether there are any common religious convictions.  In other words, CHI recruits retirement plan participants, in part, by assuring them that their religiosity, or absence thereof, is not relevant.

    B.    <u>Joint Venture Partners</u>.  With respect to its partnering in various joint ventures, CHI similarly does not require religious convictions common to the Catholic Church.  For example, it is in separate joint ventures with at least one Seventh-day Adventist hospital, Methodist hospital and Jewish hospital.  It is axiomatic that the Seventh-day Adventist, Methodist and Jewish religions do not share even the most basic of religious convictions with the Catholic Church, such as the status of Jesus of Nazareth or the authority of the Pope.  And, specifically with regard to health care services, there is a similar clash in beliefs.  For example, Seventh-day Adventist and Methodist hospitals routinely provide vasectomies, but the Catholic Church officially denounces vasectomies as intrinsically immoral, evil, and illegal actions.

    C.    <u>Medical Procedures.</u>  CHI's joint venture partners are not the only ones that engage in hospital procedures which violate Catholic doctrine.  Hospitals inside of

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

CHI's system also perform elective, contraceptive sterilization procedures on patients despite the fact that, as noted above, the Catholic Church officially denounces such procedures as intrinsically immoral, evil, and illegal.

      D.    <u>Other Investments</u>.  With respect to its investing in various enterprises, CHI similarly does not restrict itself to investments related to the Catholic Church.  For example, CHI owns a captive insurance company, owns a boutique Cayman-Island-based captive management company, and plans to operate a venture capital group to invest in various high risk fields.

      E.    <u>Spiritual Guidance</u>.  With respect to its offering of spiritual support to its clients/patients, CHI specifically chooses not to promote the Catholic faith.  And CHI does not just remain neutral on this issue and allow patients to do as they please with respect to their religiosity, or lack thereof.  Instead, CHI provides non-denominational worship space (as many airports do) and actively encourages its patients to reach out to their own priests, ministers, rabbis or spiritual advisors for guidance.  It is axiomatic that these individuals, whom the CHI clients are encouraged to seek—including the protestant ministers, Jewish rabbis and spiritual advisors—have religious convictions that the Catholic Church views as clear error.

      F.    <u>Defense of Malpractice Suits</u>.  With respect to its attempts to limit its own liability in malpractice suits, CHI takes positions dramatically opposed by the Catholic Church.  For example, it has argued that a 28-week-old fetus is not a person and therefore the death of such fetus resulting from malpractice would give rise to no claim.

CLASS ACTION COMPLAINT
Page 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

6.      In short, CHI operates in most respects like other non-profit hospital conglomerates.  It expressly chooses not to prioritize the convictions of the Catholic Church (i) when it hires its employees—and its CHI Retirement Plan participants, (ii) when it partners with joint venture partners, (iii) when it performs or authorizes medical procedures forbidden by the Catholic Church; (iv) when it selects its business investments, (v) when it encourages its clients to contact myriad priests, ministers, rabbis or spiritual advisors, and (vi) when it defends malpractice suits.

7.      Whether CHI makes these choices without forethought, or whether it makes them deliberately, to satisfy large non-Catholic donors, its employees, its clients/patients, the spiritual community, the secular community, and/or its management, is unknown.

8.      On the other side of the scale is CHI's attempt to claim "Church Plan" status for the CHI Plans—it wants to maintain and impose a religious status not on its employees, or in any of the areas detailed above, but instead only on the *retirement dollars* of its employees.  CHI imposes religion on those retirement dollars because in doing so, according to CHI, it may underfund the CHI Plans by over $892 million and be excused from the necessary protections that ERISA provides.  Fortunately, as set forth below, ERISA does not allow non-Church entities to selectively impose religious status to shirk their responsibility to protect the retirement dollars of their employees.

9.      And, even if the CHI Plans could clear all the ERISA Church Plan hurdles, the Church Plan exemption, as claimed by CHI, is an unconstitutional accommodation under the Establishment Clause of the First Amendment, and is therefore void and ineffective.  It harms

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

CHI employees, unfairly disadvantages CHI competitors, and accommodates no undue burden caused by ERISA on any CHI religious practices.

10.     It is worth noting in this Summary that this case is not akin to the disputes concerning mandatory contraceptive coverage by religious institutions.  ERISA does not require retirement plans to afford protections to employees that may be contrary to religious doctrine. In fact, when it was in its interest to do so, CHI specifically elected to comply with ERISA as to other benefit plans it offers to its employees.

11.     CHI's claim of Church Plan status for its defined benefit pension plan fails under both ERISA and the First Amendment.  That is what this case is about.

12.     Plaintiff seeks an Order requiring CHI to comply with ERISA and afford the Class all the protections of ERISA with respect to the CHI Plans, as well as an Order finding that the Church Plan exemption, as claimed by CHI, is unconstitutional because it violates the Establishment Clause of the First Amendment.

## II.   JURISDICTION AND VENUE

13.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

14.     This Court has personal jurisdiction over Defendant CHI because CHI is headquartered and transacts business in, and has significant contacts with, this District, and because ERISA provides for nationwide service of process.  ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

CLASS ACTION COMPLAINT
Page 6

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

15.     This Court has personal jurisdiction over Defendant Patricia G. Webb because, upon information and belief, she is an Officer of CHI and works in its Denver office, and because ERISA provides for nationwide service of process.  *Id.*

16.     This Court has personal jurisdiction over Defendant Carol Keenan because, upon information and belief, she is an Officer of CHI, and because ERISA provides for nationwide service of process.  *Id.*

17.     Venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because (a) the Plans are administered in this District, (b) some or all of the violations of ERISA took place in this District, and/or (c) CHI  may be found in this District.

18.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because CHI is headquartered in this District, and systematically and continuously does business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

### III.   PARTIES

19.     <u>Plaintiff</u>.  Plaintiff Janeen Medina was an employee of CHI from 1986 until 2003. Plaintiff Medina is a participant in a pension plan maintained by CHI because she is or will become eligible for pension benefits under the Plan to be paid at normal retirement age. Additionally and alternatively, Plaintiff has a colorable claim to benefits under a pension plan maintained by CHI and is a participant within the meaning of ERISA section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action with respect to the CHI Plans pursuant to ERISA sections 502(a)(1)(A) and (B), (a)(2), (a)(3), and (c)(1) and (3), 29 U.S.C. § 1132(a)(1)(A) and (B), (a)(2), (a)(3), and (c)(1) and (3).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

20.    <u>Defendant CHI</u>.  CHI is a 501(c)(3) non-profit corporation organized under, and governed by, the Colorado Corporations and Associations laws, including Articles 121 to 137 thereof, the Colorado Nonprofit Corporation Act.  CHI is headquartered in Englewood, Colorado.  CHI is the employer responsible for maintaining the CHI Plans and is, therefore, the plan sponsor of the CHI Plans within the meaning of ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B).

21.    <u>Defendant Patricia G. Webb</u>.  Defendant Webb is Senior Vice President and Chief Human Resources Officer for CHI, and she has held that position since January 2011.  Prior to Defendant Webb, the person who held her position was paid an annual salary in excess of $630,000.  Upon information and belief, Defendant Webb's job responsibilities include fiduciary oversight of the CHI Plans, and Defendant Webb is a fiduciary of the Plans within the meaning of ERISA.

22.    <u>Defendant Carol Keenan</u>.  Defendant Keenan is Vice President of Human Resources for CHI.  In 2010 Defendant Keenan was paid an annual salary in excess of $380,000.  Upon information and belief, Defendant Keenan's responsibilities include fiduciary oversight of the CHI Plans, and Defendant Keenan is a fiduciary of the Plans within the meaning of ERISA.

