**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-01249-REB-KLM

JANEEN MEDINA,
RHETT J. DUDLEY, and
ARIC B. FOWLER, individually, and on behalf of all others similarly situated, and on
behalf of the CHI Plans,

     Plaintiffs,

              v.

CATHOLIC HEALTH INITIATIVES, a Colorado corporation,
GERALDINE BEDNASH,
MAUREEN COMER,
RICHARD CORRENTE,
DAVID R. EDWARDS,
KATHERINE GRAY,
BARBARA HAGEDORN,
JAMES HAMILL,
ANTOINETTE HARDY-WALLER,
PHYLLIS HUGHES,
DONALD JONES,
ANDREA J. LEE,
DAVID R. LINCOLN,
KEVIN E. LOFTON,
CHRISTOPHER R. LOWNEY,
ELEANOR F. MARTIN,
MARY MARGARET MOONEY,
LILLIAN MURPHY,
MARY JO POTTER,
PATRICIA SMITH,
EDWARD SPEED,
DEAN SWINDLE,
PATRICIA G. WEBB, and
JOHN and JANE DOES, 1-10, whose true names are unknown,

     Defendants.

---

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs' Amended
Complaint  i

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**Table of Contents**

I.    INTRODUCTION .................................................................................. 1

II.   JURISDICTION AND VENUE ............................................................. 4

III.  PARTIES ............................................................................................. 5

      A.    Plaintiffs ................................................................................... 5

      B.    Defendants ............................................................................... 6

            1.    CHI ................................................................................ 6

            2.    Board of Stewardship Trustees and Human
                  Resources Committee Defendants ................................ 7

            3.    DB Plan Subcommittee Defendants ............................. 11

IV.   THE BACKGROUND OF THE CHURCH PLAN EXEMPTION ........ 12

      A.    The Adoption of ERISA ........................................................... 12

      B.    The Scope of the Church Plan Exemption in 1974 ................. 14

      C.    The Changes to the Church Plan Exemption in 1980 ............. 14

V.    CHI .................................................................................................... 18

      A.    CHI's Operations ................................................................... 18

      B.    CHI's Plans ............................................................................. 22

            1.    The CHI Retirement Plan Meets the Definition of an
                  ERISA Defined Benefit Plan ......................................... 25

            2.    The CHI Plans Are Not Church Plans .......................... 29

                  a.    Only Two Types of Plans May Qualify as
                        Church Plans and the CHI Plans are Neither. ...... 29

                  b.    Even if the CHI Plans Could Otherwise Qualify
                        as Church Plans under ERISA Sections
                        3(33)(A) or (C)(i), They are Excluded From
                        Church Plan Status under ERISA Section
                        3(33)(B)(ii). ........................................................ 35

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

c.      Even if the CHI Plans Could Otherwise Qualify
as Church Plans under ERISA, the Church
Plan Exemption, as Claimed By CHI, Violates
the Establishment Clause of the First
Amendment of the Constitution, and Is
Therefore Void and Ineffective. ........................................ 36

VI.     CLASS ALLEGATIONS .................................................................. 37

A.      Numerosity............................................................................. 38

B.      Commonality .......................................................................... 38

C.      Typicality................................................................................ 39

D.      Adequacy ............................................................................... 40

E.      Rule 23(b)(1) Requirements ................................................. 40

F.      Rule 23(b)(2) Requirements ................................................. 40

G.      Rule 23(b)(3) Requirements ................................................. 41

VII.    CAUSES OF ACTION ..................................................................... 42

COUNT I ...................................................................................................... 42

COUNT II ..................................................................................................... 43

1.      Summary Plan Descriptions....................................... 43

2.      Annual Reports .......................................................... 44

3.      Summary Annual Reports .......................................... 44

4.      Notification of Failure to Meet Minimum Funding ........ 45

5.      Funding Notices ......................................................... 46

6.      Pension Benefit Statements....................................... 46

COUNT III .................................................................................................... 47

COUNT IV .................................................................................................... 48

COUNT V ..................................................................................................... 49

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

COUNT VI .................................................................................................. 50

COUNT VII ................................................................................................. 52

     1.    Breach of the Duty of Prudence and Loyalty ............................... 52

     2.    Prohibited Transactions ............................................. 53

COUNT VIII ................................................................................................ 55

VIII.   PRAYER FOR RELIEF ..................................................................... 59

Plaintiffs' Amended
Complaint  iv

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Plaintiffs Janeen Medina, Rhett J. Dudley, and Aric B. Fowler, individually, and on behalf of all others similarly situated, as well as on behalf of the CHI Plans, as defined herein, by and through their attorneys, hereby allege as follows:

## I.   INTRODUCTION

1.      Plaintiffs agree that Defendant Catholic Health Initiatives ("CHI" or "Defendant") operates a hospital conglomerate in 17 states and provides good healthcare services in the communities it serves.  That is not what this case is about.  Instead, this case is about whether CHI properly maintains its pension plans under The Employee Retirement Income Security Act of 1974, as amended ("ERISA").  As demonstrated herein, CHI fails to do so, to the detriment of its over 70,000 employees who deserve better.

2.      As its name implies, ERISA was crafted to protect employee retirement funds.  A comprehensive history of ERISA put it this way:

> Employees should not participate in a pension plan for many years only to lose their pension  . . . because their plan did not have the funds to meet its obligations.  The major reforms in ERISA—fiduciary standards of conduct, minimum vesting and funding standards, and a government-run insurance program—aimed to ensure that long-service employees actually received the benefits their retirement plan promised.

James A. Wooten, *The Employee Retirement Income Security Act of 1974: A Political History* 3 (2004).

3.      This class action is brought on behalf of all participants and beneficiaries of defined benefit pension plans that are established, maintained, administered, or sponsored by CHI, or by CHI's committees, and claimed to be "Church Plans" under ERISA (collectively referred to as the "CHI Plans" or simply the "Plans").

Plaintiffs' Amended
Complaint  1

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

4.      CHI is violating numerous provisions of ERISA—including, upon information and belief, underfunding the CHI Plans by over $892 million—while erroneously claiming that the Plans are exempt from ERISA's protections because they are "Church Plans."  But none of the CHI Plans meet the definition of a Church Plan because CHI plainly is not a church or a convention or association of churches and because none of the CHI Plans was established by a church or convention or association of churches.  That should be the end of the inquiry under ERISA, resulting in a clear finding that the CHI Plans are not Church Plans.

5.      Even if a non-church entity such as CHI were able to establish its own Church Plan, however, CHI could not because substantially all of the participants in the Plans are not employed by either a church or an organization that is controlled by or associated with a church, within the meaning of ERISA.  CHI is not controlled by a church, as the evidence will show. Despite its name, CHI also is not "associated with" a church within the meaning of ERISA because it does not, as ERISA requires, "share common religious bonds and convictions" with a church.

6.      A sampling of facts reveals CHI to be a non-profit healthcare conglomerate, not unlike other non-profit healthcare conglomerates with whom CHI has chosen to compete in its commercial healthcare activities.  CHI is not owned or operated by a church and does not receive funding from a church.  No denominational requirement exists for CHI employees.  Indeed, CHI tells prospective employees that any choice of faith, or lack thereof, is not a factor in the recruiting and hiring of CHI employees.  In choosing to recruit and hire from the population at large, CHI must also

Plaintiffs' Amended
Complaint  2

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

be willing to accept neutral, generally applicable regulations, such as ERISA, imposed to protect those employees' legitimate interests.

7.      Through various business ventures, CHI owns and/or operates healthcare facilities that hold themselves out as being either Seventh-day Adventist, Methodist, Jewish, or Episcopalian, as well as community healthcare facilities claiming to be secular and having no relationship with any church.

8.      The Church Plan exemption, if extended to CHI under these facts, would require the Court to evaluate many levels of evidence to determine whether CHI shares common religious bonds and convictions with a church, which Plaintiffs dispute.

9.      Moreover, if the Court weighed all the evidence and determined that CHI shares common religious bonds and convictions with a church, extension of the Church Plan exemption to CHI would be an unconstitutional accommodation under the Establishment Clause of the First Amendment.  CHI claims, in effect, that the over 70,000 participants in the Catholic Health Initiatives Retirement Plan, Amended and Restated Effective January 1, 2008, ("CHI Retirement Plan") must be exempted from ERISA protections, and CHI must be relieved of its ERISA financial obligations, because CHI claims certain religious beliefs.  The Establishment Clause, however, does not allow such an economic preference for CHI, and burden-shifting to CHI employees. Extension of the Church Plan exemption to CHI would be unconstitutional under Supreme Court law because it: (A) is not necessary to further the stated purposes of the exemption; (B) harms CHI workers: (C) puts CHI competitors at an economic disadvantage; (D) relieves CHI of no genuine religious burden created by ERISA; and

Plaintiffs' Amended
Complaint  3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

(E) creates more government entanglement with alleged religious beliefs than compliance with ERISA creates.

10.     CHI's claim of Church Plan status for the CHI Plans fails under both ERISA and the First Amendment.  Plaintiffs seek an Order requiring CHI to comply with ERISA and afford the Class all the protections of ERISA with respect to the CHI Plans, as well as an Order finding that the Church Plan exemption, as claimed by CHI, is unconstitutional because it violates the Establishment Clause of the First Amendment.

## II.    JURISDICTION AND VENUE

11.     **Subject Matter Jurisdiction.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA.

12.     **Personal Jurisdiction.** This Court has personal jurisdiction over all Defendants because ERISA provides for nationwide service of process.  ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2).  All of the Defendants are either residents of the United States or subject to service in the United States, and the Court therefore has personal jurisdiction over them. The Court also has personal jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(1)(A) because they would all be subject to a court of general jurisdiction in Colorado as a result of CHI being headquartered in, transacting business in, and having significant contacts with this District.

13.     **Venue.**  Venue is proper in this district pursuant to ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), because (a) the Plans are administered in this

Plaintiffs' Amended
Complaint  4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

District, (b) some or all of the violations of ERISA took place in this District, and/or (c)

CHI may be found in this District.

14.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because

CHI is headquartered in this District, and systematically and continuously does business

in this District, and because a substantial part of the events or omissions giving rise to

the claims asserted herein occurred within this District.

### III.   PARTIES

**A.     Plaintiffs**

15.     Plaintiff Janeen M. Medina was classified as an employee of CHI from

October 16, 1986 until November 17, 2003. Plaintiff Medina became a participant in the

CHI Retirement Plan in 1997 and continues to be a participant because she is or will

become eligible for pension benefits under the Plan to be paid at the normal retirement

age.  Additionally and alternatively, Plaintiff has a colorable claim to benefits under a

pension plan maintained by CHI and is a participant within the meaning of ERISA

section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action with

respect to the CHI Plans pursuant to ERISA sections 502(a)(1)(A), (a)(2), (a)(3), and

(c)(1) and (3), 29 U.S.C. §§  1132(a)(1)(A), (a)(2), (a)(3), and (c)(1) and (3).