23.    <u>Defendants John and Jane Does 1-20</u>.  Defendants John and Jane Does 1-20 are individuals who through discovery are found to have fiduciary responsibilities with respect to the CHI Plans and are fiduciaries within the meaning of ERISA.  These individuals will be added by name as defendants in this action upon motion by Plaintiff at an appropriate time.  Defendants Webb, Keenan, and John and Jane Does 1-20 are referred to herein collectively as the "Individual Defendants."

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## IV.   THE BACKGROUND OF THE CHURCH PLAN EXEMPTION

### A.   The Adoption of ERISA

24.     Following years of study and debate, and broad bi-partisan support, the Congress adopted ERISA in 1974, and the statute was signed into law by President Ford on Labor Day of that year. Among the factors that led to the enactment of ERISA were the widely publicized failures of certain defined benefit pension plans, especially the plan for employees of Studebaker Corporation, an automobile manufacturing company which defaulted on its pension obligations in 1965. *See generally* John Langbein *et al*., PENSION AND EMPLOYEE BENEFIT LAW 78-83 (2010) ("The Studebaker Incident").

25.     As originally adopted in 1974, and today, ERISA protects the retirement savings of pension plan participants in a variety of ways. As to participants in traditional defined benefit pension plans, such as the plans at issue here, ERISA mandates, among other things, that such plans be currently funded and actuarially sound, that participants' accruing benefits vest pursuant to certain defined schedules, that the administrators of the plan report certain information to participants and to government regulators, that the fiduciary duties of prudence, diversification, loyalty, and so on apply to those who manage the plans, and that the benefits promised by the plans be guaranteed, up to certain limits, by the Pension Benefit Guaranty Corporation. *See, e.g.*, ERISA §§ 303, 203, 101-106, 404-406, 409, 4007, 4022, 29 U.S.C. §§ 1083, 1053, 1021-1026, 1104-1106, 1109, 1307, 1322.

26.     ERISA is centered on pension plans, and particularly defined benefit pension plans, as is reflected in the very title of the Act, which addresses "retirement income security." However, ERISA also subjects to federal regulation defined contribution pension plans (such as

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

401(k) plans) and welfare plans, which provide health care, disability, severance and related non-retirement benefits. ERISA § 3(34) and (1), 29 U.S.C. § 1002(34) and (1).

**B.     The Scope of the Church Plan Exemption in 1974**

27.     As adopted in 1974, ERISA provided an exemption for certain plans, in particular governmental plans and Church Plans. Plans that met the statutory definitions were exempt from all of ERISA's substantive protections for participants. ERISA § 4(a) and (b), 29 U.S.C. § 1003(a) and (b).

28.     ERISA defined a Church Plan as a plan "established and maintained for its employees by a church or by a convention or associations of churches."[1]

29.     Under the 1974 legislation, although a Church Plan was required to be established and maintained by a church, it could also include employees of certain pre-existing agencies of such church, but only until 1982. ERISA § 3(33)(C) (1974), 29 U.S.C. § 1002(33)(C) (1974) (current version as amended at 29 U.S.C. § 1002(33) (West 2013)). Thus, under the 1974 legislation, a pension plan that was not established and maintained by a church could not be a Church Plan. *Id.*

**C.     The Changes to the Church Plan Exemption in 1980**

30.     Church groups had two major concerns about the definition of "Church Plans" in ERISA as adopted in 1974. The first, and far more important, concern was that Church Plans after 1982 could not include the lay employees of agencies of a church. The second concern that

---

[1] ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A). ERISA is codified in both the labor and tax provisions of the United States Code, titles 29 and 26 respectively.  Many ERISA provisions appear in both titles.  For example, the essentially identical definition of Church Plan in the Internal Revenue Code is found at 26 U.S.C. § 414(e).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

arose in the church community after 1974 was more technical.  Under the 1974 statute, all

Church Plans, single-employer or multiemployer, had to be "established and maintained" by a

church or a convention/association of churches.  This ignored the role of the churches' financial

services organizations in the day-to-day management of the pension plans. In other words,

although Church Plans were "established" by a church, in practice they were often "maintained"

by a separate financial services organization of the church, usually incorporated and typically

called a church "pension board."

31.     These two concerns ultimately were addressed when ERISA was amended in

1980 in various respects, including a change in the definition of "Church Plan." Multiemployer

Pension Plan Amendments Act of 1980 ("MPPAA"), P.L. 96-364. The amended definition is

current law.

32.     As to the first concern (regarding employees of agencies of a church), Congress

included a new definition of "employee" in subsection (C)(ii)(II) of section 3(33) of ERISA. 29

U.S.C. § 1002(33)(C)(ii)(II) (1980) (current version at 29 U.S.C. § 1002(33)(C)(ii)(II) (West

2013)).  As amended, an "employee" of a church or a convention/association of churches

includes an employee of an organization "which is controlled by or associated with a church or a

convention or association of churches." *Id.*  The phrase "associated with" is then defined in

ERISA section 3(33)(C)(iv) to include only those organizations that "share[] common religious

bonds and convictions with that church or convention or association of churches."  29 U.S.C. §

1002(33)(C)(iv) (1980) (current version at 29 U.S.C. § 1002(33)(C)(iv) (West 2013)).  Although

this new definition of "employee" permitted a "Church Plan" to include among its participants

employees of organizations controlled by or associated with the church, convention, or

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

association of churches, it remains the case that a plan covering such "employees" cannot qualify as a "Church Plan" unless it was "established by" the church, convention, or association of churches.  ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A) (West 2013).

33.     As to the second concern (regarding plans "maintained by" a separate church pension board), the 1980 amendments spoke to the issue as follows:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, *the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits*, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

ERISA § 3(33)(C)(i) (1980), 29 U.S.C. § 1002(33)(C)(i) (1980) (emphasis added) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2013)).  Accordingly, under this provision, a plan "established" by a church or by a convention or association of churches could retain its "Church Plan" status even if the plan was "maintained by" a distinct organization, so long as (1) "the principal purpose or function of [the organization] is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits"; and (2) the organization is "controlled by or associated with" the church or convention or association of churches.  ERISA § 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i) (1980) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2013)).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

34.     This church "pension board" clarification has no bearing on plans that were not "established" by a church or by a convention or association of churches.  Thus, a plan "established" by an organization "controlled by or associated with" a church would not be a "Church Plan" because it was not "established" by a church or by a convention or association of churches.

35.     Further, this "pension board" clarification has no bearing on plans that were not "maintained" by a church pension board.  Thus, even if a plan were "established" by a church, and even if it were "maintained by" an organization "controlled by or associated with" a church, such as a school, hospital, or publishing company, it still would not be a "Church Plan" if the principal purpose of the organization was *other than* the administration or funding of the plan.  In such plans, the plan is "maintained" by the school, hospital or publishing company, and usually through the human resources department of such entity.  It is not maintained by a church pension board: No "organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits" maintains the plan.  *Compare with* ERISA § 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i) (1980) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2013)).

36.     The requirements for Church Plan status under ERISA, both as originally adopted in 1974 and as amended in 1980 are, as explained above, very clear.  And there is no tension between the legislative history of the 1980 amendment and the amendment itself:  The Congress enacted exactly what it wanted to enact.  Fundamental to the scheme, both as originally adopted and as fine-tuned in 1980, was that neither an "affiliate" of a church (using the 1974 language) nor "an organization controlled by or associated with" a church (using the 1980 language) could

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

*itself* establish a Church Plan. Its employees could be *included* in a Church Plan, but if it sponsored its own plan, that was not a Church Plan. With respect to "pension boards," the 1980 legislation simplify clarified the long standing practice that churches could use their own financial organizations to manage their Church Plans.