16.     Plaintiff Rhett J. Dudley was an employee of CHI from August 4, 2004 until

April 5, 2013. Plaintiff Dudley is a participant in the CHI Retirement Plan maintained by

CHI because he is or will become eligible for pension benefits under the Plan to be paid

at the normal retirement age.  Additionally and alternatively, Plaintiff has a colorable

claim to benefits under a pension plan maintained by CHI and is a participant within the

Plaintiffs' Amended
Complaint  5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

meaning of ERISA section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action with respect to the CHI Plans pursuant to ERISA sections 502(a)(1)(A), (a)(2), (a)(3), and (c)(1) and (3), 29 U.S.C. §§  1132(a)(1)(A), (a)(2), (a)(3), and (c)(1) and (3).

17.     Plaintiff Aric B. Fowler was an employee of CHI from March 24, 2004 until June 16, 2013. Plaintiff Fowler is a participant in the CHI Retirement Plan maintained by CHI because he is or will become eligible for pension benefits under the Plan to be paid at the normal retirement age.  Additionally and alternatively, Plaintiff has a colorable claim to benefits under a pension plan maintained by CHI and is a participant within the meaning of ERISA section 3(7), 29 U.S.C. § 1002(7), and is therefore entitled to maintain an action with respect to the CHI Plans pursuant to ERISA sections 502(a)(1)(A), (a)(2), (a)(3), and (c)(1) and (3), 29 U.S.C. §§  1132(a)(1)(A), (a)(2), (a)(3), and (c)(1) and (3).

**B.     Defendants**

**1.     CHI**

18.     CHI is a 501(c)(3) non-profit corporation organized under, and governed by, the Colorado Corporations and Associations laws, including Articles 121 to 137 thereof, the Colorado Nonprofit Corporation Act.  CHI is headquartered in Englewood, Colorado.  CHI is the sponsor of the CHI Plans within the meaning of ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**2.      Board of Stewardship Trustees and Human Resources Committee Defendants**

19.      CHI purportedly designated the CHI & Affiliates Defined Benefit Plan Subcommittee ("DB Plan Subcommittee") as Plan Administrator of the CHI Plan, but CHI also reserved to the CHI Board of Stewardship Trustees ("Board of Stewardship Trustees") and the Human Resources Committee of the Board of Stewardship Trustees, ("Human Resources Committee") all authority to act as Plan Administrator of the CHI Plan. Counts II, VI, and VII herein arise against all defendants, including the members of the Board of Stewardship Trustees and members of the Human Resources Committee, by virtue of their failure to comply with ERISA as Plan Administrator of the CHI Plan.  The following individuals were members of the Board of Stewardship Trustees, or the Human Resources Committee, or both, as of the time of the filing of the Complaint in this action and/or they are members today as set forth below.

    **A.   Defendant Geraldine Bednash.** Defendant Bednash became a member of CHI's Board of Stewardship Trustees effective July 1, 2013.

    **B.   Defendant Maureen Comer.** Defendant Comer was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action and continues to be a member today.

    **C.   Defendant Richard Corrente.** Defendant Corrente became a member of CHI's Board of Stewardship Trustees effective July 1, 2013.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**D.   Defendant Katherine Gray.** Defendant Gray became a member of CHI's Board of Stewardship Trustees effective July 1, 2013.

**E.   Defendant Barbara Hagedorn.** Defendant Hagedorn became a member of CHI's Board of Stewardship Trustees effective July 1, 2013.

**F.   Defendant James Hamill.** Defendant Hamill was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action and continues to be a member today.

**G.   Defendant Antoinette Hardy-Waller.**  Defendant Hardy-Waller was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action and continues to be a member today.

**H.   Defendant Phyllis Hughes.**  Defendant Hughes was Chair of CHI's Board of Stewardship Trustees, as of the time of the filing of the Complaint in this action, and ended her service effective June 30, 2013.  Upon information and belief, Defendant Hughes was also a member of CHI's Human Resources Committee as of the time of the filing of the Complaint in this action.

**I.   Defendant Andrea J. Lee.** Defendant Lee was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action, and continues to be a member today.  Upon

Plaintiffs' Amended
Complaint  8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

information and belief, Defendant Lee was also a member of CHI's Human Resources Committee.

**J.   Defendant David R. Lincoln.** Defendant Lincoln was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action, and ended his service effective June 30, 2013. Upon information and belief, Defendant Lincoln was also a member of CHI's Human Resources Committee.

**K.   Defendant Kevin E. Lofton.** Defendant Lofton is President and CEO of Catholic Health Initiatives and was an ex officio voting member of CHI's Board of Stewardship Trustees as of the time of the filing of this Complaint in this action, and continues to be a member today. He has also been a member of CHI's Investment Committee.

**L.   Defendant Christopher R. Lowney.** Defendant Lowney was a member of CHI's Board of Stewardship Trustees as of the time of the filing of this Complaint in this action and became the Chair of CHI's Board of Stewardship Trustees effective July 1, 2013. He has also been a member of CHI's Investment Committee.

**M.   Defendant Eleanor F. Martin.** Defendant Martin was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action and continues to be a member today.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**N.   Defendant Mary Margaret Mooney.** Defendant Mooney was a member of CHI's Board of Stewardship Trustees as of the time of the filing of this Complaint in this action, and ended her service effective June 30, 2013.

**O.   Defendant Lillian Murphy.** Defendant Murphy became a member of CHI's Board of Stewardship Trustees effective July 1, 2013..

**P.   Defendant Mary Jo Potter.**  Defendant Potter was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action, and continues to be a member today.  Upon information and belief, Defendant Potter was also a member of CHI's Human Resources Committee.

**Q.   Defendant Patricia Smith.**  Defendant Smith was a member of CHI's Board of Stewardship Trustees as of the time of the filing of the Complaint in this action, and continues to be a member today.

**R.   Defendant Edward Speed.** Defendant Speed became a member of CHI's Board of Stewardship Trustees effective July 1, 2013.

**S.   John and Jane Does 1-5.**  The yet to be identified Board of Stewardship Trustee members and Human Resources Committee members are named fictitiously, as Defendants John and Jane Does 1-5. Once their true identities are ascertained, Plaintiffs will seek leave to join them under their true names.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

20.     The Board of Stewardship Trustees and its members, and the Human

Resources Committee and its members, referred to above along with Defendants John

and Jane Does 1-5, are referred to herein as the "Board of Stewardship Trustee

Defendants" or the "Human Resources Committee Defendants" respectively.

### 3.     DB Plan Subcommittee Defendants

21.     The DB Plan Subcommittee, a committee appointed by CHI's Board of

Stewardship Trustees, has purportedly been designated as the Plan Administrator

pursuant to the CHI Retirement Plan. The following individuals were members of the DB

Plan Subcommittee as of the time of the filing of the Complaint in this action and/or they

are members today.

> **A.   Defendant David R. Edwards.** Upon information and belief,
> Defendant Edwards has been and continues to be a member of the DB
> Plan Subcommittee. Defendant Edwards also served as a member of
> the Board of Stewardship Trustees, and the Human Resources
> Committee.

> **B.   Defendant Donald Jones.** Defendant Jones has been and
> continues to be a member of the DB Plan Subcommittee.  Upon
> information and belief, Defendant Jones was nominated by the ruling
> board of PorterCare Adventist Health Care System or its successor to
> the DB Plan Subcommittee.

> **C.   Defendant Dean Swindle.** Defendant Swindle has been and
> continues to be a member of the DB Plan Subcommittee.  Upon

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

information and belief, Defendant Swindle is a CPA and also an employee of CHI.

**D.  Defendant Patricia G. Webb.** Defendant Webb has been and continues to be a member of the DB Plan Subcommittee. Defendant Webb is also an officer of CHI, Senior Vice President and Chief Human Resources Officer.

**E.  Defendants John and Jane Does 6-10.** Plaintiffs currently do not know the identity of all the DB Plan Subcommittee members during the relevant time period. The yet to be identified DB Plan Subcommittee members are named fictitiously, as Defendants John and Jane Does 6-10. Once their true identities are ascertained, Plaintiffs will seek leave to join them under their true names.

22.     The DB Plan Subcommittee Defendants and its members referred to above, along with Defendants John and Jane Does 6-10, are referred to herein as the "DB Plan Subcommittee Defendants."

## IV.   THE BACKGROUND OF THE CHURCH PLAN EXEMPTION

**A.   The Adoption of ERISA**

23.     Following years of study and debate, and broad bi-partisan support, the Congress adopted ERISA in 1974, and the statute was signed into law by President Ford on Labor Day of that year. Among the factors that led to the enactment of ERISA were the widely publicized failures of certain defined benefit pension plans, especially the plan for employees of Studebaker Corporation, an automobile manufacturing

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

company which defaulted on its pension obligations in 1965. *See generally* John H.

Langbein *et al.*, *Pension and Employee Benefit Law* 78-83 (5th Ed. 2010) ("The

Studebaker Incident").

24.     As originally adopted in 1974, and today, ERISA protects the retirement

savings of pension plan participants in a variety of ways. As to participants in traditional

defined benefit pension plans, such as the plans at issue here, ERISA mandates,

among other things, that such plans be currently funded and actuarially sound, that

participants' accruing benefits vest pursuant to certain defined schedules, that the

administrators of the plan report certain information to participants and to government

regulators, that the fiduciary duties of prudence, diversification, loyalty, and so on apply

to those who manage the plans, and that the benefits promised by the plans be

guaranteed, up to certain limits, by the Pension Benefit Guaranty Corporation. *See, e.g.,*

ERISA sections 303, 203, 101-106, 404-406, 409, 4007, 4022, 29 U.S.C. §§ 1083,

1053, 1021-1026, 1104-1106, 1109, 1307, 1322.

25.     ERISA is centered on pension plans, and particularly defined benefit

pension plans, as is reflected in the very title of the Act, which addresses "retirement

income security." However, ERISA also subjects to federal regulation defined

contribution pension plans (such as 401(k) plans) and welfare plans, which provide

health care, disability, severance and related non-retirement benefits. ERISA sections

3(34) and (1), 29 U.S.C. §§ 1002(34) and (1).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**B.      The Scope of the Church Plan Exemption in 1974**

26.      As adopted in 1974, ERISA provided an exemption from compliance for certain plans, in particular governmental plans and Church Plans. Plans that met the statutory definitions were exempt from all of ERISA's substantive protections for participants. ERISA section 4(b)(2), 29 U.S.C. § 1003(b)(2) (exemption from Title I of ERISA); ERISA section 4021(b)(3), 29 U.S.C. § 1321(b)(3) (exemption from Title IV of ERISA).