37.     Unfortunately, in 1983, in response to a request for a private ruling, the Internal Revenue Service ("IRS") issued a short General Counsel Memorandum that misunderstood the statutory framework. The author incorrectly relied on the "pension board" clarification to conclude that a non-church entity could sponsor its own Church Plan as long as the plan was managed by some "organization," that was controlled by or associated with a Church. This of course is not what the statute says, nor what Congress intended. In any event, this mistake was then repeated, often in verbatim language, in subsequent IRS determinations and, after 1990, in DOL determinations. Under the relevant law, these private rulings may only be relied upon by the parties thereto, within the narrow confines of the specific facts then disclosed to the agencies, and are not binding on this Court in any event. A few district court cases have relied on these letters to reach the same erroneous conclusion.

## V.   CHI

### A.   CHI's Operations

38.     Defendant CHI is a Colorado not-for-profit corporation organized under, and governed by, the Colorado Corporations and Associations laws, including Articles 121 to 137 thereof, the Colorado Nonprofit Corporation Act. It operates in 17 states. CHI owns and operates 80 acute care hospitals, 42 long-term care, assisted living and residential facilities, two community health-services organizations, two accredited nursing colleges, and home health

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

agencies.  As of its fiscal 2012 year end, CHI had approximately $15 billion in assets, and operating revenues of approximately $9.8 billion.

39.     CHI is comprised of 29 market-based organizations, including five that are operated under the terms of joint operating agreements, and multiple other joint ventures. Approximately 24% of CHI's capital budget for fiscal year 2013 is allocated to strategic growth and joint operating agreements.

40.     CHI employs approximately 78,000 employees.

41.     CHI owns a captive insurance company, First Initiatives Insurance, Ltd. in the Cayman Islands, as well as an entity called Captive Management Initiatives, LLC, which is a boutique captive management operation also based in the Cayman Islands.

42.     In September 2012, CHI announced that it intended to operate a venture capital group through which it will invest as much as $200 million in biotechnology, information technology, revenue cycle and clinical engineering, and in companies that support management of risk and population health.

43.     CHI has investments in Ascension Health Ventures, a venture capital arm of Ascension Health.

44.     In 2009, CHI acquired a 25% stake in reference lab operator Pathology Associates Medical Laboratories to expand into the medical testing market.

45.     Like other large non-profit hospital systems, CHI relies upon revenue bonds to raise money, and it has significant sums invested in, among other things, fixed-income securities, equity securities, and hedge funds.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

46.     The management of CHI is comprised primarily of lay people, and Executive

Officers of CHI receive compensation in line with executive officers of other hospital systems.

For example, in 2010 the CHI CEO received reportable compensation of $2,750,773.00.

47.     CHI is not owned by the Catholic Church.  CHI does not receive funding from the

Catholic Church or the other religious organizations that once owned and operated hospitals that

have since been acquired by CHI.

48.     CHI specifically does not limit employment to those of the Catholic faith, but

instead hires employees without any reference to creed or religion.

49.     CHI does not claim to be a church and is not one.

50.     CHI does not impose its beliefs or religious practices on its clients/patients.  In

fact, CHI offers contact with the minister, priest, rabbi, or spiritual leader of their patients'

choosing.  In some of its hospitals, CHI provides a non-denominational chapel, as many airports

do.

51.     CHI has entered into at least the following joint operating agreements and

mergers with health care systems aligned with other religious faiths, most of which have

opposing beliefs on fundamental questions of religious doctrine:

A.     Centura Health, located in Colorado and Kansas, is a joint operating

agreement between CHI and Adventist Health System Sunbelt Healthcare Corporation,

Florida, which claims to be associated with the Seventh-day Adventist Church.

B.     KentuckyOne Health is the merged entity of Jewish Hospital & St. Mary's

HealthCare and Saint Joseph Health System.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

C.    Alegent Creighton Health, the largest private employer in the State of Nebraska, was operated between its creation in 1996 until the end of 2012 through a 50-50 sponsorship between CHI and Immanuel Healthcare System, which claims to be affiliated with the Nebraska Synod of the Evangelical Lutheran Church in America.

D.    TriHealth is a joint operating agreement between CHI and Bethesda Inc. of Cincinnati, which was originally founded by German Methodist deaconesses.

52.    CHI either provides for or facilitates family planning services that are prohibited by the Catholic Church.  Hospitals and physicians within the CHI system provide elective, contraceptive sterilization procedures that the Catholic Church considers intrinsically immoral, evil, and illegal.

53.    CHI purports to disclose, and not keep confidential, its own highly complex financial records.  For example, CHI is required and in some cases has voluntarily elected to comply with a broad array of elaborate state and federal regulations and reporting requirements, including Medicare and Medicaid.  In addition, CHI makes public its consolidated financial statements, which describe CHI's representations as to its own highly complex operations and financial affairs.  Finally, CHI financial information is regularly disclosed to the rating agencies and the public when tax-exempt revenue bonds are issued.

**B.    CHI's Plans**

54.    CHI maintains the CHI Plans, which are non-contributory defined benefit pension plans covering substantially all of its employees.

55.    As of June 30, 2012, the CHI Plans were underfunded by approximately $892.8 million.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

### 1.   CHI's Plans Meet the Definition of an ERISA Defined Benefit Plan

56.     The CHI Plans are plans, funds, or programs that were established or maintained by CHI and which by their express terms and surrounding circumstances provide retirement income to employees and/or result in the deferral of income by employees to the termination of their employment or beyond.  As such, the CHI Plans meet the definition of "employee pension benefit plans" within the meaning of ERISA section 3(2)(A), 29 U.S.C. § 1002(2)(A).

57.     The CHI Plans do not provide for an individual account for each participant and do not provide benefits based solely upon the amount contributed to a participant's account.  As such, the CHI Plans are defined benefit plans within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35), and are not individual account plans or "defined contribution plans" within the meaning of ERISA section 3(34), 29 U.S.C. § 1002(34).

### 2.   CHI is the Plan Sponsor, Plan Administrator and a Fiduciary; and Defendants Webb and Keenan are Fiduciaries

58.     As an employer establishing and/or maintaining the CHI Plans, Defendant CHI is and has been the Plan Sponsor of the CHI Plans within the meaning of ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B), at least since 1996.

59.     Upon information and belief, at least from 1996 to the present, the terms of the instrument, or instruments, under which the CHI Plans are operated do not specifically designate any person as a Plan Administrator sufficient to meet the requirements of ERISA section 402, 29 U.S.C. § 1102.

60.     In the absence of a Plan Administrator specifically designated in or pursuant to any instrument governing the Plans, the Plan Sponsor of the CHI Plans is the Plan Administrator, under ERISA section 3(16)(A)(ii), 29 U.S.C. § 1002(16)(A)(ii).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

61.     As Defendant CHI is and has been the Plan Sponsor of the CHI Plans, Defendant

CHI was also the Plan Administrator of the Plans within the meaning of ERISA section

3(16)(A), 29 U.S.C. § 1002(16)(A).  As such, Defendant CHI also is and has been a fiduciary

with respect to the Plans within the meaning of ERISA section 3(21)(A)(iii), 29 U.S.C. §

1002(21)(A)(iii), because the Plan Administrator, by the very nature of the position, has

discretionary authority or responsibility in the administration of the Plans.

62.     Defendant CHI is also a fiduciary with respect to the CHI Plans within the

meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercises discretionary

authority or discretionary control respecting management of the CHI Plans, exercises authority

and control respecting management or disposition of the CHI Plans' assets, and/or has

discretionary authority or discretionary responsibility in the administration of the CHI Plans.

63.     Defendant Webb, as the Senior Vice President and Chief Human Resources

Officer of CHI, is also a fiduciary with respect to the CHI Plans within the meaning of ERISA

section 3(21)(A), 29 U.S.C. § 1002(21)(A), because, upon information and belief, she exercises

discretionary authority or discretionary control respecting management of the CHI Plans,

exercises authority and control respecting management or disposition of the CHI Plans' assets,

and/or has discretionary authority or discretionary responsibility in the administration of the CHI

Plans.