27.      ERISA defined a Church Plan as a plan "established and maintained for its employees by a church or by a convention or association of churches."[1]

28.      Under the 1974 legislation, although a Church Plan was required to be established and maintained by a church, it could also include employees of certain pre-existing agencies of such church, but only until 1982. ERISA section 3(33)(C) (1974), 29 U.S.C. § 1002(33)(C) (1974) (current version as amended at 29 U.S.C. § 1002(33) (West 2013)). Thus, under the 1974 legislation, a pension plan that was not established and maintained by a church could not be a Church Plan. *Id*.

**C.      The Changes to the Church Plan Exemption in 1980**

29.      Church groups had two major concerns about the definition of "Church Plans" in ERISA as adopted in 1974. The first, and far more important, concern was that Church Plans after 1982 could not include the lay employees of agencies of a church. The second concern that arose in the church community after 1974 was more technical.

---

[1] ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A). ERISA is codified in both the labor and tax provisions of the United States Code, titles 29 and 26 respectively.  Many ERISA provisions appear in both titles. For example, the essentially identical definition of Church Plan in the Internal Revenue Code is found at 26 U.S.C. § 414(e).

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Under the 1974 statute, all Church Plans, single-employer or multiemployer, had to be "established and maintained" by a church or a convention/association of churches. This ignored the role of the churches' financial services organizations in the management of the pension plans. In other words, although Church Plans were "established" by a church, in practice they were often "maintained" and/or "administered" by a separate financial services organization of the church, usually incorporated and typically called a church "pension board."

30.     These two concerns ultimately were addressed when ERISA was amended in 1980 in various respects, including a change in the definition of "Church Plan." Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), Pub. L. No. 96-364. The amended definition is current law.

31.     As to the first concern (regarding lay employees of agencies of a church), Congress included a new definition of "employee" in subsection (C)(ii)(II) of section 3(33) of ERISA. 29 U.S.C. § 1002(33)(C)(ii)(II) (1980) (current version at 29 U.S.C. § 1002(33)(C)(ii)(II) (West 2013)). As amended, an "employee" of a church or a convention/association of churches includes an employee of an organization "which is controlled by or associated with a church or a convention or association of churches." *Id*. The phrase "associated with" is then defined in ERISA section 3(33)(C)(iv) to include only those organizations that "share[] common religious bonds and convictions with that church or convention or association of churches." 29 U.S.C. § 1002(33)(C)(iv) (1980) (current version at 29 U.S.C. § 1002(33)(C)(iv) (West 2013)). Although this new definition of "employee" permitted a "Church Plan" to include among its participants

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

employees of organizations controlled by or associated with the church, convention, or association of churches, it remains the case that a plan covering such "employees" cannot qualify as a "Church Plan" unless it was "established by" the church, convention, or association of churches.  ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A) (West 2013).

32.    As to the second concern (regarding plans "maintained by" a separate church pension board), the 1980 amendments spoke to the issue as follows:

> A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, *the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits*, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

ERISA section 3(33)(C)(i) (1980), 29 U.S.C. § 1002(33)(C)(i) (1980) (emphasis added) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2013)).  Accordingly, under this provision, a plan "established" by a church or by a convention or association of churches could retain its "Church Plan" status even if the plan was "maintained by" a distinct organization, so long as (1) "the principal purpose or function of [the organization] is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits"; and (2) the organization is "controlled by or associated with" the church or convention or association of churches.  *Id.*

33.    This church "pension board" clarification has no bearing on plans that were not "established" by a church or by a convention or association of churches.  Thus,

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

a plan "established" by an organization "controlled by or associated with" a church would not be a "Church Plan" because it was not "established" by a church or by a convention or association of churches.

34.     Further, this "pension board" clarification has no bearing on plans that were not "maintained" by a church pension board.  Thus, even if a plan were "established" by a church, and even if it were "maintained by" an organization "controlled by or associated with" a church, such as a school, hospital, or publishing company, it still would not be a "Church Plan" if the principal purpose of the organization was other than the administration or funding of the plan. In such plans, the plan is "maintained" by the school, hospital or publishing company, and usually through the human resources department of such entity.  It is not maintained by a church pension board: no "organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits" maintains the plan.  *Compare with* ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i) (1980) (current version at 29 U.S.C. § 1002(33)(C)(i) (West 2013)).

35.     The requirements for Church Plan status under ERISA, both as originally adopted in 1974 and as amended in 1980 are, as explained above, very clear.  And there is no tension between the legislative history of the 1980 amendment and the amendment itself:  the Congress enacted exactly what it wanted to enact.  Fundamental to the scheme, both as originally adopted and as fine-tuned in 1980, was that neither an "affiliate" of a church (using the 1974 language) nor "an organization controlled by or

Plaintiffs' Amended
Complaint  17

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

associated with" a church (using the 1980 language) could itself establish a Church Plan.  Its employees could be *included* in a Church Plan, but if it sponsored its own plan, that was not a Church Plan.  With respect to "pension boards," the 1980 legislation simplify clarified the long standing practice that churches could use their own financial organizations to maintain their Church Plans.

36.     Unfortunately, in 1983, in response to a request for a private ruling, the Internal Revenue Service ("IRS") issued a short General Counsel Memorandum that misunderstood the statutory framework.  The author incorrectly relied on the "pension board" clarification to conclude that a non-church entity could sponsor its own Church Plan as long as the plan was managed by some "organization," that was controlled by or associated with a church.  This of course is not what the statute says, nor what Congress intended.  In any event, this mistake was then repeated, often in verbatim language, in subsequent IRS determinations and, after 1990, in DOL determinations.  Under the relevant law, these private rulings may only be relied upon by the parties thereto, within the narrow confines of the specific facts then disclosed to the agencies, and are not binding on this Court in any event.

## V.   CHI

### A.     CHI's Operations

37.     Defendant CHI is a Colorado not-for-profit corporation organized under, and governed by, the Colorado Corporations and Associations laws, including Articles 121 to 137 thereof, the Colorado Nonprofit Corporation Act.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

38.     Defendant CHI is one of the nation's largest nonprofit health care systems. It operates in 17 states.  CHI owns and operates 86 acute care hospitals, 42 long-term care, assisted living and residential facilities, two community health-services organizations, two accredited nursing colleges, and home health agencies.  As of its fiscal 2012 year end, CHI had approximately $19.3 billion in assets, and operating revenues of approximately $10.7 billion.

39.     CHI is comprised of 29 market-based organizations, or hospital systems, including five that are operated under the terms of joint operating agreements, and multiple other joint ventures.  Approximately 24% of CHI's capital budget for fiscal year 2013 is allocated to strategic growth and joint operating agreements.

40.     The principal purpose or function of CHI is *not* the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches.

41.     CHI employs over 94,000 employees.

42.     The management of CHI is comprised primarily of lay people, and executive officers of CHI receive compensation in line with executive officers of other healthcare systems.  For example, in 2010 the CEO of CHI received reportable compensation of $2,750,773.00.

43.     CHI's Board of Stewardship Trustees is equivalent to a "board of directors" as that term is defined in the Colorado Revised Nonprofit Corporation Act.

44.     The Board of Stewardship Trustees consists of no fewer than nine nor more than twenty-one individuals.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

45.     There is no denominational requirement for the members of the Board of Stewardship Trustees.

46.     CHI is not a church or convention or association of churches.

47.     CHI is not owned by a church.

48.     CHI does not receive funding from a church.

49.     CHI does not claim that any church has any liability for CHI's debts or obligations.

50.     No church has any role in the governance of CHI.

51.     No church has any role in the maintenance and/or administration of the CHI Plans.

52.     CHI specifically chooses not to impose any denominational requirement on its employees.

53.     The CHI Retirement Plan includes employees at hospitals such as Littleton Adventist Hospital, Avista Adventist Hospital, and Jewish Hospital East.

54.     CHI has no denominational requirement for its patients and/or clients.

55.     As part of its commercial, competitive growth strategy, CHI has entered into the following healthcare ventures and mergers with health care systems claiming to be aligned with certain divergent faiths or claiming no religious affiliation:

A.     Centura Health, operated in Colorado and Kansas, is a joint venture between CHI and Adventist Health System Sunbelt Healthcare Corporation, Florida, which claims to be associated with the Seventh-day Adventist Church.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

B.      KentuckyOne Health is the merged entity of Jewish Hospital

& St. Mary's HealthCare and Saint Joseph Health System.  CHI has a

controlling interest of 83% in KentuckyOne Health and Jewish Hospital

Healthcare Services has the remaining 17%.

C.      Alegent Creighton Health, the largest private employer in the

State of Nebraska, was operated between its creation in 1996 until the

end of 2012 through a 50-50 business venture between CHI and

Immanuel Healthcare System, which claims to be affiliated with the

Nebraska Synod of the Evangelical Lutheran Church in America.

D.      TriHealth is a joint venture between CHI and Bethesda Inc.

of Cincinnati, which was originally founded by German Methodist

deaconesses, and claimed to be affiliated with the Methodist Church.

E.      St. Luke's Episcopal Health System, which claims to be

affiliated with the Episcopal Diocese of Texas, will be transferred to CHI

following regulatory approval. As part of the transfer, CHI will contribute

more than $1 billion to create a new Episcopal Health Foundation. The

new St. Luke's Health System will maintain all current physician models

and employees will continue to be employed by St. Luke's.

F.      In Washington, the Franciscan Health System of Tacoma,

part of CHI, and Harrison Medical Center of Bremerton finalized an

affiliation in 2013. Under the affiliation agreement, Harrison remains a

separate, nonprofit community medical center claiming no association with

Plaintiffs' Amended
Complaint  21

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

any religion, but Franciscan is the sole member (parent company) of

Harrison, and employees of Harrison will migrate to a shared benefits

program with Franciscan.

56.     CHI purports to disclose, and not keep confidential, its own highly complex

financial records.  For example, CHI is required and in some cases has voluntarily

elected to comply with a broad array of elaborate state and federal regulations and

reporting requirements, including those required to obtain payments from Medicare and

Medicaid.  In addition, CHI makes public its consolidated financial statements, which

describe CHI's representations as to its own highly complex operations and financial

affairs.  Finally, CHI financial information is regularly disclosed to the rating agencies

and the public when tax-exempt revenue bonds are issued.

**B.     CHI's Plans**

57.     CHI maintains the CHI Retirement Plan and has the power to continue,

amend or terminate the Plan.

58.     The CHI Retirement Plan is a non-contributory defined benefit pension

plan covering substantially all of CHI's employees.