64.     Defendant Keenan, as the Vice President of  Human Resources of CHI, is also a

fiduciary with respect to the CHI Plans within the meaning of ERISA section 3(21)(A), 29

U.S.C. § 1002(21)(A), because, upon information and belief, she exercises discretionary

authority or discretionary control respecting management of the CHI Plans, exercises authority

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

and control respecting management or disposition of the CHI Plans' assets, and/or has

discretionary authority or discretionary responsibility in the administration of the CHI Plans.

65.     Although CHI, including specifically through its Human Resources Department,

maintains that its defined benefit pension plans are exempt from ERISA coverage as Church

Plans, it claims ERISA status for its 401(k) plans, welfare benefit plans, long term disability

plans, and for its defined benefit plan for its for-profit entities.

### 3.      The CHI Plans Are Not Church Plans

66.     CHI claims the CHI Plans are Church Plans under ERISA section 3(33), 29

U.S.C. § 1002(33), and the analogous section of the Internal Revenue Code ("IRC"), and are

therefore exempt from ERISA's coverage under ERISA section 4(b)(2), 29 U.S.C. § 1003(b)(2).

### a.      Only Two Types of Plans May Qualify as Church Plans and the CHI Plans are Neither

67.     Under section 3(33) of ERISA, 29 U.S.C. § 1002(33), only the following two

types of plans may qualify as Church Plans:

- First, under section 3(33)(A) of ERISA, 29 U.S.C. § 1002(33)(A), a plan *established and maintained* by a church or by a convention or association of churches, can qualify under certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29 U.S.C. § 1002(33)(B); and

- Second, under section 3(33)(C)(i) of ERISA, 29 U.S.C. § 1002(33)(C)(i), a plan *established* by a church or by a convention or association of churches that is *maintained* by an organization, *the principal purpose or function of which* is the administration or funding of a retirement plan, if such organization is controlled by or associated with a church or convention or association of churches, can qualify under

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29

U.S.C. § 1002(33)(B).

Both types of plans must be "established" by a church or by a convention or association of

churches in order to qualify as "Church Plans."

68.     Although other portions of ERISA section 3(33)(C) address, among other matters,

who can be *participants* in Church Plans—in other words, which employees can be in Church

Plans, etc.—these other portions of ERISA section 3(33)(C) do not add any other type of *plan*

that can be a Church Plan.  29 U.S.C. § 1002(33)(C).  The only two types of plans that can

qualify as Church Plans are those described in ERISA section 3(33)(A) and in section

3(33)(C)(i).  29 U.S.C. §§ 3(33)(A) and (C)(i).  The CHI Plans do not qualify as Church Plans

under either ERISA section 3(33)(A) or section 3(33)(C)(i).  29 U.S.C. §§ 3(33)(A) or (C)(i).

69.     First, under ERISA section 3(33)(A), a Church Plan is "a plan established and

maintained for its employees by a church or by a convention or association of churches which is

exempt from tax under section 501 of title 26." ERISA § 3(33)(A), 29 U.S.C. § 1002(33)(A).

70.     The CHI Plans at issue here are not Church Plans as defined in ERISA section

3(33)(A), 29 U.S.C. § 1002(33)(A), because the CHI Plans were established and maintained by

CHI for its own employees.  Because CHI is not a church or a convention or association of

churches, nor does it claim to be, the CHI Plans were not "established and maintained by" a

church or by a convention or association of churches and were not maintained for employees of

any church or convention or association of churches.  That is the end of the inquiry under ERISA

section 3(33)(A), 29 U.S.C. § 1002(33)(A).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

71.     Second, under ERISA section 3(33)(C)(i), a Church Plan also includes a plan "established" by a church or by a convention or association of churches that is "maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches."  ERISA § 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

72.     The CHI Plans are not Church Plans as defined in ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because the CHI Plans were not "established" by a church or by a convention or association of churches.  Moreover, the CHI Plans do not qualify as "Church Plans" under section 3(33)(C)(i) because they were maintained by CHI, whose principal purpose or function is not the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both.  Instead, the principal purpose of CHI is to own and operate hospitals and healthcare related entities.  This ends any argument that the CHI Plans could be Church Plans under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

73.     However, even if the CHI Plans had been "established" by a church and even if the principal purpose or function of CHI *was* the administration or funding of the CHI Plans (instead of running a hospital conglomerate), the CHI Plans still would not qualify as Church Plans under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because the principal purpose of the Plans is not to provide retirement or welfare benefits *to employees of a church or convention or association of churches*.  The 78,000 participants in the CHI Plans work for CHI, a

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

non-profit hospital conglomerate. CHI is not a church or convention or association of churches, and its employees are not employees of a church or convention or association of churches.

74.     Under ERISA section 3(33)(C)(ii), 29 U.S.C. § 1002(33)(C)(ii), however, an employee of a tax exempt organization that is controlled by or associated with a church or a convention or association of churches also may be considered an employee of a church.  But the CHI Plans also fail this part of the definition, because CHI is not controlled by or associated with a church or convention of churches within the meaning of ERISA.

75.     Though this fact may be disputed by CHI, CHI is not an entity that is controlled by a church or convention or association of churches.  CHI is not owned or operated by the Catholic Church and does not receive funding from the Catholic Church.[2]

76.     Moreover, CHI is not "associated with" a church or convention or association of churches.  Under ERISA section 3(33)(C)(iv), 29 U.S.C. § 1002(33)(C)(iv), an organization "is associated with a church or a convention or association of churches if it shares common religious bonds and convictions with that church or convention or association of churches."  CHI does not share common religious bonds and convictions with a church or association of churches. Instead, it purports to share only some religious convictions with the Catholic Church, while deliberately choosing to distance itself from, and/or deny, other religious convictions of the Catholic Church when it is in its economic interest to do so, such as when it hires employees, partners in economic joint ventures; performs or authorizes medical procedures forbidden by the

_____

[2] Notably, if CHI was "controlled by" the Catholic Church, then the Catholic Church itself would be exposed to significant potential liability stemming from medical malpractice and other legal claims related to the provision of medical care by CHI.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Catholic Church; invests in various business enterprises; encourages divergent and contrary

spiritual support to its patients; and defends malpractice suits.

77.     The Catholic Church insists, for example, that the mystery of Christ be a part of

every facet of a Catholic healthcare ministry, including by animating health care with the Gospel

of Jesus Christ and seeing death as an opportunity to have communion with Christ.  Further, the

Catholic Church requires that its healthcare employees, *as a condition of employment*, agree that

their services be animated by the Gospel of Jesus Christ.  CHI, however, specifically chooses not

to make animation of healthcare through the Gospel of Jesus Christ a condition of employment.

In fact, CHI touts its non-denominational employment policies to prospective employees,

informing them that Catholic faith is not a factor in the hiring process.  Indeed, CHI recruits and

hires from the greatest employment pool possible—one not restricted by any faith—in an attempt

to hire the most qualified healthcare workers.   CHI partners in economic joint ventures with

entities that engage in sterilization practices such as tubal ligation and vasectomy, when these

practices are considered immoral, illegal, and evil by the Catholic Church.  Moreover, CHI's

joint venture partners are not the only ones that provide hospital procedures which violate

Catholic doctrine.  Data indicate that between 2007 and 2009, hospitals in the CHI system

performed more than 800 elective, contraceptive sterilization procedures on patients in

contravention of Catholic directives.

78.     CHI owns an insurance company and includes investing in high risk venture

capital projects as part of its business plan, neither of which are animated by the Gospel of Jesus

Christ.  Perhaps most unlike a church, CHI touts non-denominational chapels and *encourages* its

clients to seek the faith of their own choosing, including Judaism and other faiths that the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Catholic Church views as clear error.  Finally, CHI takes legal positions diametrically opposed

by the Catholic Church, in order to limit its exposure in malpractice suits, including by arguing

that a 28-week-old fetus is not a person.  So while CHI may purport to share common religious

bonds and convictions with the Catholic Church, it in fact only *selectively chooses to share a*

*bare few such bonds and convictions*, and ignores or abandons Catholic convictions when it is in

its economic interest to do so.