59.     The CHI Retirement Plan is one example of a plan that fits within Plaintiffs'

definition of CHI Plans; upon information and belief there are other defined benefit

pension plans that fit within Plaintiffs' definition of CHI Plans.[2]

---

[2] Discovery has only begun recently, and Plaintiffs do not have sufficient information from Defendants to
identify which plans fit the definition herein of "CHI Plans." When Plaintiffs do have sufficient information
on this issue, they will move, if necessary, to amend this Complaint to identify them.

Plaintiffs' Amended
Complaint  22

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

60.     Upon information and belief, as of June 30, 2012, the CHI Plans were underfunded by approximately $892.8 million.

61.     CHI's Board of Stewardship Trustees is the Board of Trustees for the CHI Retirement Plan.  The Board of Stewardship Trustees meets quarterly and Trustees can be removed by a majority vote of the other Trustees.

62.     The Human Resources Committee consists of the members of the Executive Committee, except for the CEO, and up to three additional individuals appointed by the Chairperson of the Board of Stewardship Trustees.

63.     The DB Plan Subcommittee[3] has been designated Plan Administrator by CHI.

64.     The DB Plan Subcommittee is controlled by CHI.

65.     The DB Plan Subcommittee meets quarterly and consists of four to five voting members. The DB Plan Subcommittee is to act by agreement of a majority of its members, by vote at a meeting or in writing without a meeting.

66.     At least one member of the DB Plan Subcommittee must be nominated by the ruling board of PorterCare Adventist Health Care system, or its successor.

67.     According to the CHI Retirement Plan, the Plan Administrator has the power and duty to make and enforce rules and regulations that it deems necessary or proper for administration of the plan, interpret the plan, compute the retirement benefits

---

[3] Prior to June 28, 2006, the name of the Plan Administrator was the Retirement Committee of Catholic Health Initiatives.

Plaintiffs' Amended
Complaint  23

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

payable under the plan, authorize disbursements from the trust, and perform any and all duties required of the administrator under applicable law.

68.     The Plan Administrator is also required to engage an actuary to make actuarial valuations of the liabilities under the CHI Retirement Plan, to recommend the cost method or methods, the mortality or other tables, and the assumed interest rates to use in making actuarial valuations, and the amounts of contributions to be made.

69.     The Plan Administrator is then required to recommend to CHI the amounts of contributions to be made from year to year to the CHI Retirement Plan.

70.     The Plan Administrator is also required to estimate the amount of benefit payments which the plan will be required to make, taking into account anticipated employee retirements and terminations and all other relevant factors, and on the basis of such estimate, determine the plan's need for liquidity.

71.     According to the Catholic Health Initiatives Charter of the CHI & Affiliates Defined Benefit Retirement Plan Subcommittee, ("Charter") or ("DB Plan Subcommittee Charter,") the Subcommittee has responsibilities as a fiduciary to the CHI Retirement Plan, including the duty of loyalty pursuant to ERISA, which requires that the Committee "act solely in the interest of Plan participants and beneficiaries," as well as the duty to act prudently, "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

72.     Pursuant to the Charter, the DB Plan Subcommittee has the power to review actuarial assumptions used in valuation studies for the CHI Retirement Plan,

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

review contributions made to the plan to ensure compliance with statutory funding requirements, review corporate acquisitions to determine eligibility for participation, and review and oversee recordkeepers for the Plan.

73.     Notwithstanding the enumerated powers of the DB Plan Subcommittee as Plan Administrator of the CHI Retirement Plan, CHI itself reserved the right to amend, alter, suspend or terminate the plan at any time, by resolution of the Plan Administrator or the Board of Stewardship Trustees.

74.     The DB Plan Subcommittee Charter also states that the Board or HR Committee may itself exercise any of the duties delegated to the DB Plan Subcommittee with respect to the CHI Retirement Plan at any time. Accordingly, both the Board of Stewardship Trustees and the HR Committee have full authority to act as Plan Administrator, and such authority expressly trumps the authority of the DB Plan Subcommittee.

**1.     The CHI Retirement Plan Meets the Definition of an ERISA Defined Benefit Plan**

75.     The CHI Retirement Plan is a plan, fund, or program that was established or maintained by CHI and which by its express terms and surrounding circumstances provides retirement income to employees and/or results in the deferral of income by employees to the termination of their employment or beyond.  As such, the CHI Retirement Plan meets the definition of an "employee pension benefit plan" within the meaning of ERISA section 3(2)(A), 29 U.S.C. § 1002(2)(A).

76.     The CHI Retirement Plan does not provide for an individual account for each participant and does not provide benefits based solely upon the amount

Plaintiffs' Amended
Complaint  25

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

contributed to a participant's account.  As such, the CHI Retirement Plan is a defined

benefit plan within the meaning of ERISA section 3(35), 29 U.S.C. § 1002(35), and is

not an individual account plan or "defined contribution plan" within the meaning of

ERISA section 3(34), 29 U.S.C. § 1002(34).

77.     CHI is the Plan Administrator and a fiduciary for the CHI Retirement Plan;

in the alternative, the DB Plan Subcommittee Defendants, the Board of Stewardship

Trustee Defendants and the Human Resources Committee Defendants are the Plan

Administrator and fiduciaries.

78.     As an employer establishing and/or maintaining the CHI Retirement Plan,

CHI is and has been the Plan Sponsor of the CHI Retirement Plan within the meaning of

ERISA section 3(16)(B), 29 U.S.C. § 1002(16)(B), at least since 1996.

79.     To the extent that the CHI Retirement Plan purports to be exempt from

ERISA and has elected not to be subject to ERISA, the terms of the instrument under

which the CHI Retirement Plan is operated do not specifically designate any person or

entity as Plan Administrator sufficient to meet the requirements of ERISA section 402,

29 U.S.C. § 1102.

80.     In the absence of a Plan Administrator specifically designated in or

pursuant to any instrument governing the Plan, the Plan Sponsor of the CHI Retirement

Plan is the Plan Administrator, under ERISA section 3(16)(A)(ii), 29 U.S.C. §

1002(16)(A)(ii).

81.     As CHI is and has been the Plan Sponsor of the CHI Retirement Plan, CHI

also is and has been the Plan Administrator of the plan within the meaning of ERISA

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

section 3(16)(A), 29 U.S.C. § 1002(16)(A).  As such, CHI also is and has been a

fiduciary with respect to the plan within the meaning of ERISA section 3(21)(A)(iii), 29

U.S.C. § 1002(21)(A)(iii), because the Plan Administrator, by the very nature of the

position, has discretionary authority or responsibility in the administration of the Plan.

82.    To the extent that the DB Plan Subcommittee was appointed as Plan

Administrator of the CHI Retirement Plan by the Board of Stewardship Trustees, and

that delegation was sufficient to meet the requirements of ERISA section 402, 29 U.S.C.

§ 1102, the DB Plan Subcommittee is a fiduciary with respect to the plan. As such, the

DB Plan Subcommittee Defendants are and have been fiduciaries with respect to the

plan within the meaning of ERISA section 3(21)(A)(iii), 29 U.S.C. § 1002(21)(A)(iii),

because the Plan Administrator, by the very nature of the position, has discretionary

authority or responsibility in the administration of the plan.

83.    Further, the DB Plan Subcommittee Charter states that the DB Plan

Subcommittee is a fiduciary to the CHI Retirement Plan, and the Charter cites to various

fiduciary duties set forth under ERISA that are intended to protect the interests of

participants, and to prevent self-dealing by fiduciaries. Pursuant to ERISA section 402,

29 U.S.C. § 1102, the DB Plan Subcommittee is thus a named fiduciary with respect to

the CHI Retirement Plan. As such, the DB Plan Subcommittee Defendants are and

have been fiduciaries with respect to the plan within the meaning of ERISA section

3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), because the DB Plan

Subcommittee has discretionary authority or discretionary control respecting

management of the plan.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

84.     To the extent that the Board of Stewardship Trustees and the Human

Resources Committee reserved all rights to exercise any duties delegated to the DB

Plan Subcommittee as Plan Administrator, and that reservation meets the requirements

of ERISA section 402, 29 U.S.C. § 1102, the Board of Stewardship Trustee Defendants

and the Human Resources Committee Defendants are also fiduciaries with respect to

the CHI Retirement Plan. As such, the Board of Stewardship Trustee Defendants and

the Human Resources Committee Defendants also are and have been fiduciaries with

respect to the plan within the meaning of ERISA section 3(21)(A)(i) and (iii), 29 U.S.C. §

1002(21)(A)(i) and (iii), because they have the power to exercise any of the

discretionary authority or discretionary control respecting management of the plan held

by the DB Plan Subcommittee, and because they also have the power to exercise any

discretionary authority or responsibility assumed by the DB Plan Subcommittee as Plan

Administrator.

85.     CHI is also a fiduciary with respect to the CHI Retirement Plan within the

meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercises

discretionary authority or discretionary control respecting management of the plan,

exercises authority and control respecting management or disposition of the CHI plan

assets, and/or has discretionary authority or discretionary responsibility in the

administration of the plan.

86.     For certain of CHI's 401(k) plans, welfare benefit plans, long term disability

plans, and for its defined benefit plan for its for-profit entities, CHI claims they are

operated under ERISA. These plans include the Catholic Health Initiatives Welfare

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

Benefit Plan, the Consolidated Health Services, Inc. Retirement Plan, the Catholic Health Initiatives ERISA Employee Savings Plan, the Catholic Health Initiatives Retirement Plan for For-Profit Entities, and the Catholic Health Initiatives 401(k) Plan.

87.    Compliance with ERISA creates no undue, genuine burden on any religious practice of CHI, as evidenced by CHI's claimed compliance with ERISA for all of the plans mentioned in the preceding paragraph.

88.    The employees of CHI administering CHI's aforementioned plans under ERISA are the same individuals that serve as three of the four members of the DB Plan Subcommittee and purport to administer the CHI Retirement Plan as a claimed exempt Church Plan.

### 2.    The CHI Plans Are Not Church Plans

89.    CHI claims the CHI Plans are Church Plans under ERISA section 3(33), 29 U.S.C. § 1002(33), and the analogous section of the Internal Revenue Code ("IRC"), and are therefore exempt from ERISA's coverage under ERISA section 4(b)(2), 29 U.S.C. § 1003(b)(2).

### a.    Only Two Types of Plans May Qualify as Church Plans and the CHI Plans are Neither.

90.    Under section 3(33) of ERISA, 29 U.S.C. § 1002(33), only the following two types of plans may qualify as Church Plans:

- First, under section 3(33)(A) of ERISA, 29 U.S.C. § 1002(33)(A), a plan *established and maintained* by a church or by a convention or association of churches, can qualify under certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29 U.S.C. § 1002(33)(B); and

- Second, under section 3(33)(C)(i) of ERISA, 29 U.S.C. § 1002(33)(C)(i), a plan *established* by a church or by a convention or association of

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

> churches that is *maintained* by an organization, *the principal purpose or function of which* is the administration or funding of a retirement plan, if such organization is controlled by or associated with a church or convention or association of churches, can qualify under certain circumstances and subject to the restrictions of section 3(33)(B) of ERISA, 29 U.S.C. § 1002(33)(B).