79.     Accordingly, CHI is not "associated with" the Catholic Church within the

meaning of ERISA section 3(33)(C)(iv), 29 U.S.C. § 1002(33)(C)(iv), and thus its employees are

not "employees" of a church or convention or association of churches within the meaning of

ERISA section 3(33)(C)(ii), 29 U.S.C. § 1002(33)(C)(ii).  Because the CHI Plans were not

established and maintained for the provision of retirement benefits for "employees of a church or

convention or association of churches," the CHI Plans fail to qualify as "Church Plans" under

ERISA section 3(33)(C)(i).  29 U.S.C. § 1002(33)(C)(i).

80.     The CHI Plans further fail to satisfy the requirements of ERISA section

3(33)(C)(i) because this section requires the organization that maintains the plans to be

"controlled by or associated with" a church or convention or association of churches within the

meaning of ERISA.  29 U.S.C. § 1002(33)(C)(i).  Thus, even if (1) the church had "established"

the CHI Plans (which it did not); (2) the principal purpose or function of CHI was the

administration or funding of the CHI Plans (instead of running a hospital conglomerate); and (3)

CHI's employees were employees of a church or convention or association of churches (which

they are not), the CHI Plans still would not qualify as Church Plans under ERISA section

3(33)(C)(i) because—for the reasons outlined above—CHI is not *controlled by or associated*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

*with* a church or convention or association of churches within the meaning of ERISA.  29 U.S.C. § 1002(33)(C)(i).

81.     Finally, even if CHI were "controlled by or associated with" a church, and thus its employees were deemed "employees" of a church under ERISA section 3(33)(C)(ii)(2), and even if the CHI Plans were "maintained by" either a church or "pension board" satisfying the requirements of ERISA section 3(33)(C)(i), the CHI Plans would still not be "Church Plans" because *all* "Church Plans" must be "established" by a church or by a convention or association of churches.  29 U.S.C. §§ 1002(33)(A), (C)(i).  Although a church may be deemed an "employer" of the employees of an organization that it "controls" or with which it is "associated," *see* ERISA § 3(33)(C)(iii), 29 U.S.C. § 1002(33)(C)(iii), nothing in ERISA provides that the church may be deemed to have "established" a retirement plan that was in fact established by the "controlled" or "associated" organization.   Accordingly, because CHI established the CHI Plans, the plans cannot be "Church Plans" within the meaning of ERISA.

> **b.     Even *if* the CHI Plans Could Otherwise Qualify as Church Plans under ERISA Sections 3(33)(A) or (C)(i), They are Excluded From Church Plan Status under ERISA Section 3(33)(B)(ii)**

82.     Under ERISA section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii), a plan is specifically excluded from Church Plan status if less than substantially all of the plan participants are members of the clergy or employed by an organization controlled by or associated with a church or convention or association of churches.  In this case, there are approximately 78,000 participants in the CHI Plans, and very nearly all of them are non-clergy healthcare workers.

83.     If the approximately 78,000 participants in the CHI Plans do not work for an organization that is controlled by or associated with a church or convention or association of

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

churches, then even if the CHI Plans could otherwise qualify as Church Plans under ERISA section 3(33)(A) or (C)(i), they still would be foreclosed from Church Plan status under section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii).

84.     As set forth above, CHI is not controlled by a church or association of churches, nor does it share common religious bonds and convictions with a church or association of churches.  Instead, it purports to share only some religious convictions with the Catholic Church, while deliberately choosing to distance itself from, and/or deny, other religious convictions of the Catholic Church, when it is in its economic interest to do so.

> **c.      Even *if* the CHI Plans Could Otherwise Qualify as Church Plans under ERISA, the Church Plan Exemption, as Claimed By CHI, Violates the Establishment Clause of the First Amendment of the Constitution, and Is Therefore Void and Ineffective**

85.     The Church Plan exemption is an accommodation *for churches* that establish and maintain pension plans, and it allows such plans to be exempt from ERISA.  As set forth in more detail below in Count VIII, the extension of that accommodation to CHI, which is not a church, violates the Establishment Clause because it harms CHI workers, puts CHI competitors at an economic disadvantage, and relieves CHI of no genuine religious burden created by ERISA. Accordingly, the Church Plan exemption, as claimed by CHI, is void and ineffective.

## VI.   CLASS ALLEGATIONS

86.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class of persons similarly situated:  All participants or beneficiaries of any CHI Retirements Plans operated as or claimed by CHI to be Church Plans as of the date of the filing of this Complaint.  Excluded from the Class are any high-level executives at CHI or any employees who have responsibility or

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

involvement in the administration of the Plan, or who are subsequently determined to be fiduciaries of one or more of the CHI Plans, including the Individual Defendants.

## A.       Numerosity

87.       The exact number of Class members is unknown to Plaintiff at this time, but may be readily determined from records maintained by CHI.  CHI currently employs approximately 78,000 individuals.  Upon information and belief, many if not all of those persons are likely members of the Class, and thus the Class is so numerous that joinder of all members is impracticable.

88.       Defendant CHI operates hospitals, other healthcare facilities, and corporate offices in the states of Arkansas, Colorado, Iowa, Kansas, Kentucky, Maryland, Minnesota, Nebraska, New Jersey, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Tennessee, Washington, and Wisconsin.  Upon information and belief, CHI's employees and, therefore, the members of the Class are geographically dispersed across at least the states of: Arkansas, Colorado, Iowa, Kansas, Kentucky, Maryland, Minnesota, Nebraska, New Jersey, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Tennessee, Washington, and Wisconsin.

## B.       Commonality

89.       The issues regarding liability in this case present common questions of law and fact, with answers that are common to all members of the Class, including (1) whether the Plans are exempt from ERISA as Church Plans, and, if not, (2) whether the fiduciaries of the Plans have failed to administer and fund the Plans in accordance with ERISA.

90.       The issues regarding the relief are also common to the members of the Class as the relief will consist of (1) a declaration that the Plans are ERISA covered plans; (2) an order

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

requiring that the Plans comply with the administration and funding requirements of ERISA; and (3) an order requiring CHI to pay civil penalties to the Class, in the same statutory daily amount for each member of the Class.

## C.    Typicality

91.    Plaintiff's claims are typical of the claims of the other members of the Class because her claims arise from the same event, practice and/or course of conduct, namely Defendants' failure to maintain the Plans in accordance with ERISA.  Plaintiff's claims are also typical because all Class members are similarly affected by Defendants' wrongful conduct.

92.     Plaintiff's claims are also typical of the claims of the other members of the Class because, to the extent Plaintiff seeks equitable relief, it will affect all Class members equally. Specifically, the equitable relief sought consists primarily of (i) a declaration that the CHI Plans are not Church Plans; and (ii) a declaration that the CHI Plans are ERISA covered plans that must comply with the administration and funding requirements of ERISA.  In addition, to the extent Plaintiff seeks monetary relief, it is for civil fines to the Class in the same statutory daily amount for each member of the Class.

93.    CHI does not have any defenses unique to Plaintiff's claims that would make Plaintiff's claims atypical of the remainder of the Class.

## D.    Adequacy

94.    Plaintiff will fairly and adequately represent and protect the interests of all members of the Class.

95.    Plaintiff does not have any interests antagonistic to or in conflict with the interests of the Class.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

96.     Defendant CHI and the Individual Defendants have no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

97.     Plaintiff has engaged counsel with extensive experience prosecuting class actions in general and ERISA class actions in particular.

**E.     Rule 23(b)(1) Requirements**

98.     The requirements of Rule 23(b)(1)(A) are satisfied because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants.