Both types of plans must be "established" by a church or by a convention or association of churches in order to qualify as "Church Plans."

91.    Although other portions of ERISA section 3(33)(C) address, among other matters, who can be *participants* in a Church Plan—in other words, which employees can be in Church Plans, etc.—these other portions of ERISA section 3(33)(C) do not add any other type of *plan* that can be a Church Plan.  29 U.S.C. § 1002(33)(C).  The only two types of plans that can qualify as Church Plans are those described in ERISA section 3(33)(A) and in section 3(33)(C)(i).  29 U.S.C. §§ 1002(33)(A) and (C)(i).  The CHI Plans do not qualify as Church Plans under either ERISA section 3(33)(A) or section 3(33)(C)(i).  29 U.S.C. §§ 1002(33)(A) or (C)(i).

92.    First, under ERISA section 3(33)(A), a Church Plan is "a plan established and maintained for its employees by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26." ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A).

93.    The CHI Plans at issue here are not Church Plans as defined in ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A), because the CHI Plans were established, maintained, administered or sponsored by CHI, or by CHI's own committees for CHI's, or its affiliates' own employees.  Because neither CHI nor its affiliates are a church or a convention or association of churches, nor do they claim to be, the CHI Plans were not

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

"established and maintained by" a church or by a convention or association of churches and were not maintained for employees of a church or convention or association of churches.  That is the end of the inquiry under ERISA section 3(33)(A), 29 U.S.C. § 1002(33)(A).

94.     Second, under ERISA section 3(33)(C)(i), a Church Plan also includes a plan "established" by a church or by a convention or association of churches that is "maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches." ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

95.     The CHI Plans are not Church Plans as defined in ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because the CHI Plans were not "established" by a church or by a convention or association of churches.  Moreover, the CHI Plans do not qualify as "Church Plans" under section 3(33)(C)(i) because they are not maintained by any entity, whose principal purpose or function is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both.  This ends any argument that the CHI Plans could be Church Plans under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i).

96.     To the extent that CHI claims that the CHI Plans qualify as "Church Plans" under section 3(33)(C)(i) because they are "maintained" by an entity within CHI, other

Plaintiffs' Amended
Complaint  31

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

than CHI, whose principal purpose or function is the administration or funding of a plan or program for the provision of retirement benefits of welfare benefits, the claim fails because the only entity with the power to "maintain" the CHI Plans, which includes the power to continue and/or terminate the Plans, is CHI. This ends any argument that the CHI Plans could be Church Plans under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i) because they are maintained by any entity other than CHI.

97.     However, even if the CHI Plans had been "established" by a church and even if the principal purpose or function of CHI was the administration or funding of the CHI Plans (instead of running a hospital conglomerate), the CHI Plans still would not qualify as Church Plans under ERISA section 3(33)(C)(i), 29 U.S.C. § 1002(33)(C)(i), because the principal purpose of the Plans is not to provide retirement or welfare benefits to *employees of a church or convention or association of churches*.  For example, the over 70,000 participants in the CHI Retirement Plan work for CHI, a non-profit hospital conglomerate. CHI is not a church or convention or association of churches, and its employees are not employees of a church or convention or association of churches within the meaning of ERISA.

98.     Under ERISA section 3(33)(C)(ii), 29 U.S.C. § 1002(33)(C)(ii), however, an employee of a tax exempt organization that is controlled by or associated with a church or a convention or association of churches also may be considered an employee of a church.  But the CHI Plans also fail this part of the definition, because CHI is not controlled by or associated with a church or convention of churches within the meaning of ERISA.

Plaintiffs' Amended
Complaint  32

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

99.     CHI is not controlled by a church or convention or association of churches.

100.    CHI is not owned or operated by a church and does not receive funding from a church.

101.    In addition, CHI is not "associated with" a church or convention or association of churches within the meaning of ERISA.  Under ERISA section 3(33)(C)(iv), 29 U.S.C. § 1002(33)(C)(iv), an organization "is associated with a church or a convention or association of churches if it shares common religious bonds and convictions with that church or convention or association of churches."  CHI does not share common religious bonds and convictions with a church or association of churches within the meaning of ERISA.

102.    For example, CHI tells prospective employees that religious affiliation is not a factor in the recruiting and hiring of CHI employees.  In choosing to recruit and hire from the population at large, CHI must also be willing to accept generally applicable, neutral regulations, such as ERISA, which protect those employees' legitimate interests.

103.    In addition, CHI has a practice of growing its business by adding to its network community hospitals that claim no religious affiliation, as well as other hospitals claiming various unrelated religious affiliations.  In choosing to compete in the commercial arena of healthcare services, and to embark upon a business plan that targets healthcare facilities with no claimed ties to any particular religion, or to religion generally, CHI must be willing to accept neutral regulations, such as ERISA, imposed to protect its employees' legitimate interests.

Plaintiffs' Amended
Complaint  33

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

104.     CHI has added numerous other health care providers to its business through acquisition or affiliation that have no claimed ties to religion, or that claim ties to divergent religions, and by extension, added the employees of these providers to its Plans. Between 2011 and 2013, CHI added to its Plans employees and former employees from the following practices or groups: the University of Maryland Medical System Corporation, Cumberland Clinic, PLLC, Blue Star Orthopedic, P.S.C., Eastern Kentucky Medical Services LLC, Nebraska Heart Hospital, LLC, Nebraska Heart Institute P.C., KentuckyOne Heath, Inc., Commonwealth Hematology-Oncology, P.S.C., Gastroenterology Specialists of Lexington, P.S.C., University Medical Center, Inc., JH Properties, Inc., Primary Care Associates P.S.C., SHIFA P.S.C., and Bluegrass Hematology Oncology PSC. Upon information and belief, these providers claimed no affiliation to any religion, or claimed affiliation to divergent religions prior to being acquired by CHI, and thus share no common religious bonds and convictions.

105.     The CHI Plans further fail to satisfy the requirements of ERISA section 3(33)(C)(i) because this section requires the organization that maintains the plans to be "controlled by or associated with" a church or convention or association of churches within the meaning of ERISA.  29 U.S.C. § 1002(33)(C)(i).  Thus, even if (1) a church had "established" the CHI Plans (which it did not); (2) the principal purpose or function of CHI was the administration or funding of the CHI Plans (instead of running a healthcare conglomerate); and (3) CHI's employees were employees of a church or convention or association of churches (which they are not), the CHI Plans still would not qualify as Church Plans under ERISA section 3(33)(C)(i) because—for the reasons

Plaintiffs' Amended
Complaint  34

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

outlined above—CHI is not *controlled by or associated with* a church or convention or association of churches within the meaning of ERISA. *Id.*

106.    Finally, even if CHI were "controlled by or associated with" a church, and thus its employees were deemed "employees" of a church under ERISA section 3(33)(C)(ii)(II), and even if the CHI Plans were "maintained by" either a church or "pension board" satisfying the requirements of ERISA section 3(33)(C)(i), the CHI Plans would still not be "Church Plans" because all "Church Plans" must be "established" by a church or by a convention or association of churches.  29 U.S.C. §§ 1002(33)(A), (C)(i). Although a church may be deemed an "employer" of the employees of an organization that it "controls" or with which it is "associated," *see* ERISA section 3(33)(C)(iii), 29 U.S.C. § 1002(33)(C)(iii), nothing in ERISA provides that the church may be deemed to have "established" a retirement plan that was in fact established by the "controlled" or "associated" organization.  Accordingly, because no church established the CHI Plans, the plans cannot be "Church Plans" within the meaning of ERISA.

> **b.    Even if the CHI Plans Could Otherwise Qualify as Church Plans under ERISA Sections 3(33)(A) or (C)(i), They are Excluded From Church Plan Status under ERISA Section 3(33)(B)(ii).**

107.    Under ERISA section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii), a plan is specifically excluded from Church Plan status if less than substantially all of the plan participants are members of the clergy or employed by an organization controlled by or associated with a church or convention or association of churches.  In this case, there are over 70,000 participants in the CHI Retirement Plan alone, and very nearly all of them are non-clergy healthcare workers.

Plaintiffs' Amended
Complaint  35

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

108.    If the over 70,000 participants in the CHI Retirement Plan do not work for

an organization that is controlled by or associated with a church or convention or

association of churches, then even if the CHI Plans could otherwise qualify as Church

Plans under ERISA sections 3(33)(A) or (C)(i), they still would be foreclosed from

Church Plan status under section 3(33)(B)(ii), 29 U.S.C. § 1002(33)(B)(ii).

109.    As set forth above, CHI is not controlled by a church or association of

churches, nor does it share common religious bonds and convictions with a church or

association of churches.

> **c.**    **Even if the CHI Plans Could Otherwise Qualify as Church Plans under ERISA, the Church Plan Exemption, as Claimed By CHI, Violates the Establishment Clause of the First Amendment of the Constitution, and Is Therefore Void and Ineffective.**

110.    The Church Plan exemption is an accommodation *for churches* that

establish and maintain pension plans, and it allows such plans to be exempt from

ERISA.

111.    The Establishment Clause guards against the establishment of religion by

the government.  The government "establishes religion" when, among other activities, it

privileges those with religious beliefs (*e.g.* exempts them from neutral regulations) at the

expense of nonadherents and/or while imposing legal and other burdens on

nonmembers.  Extension of the Church Plan exemption to CHI, a non-church entity,

privileges CHI for its claimed faith, at the expense of its employees, who are told that

their faith is not relevant to their employment, yet who are then denied the benefit of

insured, funded pensions, as well as many other important ERISA protections.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Similarly, CHI, a non-church entity, has a privileged economic advantage over its competitors in the commercial arena it has chosen, based solely on CHI's claimed religious beliefs.  This too is prohibited by the Establishment Clause. Simply put, when government provides a regulatory exemption "exclusively to religious organizations that is not required by the Free Exercise Clause and that . . . burdens nonbeneficiaries," it has endorsed religion in violation of the Establishment Clause. *See, e.g., Tex. Monthly, Inc. v. Bullock*, 489 U.S. 1, 15, 18 n.8 (1989) (plurality opinion).

112.    As set forth in more detail below in Count VIII, the extension of the Church Plan accommodation to CHI, which is not a church, violates the Establishment Clause because it is not necessary to further the stated purposes of the exemption, harms CHI workers, puts CHI competitors at an economic disadvantage, relieves CHI of no genuine religious burden created by ERISA, and creates more government entanglement with alleged religious beliefs than compliance with ERISA creates. Accordingly, the Church Plan exemption, as claimed by CHI, is void and ineffective.