99.     The requirements of Rule 23(b)(1)(B) are satisfied because adjudications of these claims by individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede the ability of other members of the Class to protect their interests.

**F.     Rule 23(b)(2) Requirements**

100.    Class action status is also warranted under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

**G.     Rule 23(b)(3) Requirements**

101.    If the Class is not certified under Rule 23(b)(1) or (b)(2) then certification under (b)(3) is appropriate because questions of law or fact common to members of the Class predominate over any questions affecting only individual members.  The common issues of law or fact that predominate over any questions affecting only individual members include: (1)

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

whether the Plans are exempt from ERISA as Church Plans, and, if not, (2) whether the fiduciaries of the Plans have failed to administer and fund the Plans in accordance with ERISA; and (3) whether the Church Plan exemption, as claimed by CHI, violates the Establishment Clause of the First Amendment. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

A.      Individual class members do not have an interest in controlling the prosecution of these claims in individual actions rather than a class action because the equitable relief sought by any Class member will either inure to the benefit of the Plan or affect each class member equally;

B.      Individual Class members also do not have an interest in controlling the prosecution of these claims because the monetary relief that they could seek in any individual action is identical to the relief that is being sought on their behalf herein;

C.       There is no other litigation begun by any other Class members concerning the issues raised in this litigation;

D.      This litigation is properly concentrated in this forum, which is where Defendant CHI is headquartered; and

E.      There are no difficulties managing this case as a class action.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

## VII.   CAUSES OF ACTION

### COUNT I
### (Claim for Equitable Relief Pursuant to ERISA Section 502(a)(3) Against Defendant CHI)

102.    Plaintiff repeats and re-alleges the allegations contained in all foregoing

paragraphs herein.

103.    ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or

beneficiary to bring a civil action to obtain "appropriate equitable relief ... to enforce any

provisions of this title."  Pursuant to this provision, and 28 U.S.C. §§ 2201 and 2202, and Federal

Rule of Civil Procedure 57, Plaintiff seeks declaratory relief that the CHI Plans are not Church

Plans within the meaning of ERISA section 3(33), 29 U.S.C. § 1002(33), and thus are subject to

the provisions of Title I and Title IV of ERISA.

104.    ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), also authorizes a participant or

beneficiary to bring a civil action to "(A) to enjoin any act or practice which violates any

provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief

(i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of

the plan."  Pursuant to these provisions, Plaintiff seeks orders directing the CHI Plans' sponsor

and administrator, CHI, to bring the CHI Plans into compliance with ERISA, including the

reporting, vesting, and funding requirements of Parts 1, 2 and 3 of Title I of ERISA, 29 U.S.C.

§§ 1021-31, 1051-61, 1081-85.

105.    As the CHI Plans are not Church Plans within the meaning of ERISA section

3(33), 29 U.S.C. § 1002(33), and meet the definition of a pension plan under ERISA section

3(2), 29 U.S.C. § 1002(2), each of the CHI Plans should be declared to be an ERISA-covered

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

pension plan, and the CHI Plans' sponsor, CHI, should be ordered to bring the CHI Plans into

compliance with ERISA, including by remedying the violations set forth below.

## COUNT II
### (Claim for Violation of Reporting and Disclosure Provisions Against Defendant CHI)

106.    Plaintiff incorporates and re-alleges by reference the foregoing paragraphs as if

fully set forth herein.

### 1.    Summary Plan Descriptions

107.    At no time has CHI provided Plaintiff or any member of the Class with a

Summary Plan Description with respect to the CHI Plans that meets the requirements of ERISA

section 102, 29 U.S.C. § 1022, and the regulations promulgated thereunder.

108.    Because CHI has been the Plan Administrator of the Plans at all relevant times, it

violated ERISA section 104, 29 U.S.C. § 1024, by failing to provide Plaintiff and members of

the Class with adequate Summary Plan Descriptions.

### 2.    Annual Reports

109.    At no time has CHI filed an annual report with respect to the CHI Plans with the

Secretary of Labor in compliance with ERISA section 103, 29 U.S.C. § 1023, or a Form 5500

and associated schedules and attachments which the Secretary has approved as an alternative

method of compliance with ERISA section 103, 29 U.S.C. § 1023.

110.    Because CHI has been the Plan Administrator of the CHI Plans at all relevant

times, CHI has violated ERISA section 104(a), 29 U.S.C. § 1024(a), by failing to file annual

reports with respect to the CHI Plans with the Secretary of Labor in compliance with ERISA

section 103, 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments that the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Secretary has approved as an alternate method of compliance with ERISA section 103, 29 U.S.C. § 1023.

### 3.     Summary Annual Reports

111.    At no time has CHI furnished Plaintiff or any member of the Class with a Summary Annual Report with respect to the CHI Plans in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

112.    Because CHI has been the Plan Administrator of the CHI Plans at all relevant times, CHI has violated ERISA section 104(b)(3), 29 U.S.C. § 1024(b)(3), by failing to furnish Plaintiff or any member of the Class with a Summary Annual Report with respect to the CHI Plans in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

### 4.     Notification of Failure to Meet Minimum Funding

113.    At no time has CHI furnished Plaintiff or any member of the Class with a Notice with respect to the CHI Plans pursuant to ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), informing them that CHI had failed to make payments required to comply with ERISA section 302, 29 U.S.C. § 1082, with respect to the CHI Plans.

114.    Defendant CHI has been the employer that established and/or maintained the CHI Plans.

115.    At no time has Defendant CHI funded the CHI Plans in accordance with ERISA section 302, 29 U.S.C. § 1082.

116.    As the employer maintaining the CHI Plans, Defendant CHI has violated ERISA section 302, 29 U.S.C. § 1082, by failing to fund the CHI Plans, is liable for its own violations of

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), and as such may be required by the Court to pay Plaintiff and each class member up to $110 per day (as permitted by 29 C.F.R. section 2575.502(c)(3)) for each day that Defendant has failed to provide Plaintiff and each Class member with the notice required by ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1).

### 5.   Funding Notices

117.   At no time has CHI furnished Plaintiff or any member of the Class with a Funding Notice with respect to the CHI Plans pursuant to ERISA section 101(f), 29 U.S.C. § 1021(f).

118.   At all relevant times, Defendant CHI has been the administrator of the CHI Plans.

119.   As the administrator of the CHI Plans, Defendant CHI has violated ERISA section 101(f) by failing to provide each participant and beneficiary of the CHI Plans with the Funding Notice required by  ERISA section 101(f), and as such may be required by the Court to pay Plaintiff and each class member up to $110 per day (as permitted by 29 C.F.R. section 2575.502(c)(3)) for each day that Defendant has failed to provide Plaintiff and each Class member with the notice required by ERISA section 101(f).  29 U.S.C. § 1021(f).

### 6.   Pension Benefit Statements

120.   At no time has CHI furnished Plaintiff or any member of the Class with a Pension Benefit Statement with respect to the CHI Plans pursuant to ERISA section 105(a)(1), 29 U.S.C. § 1025(a)(1).

121.   At all relevant times, Defendant CHI has been the administrator of the CHI Plans.

122.   As the administrator of the CHI Plans, Defendant CHI has violated ERISA section 105(a)(1) and as such may be required by the Court to pay Plaintiff and each class member up to $110 per day (as permitted by 29 C.F.R. section 2575.502(c)(3)) for each day that

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Defendant has failed to provide Plaintiff and each Class member with the Pension Benefit Statements  required by ERISA section 105(a)(1).  29 U.S.C. § 1025(a)(1).

## COUNT III
### (Claim for Failure to Provide Minimum Funding Against Defendant CHI)

123.     Plaintiff incorporates and re-alleges by reference the foregoing paragraphs as if fully set forth herein.

124.     ERISA section 302, 29 U.S.C. § 1082, establishes minimum funding standards for defined benefit plans that require employers to make minimum contributions to their plans so that each plan will have assets available to fund plan benefits if the employer maintaining the plan is unable to pay benefits out of its general assets.