## VI.   CLASS ALLEGATIONS

113.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class of persons similarly situated:  All participants and beneficiaries of defined benefit pension plans that are established, maintained, administered, or sponsored by CHI, or by CHI's committees, and claimed to be "Church Plans" under ERISA.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

114.    Excluded from the Class are any high-level executives at CHI or any

employees who have responsibility or involvement in the administration of the Plans, or

who are subsequently determined to be fiduciaries of one or more of the CHI Plans.

**A.    Numerosity**

115.    The exact number of Class members is unknown to Plaintiffs at this time,

but may be readily determined from records maintained by CHI.  CHI currently employs

approximately 94,791 individuals, and the number of participants in the CHI Retirement

Plan alone is over 70,000.  Accordingly, the Class is so numerous that joinder of all

members is impracticable.

116.    CHI operates hospitals, other healthcare facilities, and corporate offices in

the states of Arkansas, Colorado, Iowa, Kansas, Kentucky, Maryland, Minnesota,

Nebraska, New Jersey, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania,

Tennessee, Washington, and Wisconsin.  Upon information and belief, CHI's employees

and, therefore, the members of the Class are geographically dispersed across at least

the states of: Arkansas, Colorado, Iowa, Kansas, Kentucky, Maryland, Minnesota,

Nebraska, New Jersey, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania,

Tennessee, Washington, and Wisconsin.

**B.    Commonality**

117.    The issues regarding liability in this case present common questions of

law and fact, with answers that are common to all members of the Class, including (1)

whether the Plans are exempt from ERISA as Church Plans, and, if not, (2) whether the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

fiduciaries of the Plans have failed to administer and fund the Plans in accordance with ERISA.

118.   The issues regarding the relief are also common to the members of the Class as the relief will consist of (1) a declaration that the Plans are ERISA covered plans; (2) an order requiring that the Plans comply with the administration and funding requirements of ERISA; and (3) an order requiring CHI to pay civil penalties to the Class, in the same statutory daily amount for each member of the Class.

## C.   Typicality

119.   Plaintiffs' claims are typical of the claims of the other members of the Class because their claims arise from the same event, practice and/or course of conduct, namely Defendants' failure to maintain the Plans in accordance with ERISA. Plaintiffs' claims are also typical because all Class members are similarly affected by Defendants' wrongful conduct.

120.   Plaintiffs' claims are also typical of the claims of the other members of the Class because, to the extent Plaintiffs seek equitable relief, it will affect all Class members equally.  Specifically, the equitable relief sought consists primarily of (i) a declaration that the CHI Plans are not Church Plans; and (ii) a declaration that the CHI Plans are ERISA covered plans that must comply with the administration and funding requirements of ERISA.  In addition, to the extent Plaintiffs seek monetary relief, it is for civil fines to the Class in the same statutory daily amount for each member of the Class.

121.   CHI does not have any defenses unique to Plaintiffs' claims that would make Plaintiffs' claims atypical of the remainder of the Class.

Plaintiffs' Amended
Complaint  39

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

**D.      Adequacy**

122.    Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class.

123.    Plaintiffs do not have any interests antagonistic to or in conflict with the interests of the Class.

124.    CHI and the other Defendants have no unique defenses against the Plaintiffs that would interfere with Plaintiffs' representation of the Class.

125.    Plaintiffs have engaged counsel with extensive experience prosecuting class actions in general and ERISA class actions in particular.

**E.      Rule 23(b)(1) Requirements**

126.    The requirements of Rule 23(b)(1)(A) are satisfied because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants.

127.    The requirements of Rule 23(b)(1)(B) are satisfied because adjudications of these claims by individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede the ability of other members of the Class to protect their interests.

**F.      Rule 23(b)(2) Requirements**

128.    Class action status is also warranted under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class,

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

## G.    Rule 23(b)(3) Requirements

129.   If the Class is not certified under Rule 23(b)(1) or (b)(2) then certification under (b)(3) is appropriate because questions of law or fact common to members of the Class predominate over any questions affecting only individual members.  The common issues of law or fact that predominate over any questions affecting only individual members include: (1) whether the Plans are exempt from ERISA as Church Plans, and, if not, (2) whether the fiduciaries of the Plans have failed to administer and fund the Plans in accordance with ERISA; and (3) whether the Church Plan exemption, as claimed by CHI, violates the Establishment Clause of the First Amendment. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

A.    Individual class members do not have an interest in controlling the prosecution of these claims in individual actions rather than a class action because the equitable relief sought by any Class member will either inure to the benefit of the Plans or affect each class member equally;

B.    Individual Class members also do not have an interest in controlling the prosecution of these claims because the monetary relief that they could seek in any individual action is identical to the relief that is being sought on their behalf herein;

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

C.      There is no other litigation begun by any other Class

members concerning the issues raised in this litigation;

D.      This litigation is properly concentrated in this forum, which is

where CHI is headquartered; and

E.      There are no difficulties managing this case as a class

action.

## VII.   CAUSES OF ACTION
### COUNT I

**(Claim for Equitable Relief Pursuant to ERISA Section 502(a)(3))**

**(Against Defendant CHI)**

130.    Plaintiffs repeat and re-allege the allegations contained in all foregoing

paragraphs herein.

131.    ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant

or beneficiary to bring a civil action to obtain "appropriate equitable relief ... to enforce

any provisions of this subchapter or the terms of the plan."  Pursuant to this provision,

and 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, Plaintiffs

seek declaratory relief that the CHI Plans are not Church Plans within the meaning of

ERISA section 3(33), 29 U.S.C. § 1002(33), and thus are subject to the provisions of

Title I and Title IV of ERISA.

132.    ERISA section 502(a)(3), 29 U.S.C. § 1132(a)(3), also authorizes a

participant or beneficiary to bring a civil action to "(A) to enjoin any act or practice which

violates any provision of this subchapter or the terms of the plan, or (B) to obtain other

appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

of this subchapter or the terms of the plan." Pursuant to these provisions, Plaintiffs seek orders directing the CHI Plans' sponsor, CHI, to bring the CHI Plans into compliance with ERISA.

133.    As the CHI Plans are not Church Plans within the meaning of ERISA section 3(33), 29 U.S.C. § 1002(33), and meet the definition of a pension plan under ERISA section 3(2), 29 U.S.C. § 1002(2), each of the CHI Plans should be declared to be ERISA-covered pension plans, and the CHI Plans' sponsor, CHI, should be ordered to bring the CHI Plans into compliance with ERISA, including by remedying the violations set forth below.

## COUNT II

## (Claim for Violation of Reporting and Disclosure Provisions)

## (Against All Defendants)

134.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

### 1.    Summary Plan Descriptions

135.    At no time have CHI and/or the members of the DB Plan Subcommittee, the Human Resources Committee or the Board of Stewardship Trustees provided Plaintiffs or any member of the Class with a Summary Plan Description with respect to the CHI Plans that meets the requirements of ERISA section 102, 29 U.S.C. § 1022, and the regulations promulgated thereunder.

136.    Because CHI and/or the members of the DB Plan Subcommittee have been the Plan Administrator of the Plans at all relevant times (subject to the right of the

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Human Resources Committee and the Board of Stewardship Trustees to act as Plan Administrator), they have violated ERISA section 104, 29 U.S.C. § 1024, by failing to provide Plaintiffs and members of the Class with adequate Summary Plan Descriptions.

### 2.    Annual Reports

137.    At no time have CHI and/or the members of the DB Plan Subcommittee, the Human Resources Committee or the Board of Stewardship Trustees filed an annual report with respect to the CHI Plans with the Secretary of Labor in compliance with ERISA section 103, 29 U.S.C. § 1023, or a Form 5500 and associated schedules and attachments which the Secretary has approved as an alternative method of compliance with ERISA section 103, 29 U.S.C. § 1023.

138.    Because CHI and/or the members of the DB Plan Subcommittee have been the Plan Administrator of the CHI Plans at all relevant times (subject to the right of the Human Resources Committee and the Board of Stewardship Trustees to act as Plan Administrator), they have violated ERISA section 104(a), 29 U.S.C. § 1024(a), by failing to file annual reports with respect to the CHI Plans with the Secretary of Labor in compliance with ERISA section 103, 29 U.S.C. § 1023, or Form 5500s and associated schedules and attachments that the Secretary has approved as an alternate method of compliance with ERISA section 103, 29 U.S.C. § 1023.

### 3.    Summary Annual Reports

139.    At no time have CHI and/or the members of the DB Plan Subcommittee, the Human Resources Committee or the Board of Stewardship Trustees furnished Plaintiffs or any member of the Class with a Summary Annual Report with respect to the

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

CHI Plans in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

140.    Because CHI and/or the members of the DB Plan Subcommittee have been the Plan Administrator of the CHI Plans at all relevant times (subject to the right of the Human Resources Committee and the Board of Stewardship Trustees to act as Plan Administrator), they have violated ERISA section 104(b)(3), 29 U.S.C. § 1024(b)(3), by failing to furnish Plaintiffs or any member of the Class with a Summary Annual Report with respect to the CHI Plans in compliance with ERISA section 104(b)(3) and regulations promulgated thereunder.  29 U.S.C. § 1024(b)(3).

### 4.    Notification of Failure to Meet Minimum Funding

141.    At no time has CHI furnished Plaintiffs or any member of the Class with a Notice with respect to the CHI Plans pursuant to ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), informing them that CHI had failed to make the payments required to comply with ERISA section 302, 29 U.S.C. § 1082, with respect to the CHI Plans.

142.    Defendant CHI has been the employer that established and/or maintained the CHI Plans.

143.    At no time has Defendant CHI funded the CHI Plans in accordance with ERISA section 302, 29 U.S.C. § 1082.

144.    As the employer maintaining the CHI Plans, Defendant CHI has violated ERISA section 302, 29 U.S.C. § 1082, by failing to fund the CHI Plans, is liable for its own violations of ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1), and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as

Plaintiffs' Amended Complaint  45

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

permitted by ERISA Section 502(c)(3), 29 U.S.C. § 1132(c)(3), amended by 29 C.F.R. section 2575.502c-3) for each day that Defendant has failed to provide Plaintiffs and each Class member with the notice required by ERISA section 101(d)(1), 29 U.S.C. § 1021(d)(1).

### 5.    Funding Notices

145.    At no time have CHI and/or the members of the DB Plan Subcommittee, the Human Resources Committee or the Board of Stewardship Trustees furnished Plaintiffs or any member of the Class with a Funding Notice with respect to the CHI Plans pursuant to ERISA section 101(f), 29 U.S.C. § 1021(f).