125.     As the employer maintaining the Plans, CHI was responsible for making the contributions that should have been made pursuant to ERISA section 302, 29 U.S.C. § 1082, at a level commensurate with that which would be required under ERISA.

126.     Since at least 1996, CHI has failed to make contributions in satisfaction of the minimum funding standards of ERISA section 302, 29 U.S.C. § 1082.

127.     By failing to make the required contributions to the CHI Plans, either in whole or in partial satisfaction of the minimum funding requirements established by ERISA section 302, Defendant CHI has violated ERISA section 302.  29 U.S.C. § 1082.

## COUNT IV
### (Claim for Failure to Establish the Plans Pursuant to a Written Instrument Meeting the Requirements of ERISA Section 402 Against Defendant CHI)

128.     Plaintiff incorporates and re-alleges by reference the foregoing paragraphs as if fully set forth herein.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

129.   ERISA section 402, 29 U.S.C. § 1102, provides that every plan will be established pursuant to a written instrument which will provide among other things "for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan" and will "provide a procedure for establishing and carrying out a funding policy and method constituent with the objectives of the plan and the requirements of [Title I of ERISA]."

130.   Although the benefits provided by the CHI Plans were described to the employees and retirees of CHI (and/or its affiliates and subsidiaries) in various written communications, the CHI Plans have never been established pursuant to a written instrument meeting the requirements of ERISA section 402, 29 U.S.C. § 1102.

131.   As Defendant CHI has been responsible for maintaining the CHI Plans and has amendment power over the CHI Plans, Defendant CHI violated section 402 by failing to promulgate written instruments in compliance with ERISA section 402 to govern the CHI Retirement Plans' operations and administration.  29 U.S.C. § 1102.

## COUNT V
### (Claim for Failure to Establish a Trust Meeting the Requirements of ERISA Section 403 Against Defendant CHI)

132.   Plaintiff incorporates and re-alleges by reference the foregoing paragraphs as if fully set forth herein.

133.   ERISA section 403, 29 U.S.C. § 1103, provides, subject to certain exceptions not applicable here, that all assets of an employee benefit plan shall be held in trust by one or more trustees, that the trustees shall be either named in the trust instrument or in the plan instrument

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

described in section 402(a), 29 U.S.C. § 1102(a), or appointed by a person who is a named fiduciary.

134.    Although the CHI Plans' assets have been held in trust, the trust does not meet the requirements of ERISA section 403, 29 U.S.C. § 1103.

135.    As Defendant CHI has been responsible for maintaining the CHI Plans and has amendment power over the CHI Plans, Defendant CHI violated section 403 by failing to put the CHI Plans' assets in trust in compliance with ERISA section 403.  29 U.S.C. § 1103.

## COUNT VI
### (Claim for Civil Money Penalty Pursuant to ERISA Section 502(a)(1)(A) Against Defendant CHI)

136.    Plaintiff incorporates and re-alleges by reference the foregoing paragraphs as if fully set forth herein.

137.    ERISA section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that a participant may bring a civil action for the relief provided in ERISA section 502(c), 29 U.S.C. § 1132(c).

138.    ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-3, provides that an employer maintaining a plan who fails to meet the notice requirement of ERISA section 101(d), 29 U.S.C. § 1021(d), with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure.

139.    ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-3, provides that an administrator of a defined benefit pension plan who fails to meet the notice requirement of ERISA section 101(f), 29 U.S.C. § 1021(f), with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

140.     ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R.

section 2575.502c-3, provides that an administrator of a defined benefit pension plan who fails to

provide a Pension Benefit Statement at least once every three years to a  participant with a

nonforfeitable accrued benefit who is employed by the employer maintaining the plan at the time

the statement is to be furnished as required by ERISA section 105(a), 29 U.S.C. § 1025(a), may

be liable for up to $110 per day from the date of such failure.

141.     As Defendant CHI is the employer maintaining the CHI Plans and the CHI

Retirement Plan Administrator and has failed to give the notices required by ERISA section

101(d) and (f), 29 U.S.C. § 1021(d) and (f), and the Pension Benefit Statement required by

ERISA section 105(a), 29 U.S.C. § 1025(a), as set forth in Count II Subparts D through F,

Defendant CHI is liable to the Plaintiff and each member of the Class in an amount up to $110

per day from the date of such failures until such time that notices are given and the statement is

provided, as the Court, in its discretion, may order.

## COUNT VII
### (Claim for Breach of Fiduciary Duty Against All Defendants)

142.     Plaintiff incorporates and re-alleges by reference the foregoing paragraphs as if

fully set forth herein.

143.     Plaintiff brings this Count VII for breach of fiduciary duty pursuant to ERISA

section 502(a)(2), 29 U.S.C. § 1132(a)(2).

**1.     Breach of the Duty of Prudence and Loyalty**

144.     ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), provides in pertinent part that a

fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants

and beneficiaries and –

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

(a)     for the exclusive purpose of:

    (i)     providing benefits to participants and beneficiaries; and

    (ii)    defraying reasonable expenses of administering the plan;

(b)     with the care, skill, prudence and diligence under the circumstances then

prevailing that a prudent man acting in a like capacity and familiar with such

matters would use in the conduct of an enterprise of a like character and with like

aims . . . [and]

(c)     in accordance with the documents and instruments governing the plan

insofar as such documents and instruments are consistent with the provisions of

this [title I of ERISA] and title IV.

145.    As fiduciaries with respect to the CHI Plans, Defendants had the authority to

enforce each provision of ERISA alleged to have been violated in the foregoing paragraphs

pursuant to ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3).  Having the authority to enforce

the provisions of ERISA at those respective times, ERISA section 404(a)(1)(A)-(D), 29 U.S.C. §

1104(a)(1)(A)-(D), imposed on Defendants the respective duty to enforce those provisions in the

interest of the participants and beneficiaries of the CHI Plans during the times that each was a

fiduciary of the CHI Plans.

146.    Defendants have never enforced any of the provisions of ERISA set forth in

Counts I-V with respect to the CHI Plans.

147.    By failing to enforce the provisions of ERISA set forth in Counts I-V, Defendants

breached the fiduciary duties that they owed to Plaintiff and the Class.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

148.     The failure of Defendants to enforce the funding obligations owed to the Plan has resulted in a loss to the CHI Plans equal to the foregone funding and earnings thereon, and profited Defendant CHI by providing it the use of money owed to the CHI Plans for its general business purposes.

## 2.     Prohibited Transactions

149.     ERISA section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits a fiduciary with respect to a plan from directly or indirectly causing a plan to extend credit to a party in interest, as defined in ERISA section 3(14), 29 U.S.C. § 1002(14), if he or she knows or should know that such transaction constitutes an extension of credit to a party in interest.

150.     ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits a fiduciary with respect to a plan from directly or indirectly causing a plan to use assets for the benefit of a party in interest, if he or she knows or should know that such transaction constitutes a use of plan assets for the benefit of a party in interest.

151.     ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1), prohibits the use of plan assets by a fiduciary with respect to a plan in his or her own interest or for his or her own account.

152.     As fiduciaries with respect to the Plans and, with respect to CHI, as an employer of employees covered by the Plans, and, with respect to Defendants Webb and Keenan, as Officers of CHI, the Defendants at all relevant times were parties in interest with respect to the CHI Plans pursuant to ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

153.     By failing to enforce the funding obligations created by ERISA and owed to the Plans, Defendants extended credit from the CHI Plans to CHI in violation of ERISA section

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), when Defendants knew or should have known that their failure to enforce the funding obligation constituted such an extension of credit.