146.    Because CHI and/or the members of the DB Plan Subcommittee have been the Plan Administrator of the CHI Plans at all relevant times (subject to the right of the Human Resources Committee and the Board of Stewardship Trustees to act as Plan Administrator), they have violated ERISA section 101(f) by failing to provide each participant and beneficiary of the CHI Plans with the Funding Notice required by ERISA section 101(f), and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as permitted by ERISA Section 502(c)(1), 29 U.S.C. § 1132(c)(1), amended by 29 C.F.R. section 2575.502c-1 for each day that Defendant has failed to provide Plaintiffs and each Class member with the notice required by ERISA section 101(f).  29 U.S.C. § 1021(f).

### 6.    Pension Benefit Statements

147.    At no time have CHI and/or the members of the DB Plan Subcommittee, the Human Resources Committee and the Board of Stewardship Trustees furnished

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

Plaintiffs or any member of the Class with a Pension Benefit Statement with respect to the CHI Plans pursuant to ERISA section 105(a)(1), 29 U.S.C. § 1025(a)(1).

148.    Because CHI and/or the members of the DB Plan Subcommittee have been the Plan Administrator of the CHI Plans at all relevant times (subject to the right of the Human Resources Committee and the Board of Stewardship Trustees to act as Plan Administrator), they have violated ERISA section 105(a)(1) and as such may be required by the Court to pay Plaintiffs and each class member up to $110 per day (as permitted by ERISA Section 502(c)(1), 29 U.S.C. § 1132(c)(1), amended by 29 C.F.R. section 2575.502c-1) for each day that Defendant has failed to provide Plaintiffs and each Class member with the Pension Benefit Statements required by ERISA section 105(a)(1).  29 U.S.C. § 1025(a)(1).

## COUNT III

### (Claim for Failure to Provide Minimum Funding)

### (Against Defendant CHI)

149.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

150.    ERISA section 302, 29 U.S.C. § 1082, establishes minimum funding standards for defined benefit plans that require employers to make minimum contributions to their plans so that each plan will have assets available to fund plan benefits if the employer maintaining the plan is unable to pay benefits out of its general assets.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

151.    CHI was responsible for making the contributions that should have been made pursuant to ERISA section 302, 29 U.S.C. § 1082, at a level commensurate with that which would be required under ERISA.

152.    CHI has failed to make contributions in satisfaction of the minimum funding standards of ERISA section 302, 29 U.S.C. § 1082.

153.    By failing to make the required contributions to the CHI Plans, either in whole or in partial satisfaction of the minimum funding requirements established by ERISA section 302, Defendant CHI has violated ERISA section 302.  29 U.S.C. § 1082.

## COUNT IV

**(Claim for Failure to Establish the Plans Pursuant to a Written Instrument Meeting the Requirements of ERISA Section 402)**

**(Against Defendant CHI)**

154.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

155.    ERISA section 402, 29 U.S.C. § 1102, provides that every plan will be established pursuant to a written instrument which will provide among other things "for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan" and will "provide a procedure for establishing and carrying out a funding policy and method constituent with the objectives of the plan and the requirements of [Title I of ERISA]."

156.    Although the benefits provided by the CHI Plans were described to the employees and retirees of CHI (and/or its affiliates and subsidiaries) in various written

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

communications, the CHI Plans have never been established pursuant to a written instrument meeting the requirements of ERISA section 402, 29 U.S.C. § 1102.

157.   Defendant CHI violated section 402 by failing to promulgate written instruments in compliance with ERISA section 402 to govern the CHI Retirement Plans' operations and administration.  29 U.S.C. § 1102.

## COUNT V

### (Claim for Failure to Establish a Trust Meeting the Requirements of ERISA Section 403

### (Against Defendant CHI)

158.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

159.   ERISA section 403, 29 U.S.C. § 1103, provides, subject to certain exceptions not applicable here, that all assets of an employee benefit plan shall be held in trust by one or more trustees, that the trustees shall be either named in the trust instrument or in the plan instrument described in section 402(a), 29 U.S.C. § 1102(a), or appointed by a person who is a named fiduciary.

160.   Although the CHI Plans' assets have been held in trust, the trust does not meet the requirements of ERISA section 403, 29 U.S.C. § 1103.

161.   Defendant CHI violated section 403 by failing to put the CHI Plans' assets in trust in compliance with ERISA section 403.  29 U.S.C. § 1103.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## COUNT VI

## (Claim for Civil Money Penalty Pursuant to ERISA Section 502(a)(1)(A)

## (Against All Defendants)

162.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

163.    ERISA section 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that a participant may bring a civil action for the relief provided in ERISA section 502(c), 29 U.S.C. § 1132(c).

164.    ERISA section 502(c)(3), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-3, provides that an employer maintaining a plan who fails to meet the notice requirement of ERISA section 101(d), 29 U.S.C. § 1021(d), with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure.

165.    ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1), as provided in 29 C.F.R. section 2575.502c-1, provides that an administrator of a defined benefit pension plan who fails to meet the notice requirement of ERISA section 101(f), 29 U.S.C. § 1021(f), with respect to any participant and beneficiary may be liable for up to $110 per day from the date of such failure.

166.    ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(3), as provided in 29 C.F.R. section 2575.502c-1, provides that an administrator of a defined benefit pension plan who fails to provide a Pension Benefit Statement at least once every three years to a participant with a nonforfeitable accrued benefit who is employed by the employer

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

maintaining the plan at the time the statement is to be furnished as required by ERISA section 105(a), 29 U.S.C. § 1025(a), may be liable for up to $110 per day from the date of such failure.

167.    As Defendant CHI, as employer, has failed to give the notices required by ERISA section 101(d), 29 U.S.C. § 1021(d), as set forth in Count II Subpart 4, Defendant CHI is liable to the Plaintiffs and each member of the Class in an amount up to $110 per day from the date of such failures until such time that notices are given and the statement is provided, as the Court, in its discretion, may order.

168.    As Defendant CHI and/or the members of the DB Plan Subcommittee have been the Plan Administrator of the Plans (subject to the right of the Human Resources Committee and the Board of Stewardship Trustees to act as Plan Administrators) and have failed to give the notices required by ERISA section 101(f), 29 U.S.C. § 1021(f), and the Pension Benefit Statement required by ERISA section 105(a), 29 U.S.C. § 1025(a), as set forth in Count II Subparts 5 & 6, Defendant CHI and/or the members of the DB Plan Subcommittee, the Human Resources Committee and the Board of Stewardship Trustees are liable to the Plaintiffs and each member of the Class in an amount up to $110 per day from the date of such failures until such time that notices are given and the statement is provided, as the Court, in its discretion, may order.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

## COUNT VII

### (Claim for Breach of Fiduciary Duty)

### (Against All Defendants)

169.    Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

170.    Plaintiffs bring this Count VII for breach of fiduciary duty pursuant to ERISA section 502(a)(2), 29 U.S.C. § 1132(a)(2).

### 1.    Breach of the Duty of Prudence and Loyalty

171.    ERISA section 404(a)(1), 29 U.S.C. § 1104(a)(1), provides in pertinent part that a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –

(a)    for the exclusive purpose of:

    (i)    providing benefits to participants and beneficiaries; and

    (ii)    defraying reasonable expenses of administering the plan;

(b)    with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . [and]

(c)    in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this [title I of ERISA] and title IV.

172.    As fiduciaries with respect to the CHI Plans, Defendants had the authority as Plan Administrator to enforce each provision of ERISA alleged to have been violated

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

in the foregoing paragraphs pursuant to ERISA section 502(a)(3), 29 U.S.C. §

1132(a)(3).  Having the authority to enforce the provisions of ERISA at those respective

times, ERISA sections 404(a)(1)(A)-(D), 29 U.S.C. §§  1104(a)(1)(A)-(D), imposed on

Defendants the respective duty to enforce those provisions in the interest of the

participants and beneficiaries of the CHI Plans during the times that each was a

fiduciary of the CHI Plans.

173.    Defendants have never enforced any of the provisions of ERISA set forth

in Counts I-V with respect to the CHI Plans.

174.    By failing to enforce the provisions of ERISA set forth in Counts I-V,

Defendants breached the fiduciary duties that they owed to Plaintiffs and the Class.

175.    The failure of Defendants to enforce the funding obligations owed to the

Plans has resulted in a loss to the CHI Plans equal to the foregone funding and

earnings thereon, and profited Defendant CHI by providing it the use of money owed to

the CHI Plans for its general business purposes.

### 2.    Prohibited Transactions

176.    ERISA section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), prohibits a

fiduciary with respect to a plan from directly or indirectly causing a plan to extend credit

to a party in interest, as defined in ERISA section 3(14), 29 U.S.C. § 1002(14), if he or

she knows or should know that such transaction constitutes an extension of credit to a

party in interest.

177.    ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits a

fiduciary with respect to a plan from directly or indirectly causing a plan to use assets for

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

the benefit of a party in interest, if he or she knows or should know that such transaction constitutes a use of plan assets for the benefit of a party in interest.

178.   ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1), prohibits the use of plan assets by a fiduciary with respect to a plan in his or her own interest or for his or her own account.

179.   The members of the DB Plan Subcommittee as Plan Administrator fiduciaries, (subject to the right of the Human Resources Committee and the Board of Stewardship Trustees to act as Plan Administrator), and, with respect to CHI, as an employer of employees covered by the Plans, at all relevant times were parties in interest with respect to the CHI Plans pursuant to ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

180.   By failing to enforce the funding obligations created by ERISA and owed to the Plans, Defendants extended credit from the CHI Plans to CHI in violation of ERISA section 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B), when Defendants knew or should have known that their failure to enforce the funding obligation constituted such an extension of credit.

181.   By failing to enforce the funding obligations created by ERISA and owed to the CHI Plans, Defendants used the CHI Plans' assets for CHI's own benefit, when Defendants knew or should have known that their failure to enforce the funding obligations constituted such a use of the CHI Plans' assets, in violation of ERISA section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

182.   By failing to enforce the funding obligations created by ERISA and owed to the CHI Plans, Defendants used the CHI Plans' assets in CHI's interest in violation of ERISA section 406(b)(1), 29 U.S.C. § 1106(b)(1).

183.   The failure of Defendants to enforce the funding obligations owed to the CHI Plans has resulted in a loss to the CHI Plans equal to the foregone funding and earnings thereon.

184.   The failure of Defendants to enforce the funding obligations owed to the CHI Plans has profited Defendant CHI by providing it the use of money owed to the CHI Plans for its general business purposes.

## COUNT VIII

**(Claim for Declaratory Relief That the Church Plan Exemption Violates the Establishment Clause of the First Amendment of the Constitution, and Is Therefore Void and Ineffective)**

**(Against Defendant CHI)**

185.   Plaintiffs incorporate and re-allege by reference the foregoing paragraphs as if fully set forth herein.

186.   The ERISA Church Plan exemption is an accommodation that exempts churches and associations of churches, under certain circumstances, from compliance with ERISA.