154.    By failing to enforce the funding obligations created by ERISA and owed to the CHI Plans, Defendants used CHI Plan assets for CHI's own benefit, when Defendants knew or should have know that their failure to enforce the funding obligations constituted such a use of CHI Plan assets, in violation of ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

155.    By failing to enforce the funding obligations created by ERISA and owed to the CHI Plans, Defendants used CHI Plan assets in CHI's interest in violation of ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1).

156.    The failure of Defendants to enforce the funding obligations owed to the CHI Plans has resulted in a loss to the CHI Plans equal to the foregone funding and earnings thereon.

157.    The failure of Defendants to enforce the funding obligations owed to the CHI Plans has profited Defendant CHI by providing it the use of money owed to the CHI Plans for its general business purposes.

## COUNT VIII
**(Claim for Declaratory Relief That the Church Plan Exemption, as Claimed By CHI, Violates the Establishment Clause of the First Amendment of the Constitution, and Is Therefore Void and Ineffective)**

158.    Plaintiff incorporates and re-alleges by reference the foregoing paragraphs as if fully set forth herein.

159.    The Establishment Clause of the First Amendment of the Constitution mandates governmental neutrality between religion and nonreligion. U.S. Const. Amend. I.  The ERISA Church Plan exemption is an accommodation that exempts churches and associations of churches, under certain circumstances, from compliance with ERISA.  The ERISA Church Plan

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

exemption, as claimed by CHI, is an attempt to extend the accommodation beyond churches and associations of churches, to CHI—a non-profit hospital conglomerate.  That extension violates the Establishment Clause because it harms CHI workers, puts CHI competitors at an economic disadvantage, and relieves CHI of no genuine religious burden created by ERISA.

      A.    <u>Workers are Harmed</u>.  Employers, including CHI, legally are not required to provide pensions; instead, they choose to provide pensions in order to reap tax rewards and attract and retain employees in a competitive labor market.  CHI hires without regard to the religious faith of prospective employees; indeed, any choice of faith, or lack thereof, is not a factor in the recruiting and hiring of CHI employees.  Thus, as a practical matter, and by CHI's own design, its pension plan participants include people of a vast number of divergent faiths, as well as those who belong to no faith.  To be constitutional, an accommodation such as the Church Plan exemption must not impose burdens on nonadherents without due consideration of their interests.  The Church Plan exemption, as invoked by CHI, places its tens of thousands of longtime employees' justified reliance on their pension benefits at great risk, including because the Plans are underfunded by over $892 million.  In addition, CHI fails to provide the multitude of other ERISA protections designed to safeguard the pensions.  The Church Plan exemption, as applied by CHI, provides no consideration of the harm to CHI's 78,000 employees, including all of those that are non-Catholic.

      B.    <u>Rivals are Disadvantaged</u>.  CHI's commercial rivals face substantial disadvantages in their competition with CHI because the rivals must use their current assets to fully fund their pension plan obligations and provide the other ERISA

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

protections.  To be constitutional, an accommodation such as the Church Plan exemption must take adequate account of any disadvantage it creates for nonbeneficiaries.  The Church Plan exemption, as applied by CHI, provides no consideration of the disadvantage it creates for CHI's competitors.

        C.      <u>No Genuine Religious Burden is Relieved</u>.  CHI claims the Church Plan exemption to lighten its pension obligations and liabilities, not to adhere to a religious faith.  To be constitutional, an accommodation such as the Church Plan exemption, which exempts compliance with ERISA, must relieve a genuine burden upon the recipient's *religious practice*.  The Church Plan exemption, as claimed by CHI, responds to no genuine burden created by ERISA on any CHI religious practice.

160.     Plaintiff seeks a declaration by the Court that the Church Plan exemption, as claimed by CHI, is an unconstitutional accommodation under the Establishment Clause of the First Amendment, and is therefore void and ineffective.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant on all claims and request that the Court award the following relief:

A.     Declaring that the CHI Plans are employee benefit plans within the meaning of ERISA section 3(2), 29 U.S.C. § 1002(2), are defined benefit pension plans within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35), and are not Church Plans within the definition of section 3(33) of ERISA, 29 U.S.C. § 1002(33).  Ordering CHI to reform the CHI Retirement Plan to bring the CHI Plans into compliance with ERISA and to have the CHI Plans comply with ERISA including as follows:

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

1.      Revising Plan documents to reflect that the Plans are defined benefit plans regulated by ERISA.

2.      Requiring CHI to fund the CHI Plans in accordance with ERISA's funding requirements, disclose required information to the CHI Plans, participants and beneficiaries, and otherwise comply with all other reporting, vesting, and funding requirements of Parts 1, 2 and 3 of Title I of ERISA, 29 U.S.C. §§ 1021-31, 1051-61, 1081-85.

3.      Reforming the CHI Plans to comply with ERISA's vesting and accrual requirements and providing benefits in the form of a qualified joint and survivor annuity.

4.      Requiring the adoption of an instrument governing the CHI Plans that complies with ERISA section 402, 29 U.S.C. § 1102.

5.      Requiring CHI to comply with ERISA reporting and disclosure requirements, including by filing Form 5500 reports, distributing ERISA-compliant Summary Plan Descriptions, Summary Annual Reports and Participant Benefit Statements, and providing Notice of the CHI Plans' funding status and deficiencies.

6.      Requiring the establishment of a Trust in compliance with ERISA section 403, 29 U.S.C. § 1103.

B.      Requiring CHI, as a fiduciary of the Plan, to make the CHI Plans whole for any losses and disgorge any CHI profits accumulated as a result of fiduciary breaches.

C.      Appointing an Independent Fiduciary to hold the CHI Plans' assets in trust, to manage and administer the CHI Plans and their assets, and to enforce the terms of ERISA.

CLASS ACTION COMPLAINT
Page 45

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

D.      Requiring CHI to pay a civil money penalty of up to $110 per day to Plaintiff and each Class member for each day it failed to inform Plaintiff and each Class member of its failure to properly fund the Plan.

E.      Requiring CHI to pay a civil money penalty of up to $110 per day to Plaintiff and each Class member for each day it failed to provide Plaintiff and each Class member with a Funding Notice.

F.      Requiring CHI to pay a civil money penalty of up to $110 per day to Plaintiff and each Class member for each day it failed to provide a benefit statement under ERISA section 105(a)(1)(B), 29 U.S.C. § 1025(a)(1)(B).

G.      Ordering declaratory and injunctive relief as necessary and appropriate, including enjoining the Defendants from further violating the duties, responsibilities, and obligations imposed on them by ERISA, with respect to the CHI Plans.

H.      Declaring with respect to Count VIII, that the Church Plan exemption, as claimed by CHI, is an unconstitutional accommodation under the Establishment Clause of the First Amendment, and is therefore void and ineffective.

I.      Awarding to Plaintiff attorneys' fees and expenses as provided by the common fund doctrine, ERISA section 502(g), 29 U.S.C. § 1132(g) and/or other applicable doctrine.

J.      Awarding to Plaintiff taxable costs pursuant to ERISA section 502(g), 29 U.S.C. § 1132(g), 28 U.S.C. § 1920, and other applicable law.

K.      Awarding to Plaintiff pre-judgment interest on any amounts awarded pursuant to law.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

L.      Awarding, declaring or otherwise providing Plaintiff and the Class all relief under

ERISA section 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that the Court deems

proper.

DATED May 10, 2013.


KELLER ROHRBACK L.L.P.


 s/ Lynn L. Sarko
Lynn Lincoln Sarko
Havila Unrein
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email:  lsarko@kellerrohrback.com
        hunrein@kellerrohrback.com

KELLER ROHRBACK P.L.C.
Ron Kilgard
Laurie Ashton
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248- 2822
Email:  rkilgard@kellerrohrback.com
        lashton@kellerrohrback.com

COHEN MILSTEIN SELLERS & TOLL, PLLC
Karen L. Handorf
Monya Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email:  khandorf@cohenmilstein.com
        mbunch@cohenmilstein.com


*Attorneys for Plaintiff*

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600