187.   The ERISA Church Plan exemption, as claimed by CHI, is an attempt to extend the accommodation beyond churches and associations of churches, to CHI—a non-profit hospital conglomerate that has chosen to compete with commercial businesses, including other non-profits as well as for-profits, by entering the economic

Plaintiffs' Amended
Complaint  55

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

arena and trafficking in the marketplace.  Extension of the Church Plan exemption to CHI violates the Establishment Clause because it (A) is not necessary to further the stated purposes of the exemption; (B) harms CHI workers; (C) puts CHI competitors at an economic disadvantage; (D) relieves CHI of no genuine religious burden created by ERISA; and (E) creates more government entanglement with alleged religious beliefs than compliance with ERISA creates.

> **A.**  <u>Not Necessary to Further Stated Purpose</u>. Congress enacted the Church Plan exemption to avoid "examination of books and records . . . an unjustified invasion of the confidential relationship . . . with regard to churches and their religious activities."[4] This purpose has no application to CHI, which is neither run by nor intimately connected to any church financially. And, unlike a church, CHI has *no confidential books and records* to shield from government scrutiny.  CHI already purports to disclose all material financial records and relationships when it seeks Medicare and Medicaid reimbursements, and issues tax exempt bonds.

> **B.**  <u>Harms Workers</u>.  Employers, including CHI, legally are not required to provide pensions; instead, they choose to provide pensions in order to reap tax rewards and attract and retain employees in a competitive labor market.  CHI tells prospective employees that any choice of faith, or lack thereof, is not a factor in the recruiting and hiring

---

[4] S. Rep. No. 93-383 (1973), *reprinted in* 1974 U.S.C.C.A.N. 4889, 4965.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

of CHI employees. Thus, as a practical matter, and by CHI's own design, its pension plan participants include people of a vast number of divergent faiths, as well as those who belong to no faith. In choosing to recruit and hire from the public at large, CHI must be willing to accept neutral regulations, such as ERISA, imposed to protect those employees' legitimate interests. To be constitutional, an accommodation such as the Church Plan exemption must not impose burdens on non-adherents without due consideration of their interests. The Church Plan exemption, as claimed by CHI, places its tens of thousands of longtime employees' justified reliance on their pension benefits at great risk, including because the Plans are uninsured and upon information and belief, underfunded by over $892 million. In addition, CHI fails to provide the multitude of other ERISA protections designed to safeguard the pensions. The Church Plan exemption, as claimed by CHI, provides no consideration of the harm that it causes for CHI's employees.

    **C.** Puts CHI Competitors at Economic Disadvantage. CHI's commercial rivals face material disadvantages in their competition with CHI because the rivals must use their current assets to fully fund, insure (through premiums to the PBGC) and administer their pension plans, as well as provide the other ERISA protections. In claiming that the CHI Plans are exempt Church Plans, CHI enjoys a material competitive

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

advantage because it is able to divert significant cash, which otherwise would be required to fund, insure (through premiums to the PBGC) and administer the CHI Plans, to its competitive growth strategy. To be constitutional, an accommodation such as the Church Plan exemption must take adequate account of harm to nonbeneficiaries.  The Church Plan exemption, as applied by CHI, provides no consideration of the disadvantage it creates for CHI's competitors.

**D.**   Relieves No Genuine Religious Burden Imposed by ERISA.

An exemption exclusively for religion must alleviate a significant, *state-imposed* interference with religious exercise. The Church Plan exemption, as claimed by CHI, responds to no genuine burden created by ERISA on any CHI religious practice.  ERISA is materially indistinguishable from the array of neutral Congressional enactments that do not significantly burden religious exercise when applied to commercial activities. Moreover, CHI maintains multiple separate ERISA governed retirement plans, including the Catholic Health Initiatives Welfare Benefit Plan, the Consolidated Health Services, Inc. Retirement Plan, the Catholic Health Initiatives ERISA Employee Savings Plan, the Catholic Health Initiatives Retirement Plan for For-Profit Entities, and the Catholic Health Initiatives 401(k) Plan, which is further evidence that ERISA creates no undue burden on any genuine religious practice of CHI.

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

**E.**   Creates Government Entanglement with Alleged Religious

Beliefs.  A CHI exemption requires courts and agencies to examine

unilateral religious "convictions" of a non-church entity and determine if

they are "shared" with a church, in the absence of any actual church

responsible for the pensions. This *creates* entanglement between

government and putative religious beliefs. ERISA compliance, on the

other hand, requires *zero* entanglement with religion for CHI because

ERISA is a neutral statute that regulates pension protections, and CHI

has no relevant confidential books, records or relationships. Thus an

extension of the Church Plan exemption to CHI produces state

entanglement with alleged religious beliefs while compliance with

ERISA creates no meaningful state entanglement with alleged religious

beliefs.

188.   Plaintiffs seek a declaration by the Court that the Church Plan exemption,

as claimed by CHI, is an unconstitutional accommodation under the Establishment

Clause of the First Amendment, and is therefore void and ineffective.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendants

on all claims and request that the Court award the following relief:

A.   Declaring that the CHI Plans are employee pension benefit

plans within the meaning of ERISA section 3(2), 29 U.S.C. § 1002(2), are

defined benefit pension plans within the meaning of ERISA section 3(35),

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

29 U.S.C. § 1002(35), and are not Church Plans within the definition of section 3(33) of ERISA, 29 U.S.C. § 1002(33).  Ordering CHI and the other Defendants to reform the CHI Plans to bring the them into compliance with ERISA and to have the CHI Plans comply with ERISA including as follows:

1.      Revising the Plans' documents to reflect that the Plans are defined benefit plans regulated by ERISA.

2.      Requiring CHI to fund the CHI Plans in accordance with ERISA's funding requirements, disclose required information to the CHI Plans, participants and beneficiaries, and otherwise comply with all other reporting, vesting, and funding requirements of Parts 1, 2 and 3 of Title I of ERISA, 29 U.S.C. §§ 1021-31, 1051-61, 1081-85.

3.      Reforming the CHI Plans to comply with ERISA's vesting and accrual requirements and providing benefits in the form of a qualified joint and survivor annuity.

4.      Requiring the adoption of an instrument governing the CHI Plans that complies with ERISA section 402, 29 U.S.C. § 1102.

5.      Requiring CHI to comply with ERISA reporting and disclosure requirements, including by filing Form 5500 reports, distributing ERISA-compliant Summary Plan Descriptions, Summary Annual Reports and Participant Benefit Statements, and providing Notice of the CHI Plans' funding status and deficiencies.

6.      Requiring the establishment of a Trust in compliance with ERISA section 403, 29 U.S.C. § 1103.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

7.      Requiring CHI, as a fiduciary of the Plans, to make the CHI Plans whole for any losses and disgorge any CHI profits accumulated as a result of fiduciary breaches.

8.      Appointing an Independent Fiduciary to hold the CHI Plans' assets in trust, to manage and administer the CHI Plans and their assets, and to enforce the terms of ERISA.

9.      Requiring CHI to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day it failed to inform Plaintiffs and each Class member of its failure to properly fund the Plan.

10.     Requiring CHI to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day it failed to provide Plaintiffs and each Class member with a Funding Notice.

11.     Requiring CHI to pay a civil money penalty of up to $110 per day to Plaintiffs and each Class member for each day it failed to provide a benefit statement under ERISA section 105(a)(1)(B), 29 U.S.C. § 1025(a)(1)(B).

12.     Ordering declaratory and injunctive relief as necessary and appropriate, including enjoining the Defendants from further violating the duties, responsibilities, and obligations imposed on them by ERISA, with respect to the CHI Plans.

13.     Declaring with respect to Count VIII, that the Church Plan exemption, as claimed by CHI, is an unconstitutional accommodation under the Establishment Clause of the First Amendment, and is therefore void and ineffective.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

14.     Awarding to Plaintiffs attorneys' fees and expenses as provided by the common fund doctrine, ERISA section 502(g), 29 U.S.C. § 1132(g) and/or other applicable doctrine.

15.     Awarding to Plaintiffs taxable costs pursuant to ERISA section 502(g), 29 U.S.C. § 1132(g), 28 U.S.C. § 1920, and other applicable law.

16.     Awarding to Plaintiffs pre-judgment interest on any amounts awarded pursuant to law.

17.     Awarding, declaring or otherwise providing Plaintiffs and the Class all relief under ERISA section 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that the Court deems proper.

DATED November 22, 2013.

KELLER ROHRBACK L.L.P.

/s/Lynn L. Sarko
Lynn Lincoln Sarko
Havila Unrein
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900 / Fax: (206) 623-3384
Email:  lsarko@kellerrohrback.com
        hunrein@kellerrohrback.com

KELLER ROHRBACK P.L.C.
Ron Kilgard
Laurie Ashton
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088 / Fax: (602) 248- 2822
Email:  rkilgard@kellerrohrback.com
        lashton@kellerrohrback.com

Plaintiffs' Amended
Complaint  62

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
COHEN MILSTEIN SELLERS & TOLL, PLLC.
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

COHEN MILSTEIN SELLERS & TOLL, PLLC
Karen L. Handorf
Monya Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C.  20005
Tel: (202) 408-4600 / Fax: (202) 408-4699
Email:  khandorf@cohenmilstein.com
         mbunch@cohenmilstein.com

***Attorneys for Plaintiffs***

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600

## CERTIFICATE OF SERVICE

I, Lynn L. Sarko, hereby certify that a true copy of the foregoing was emailed and

mailed to counsel for Defendants at the address below on November 22, 2013.

> Lars C. Golumbic
> Lonie Hassel
> Emily Lechner
> Ada Esedebe
> Groom Law Group
> 1701 Pennsylvania Avenue NW
> Washington, DC 20006
> Tel: (202) 861-6615
> Fax: (202) 659-4503
> Email: lgolumbic@groom.com
> lah@groom.com
> elechner@groom.com
> aesedebe@groom.com

> *Counsel for Defendants*

> Stuart F. Delery
> John Walsh
> Judry L. Subar
> Bradley Cohen
> US Department of Justice, Civil Division
> Federal Programs Branch
> PO Box 883
> Washington, DC  20044
> Tel:  (202) 305-9855
> Fax: (202) 616-8202
> Email:  Bradley.cohen@usdoj.gov

> *Counsel for US Attorney General*


> /s/Lynn L. Sarko
> Lynn L. Sarko

Plaintiffs' Amended
Complaint  64

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

LAW OFFICES OF
**COHEN MILSTEIN SELLERS & TOLL, PLLC.**
1100 NEW YORK AVENUE, N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC  20005
TELEPHONE: (202) 408-4600