IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado Corporation,
GERALDINE BEDNASH,
MAUREEN COMER,
RICHARD CORRENTE,
DAVID R. EDWARDS,
KATHERINE GRAY,
BARBARA HAGEDORN,
JAMES HAMILL,
ANTOINETTE HARDY-WALLER,
PHYLLIS HUGHES,
DONALD JONES,
ANDREA J. LEE,
DAVID R. LINCOLN,
KEVIN E. LOFTON,
CHRISTOPHER R. LOWNEY,
ELEANOR F. MARTIN,
MARY MARGARET MOONEY,
LILLIAN MURPHY,
MARY JO POTTER,
PATRICIA SMITH,
EDWARD SPEED,
DEAN SWINDLE,
PATRICIA G. WEBB, and
JOHN AND JANE DOES, 1-10, whose true names are unknown,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the parties' **Joint Motion to Stay Discovery**

1

[#204][1] (the "Motion"). In the Motion, the parties ask the Court to stay discovery, with one exception,[2] until after the Court rules on (1) the Recommendation of United States Magistrate Judge [#199] relating to Plaintiff's Motion for Partial Summary Judgment [#140] and (2) the anticipated recommendation relating to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint With Memorandum in Support [#123]. *Motion* [#204] at 3.

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (finding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue

---

[1] "[#204]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] In the Motion, the parties state that Defendants have agreed to produce documents for deponent Troy Lindon on July 30, 2014 and, therefore, request that the production of those documents be exempted from the stay of discovery. *Motion* [#204] at 3.

is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that staying discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would apparently not prejudice Plaintiff or Defendants, as they jointly request a stay of discovery. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear which claims asserted in the case will move forward. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the

Court and litigants serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.  Therefore,

IT IS HEREBY **ORDERED** that the Motion [#204] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that, with the exception of Defendants' July 30, 2014 production of documents for deponent Troy Lindon, all discovery is **STAYED** pending resolution of (1) the Recommendation of United States Magistrate Judge [#199] relating to Plaintiff's Motion for Partial Summary Judgment [#140] and (2) Defendants' Motion to Dismiss Plaintiffs' Amended Complaint With Memorandum in Support [#123].

IT IS FURTHER **ORDERED** that within 14 days of resolution of (1) the Recommendation of United States Magistrate Judge [#199] relating to Plaintiff's Motion for Partial Summary Judgment [#140] and (2) Defendants' Motion to Dismiss Plaintiffs' Amended Complaint With Memorandum in Support [#123], the parties shall file a proposed Amended Joint Scheduling Order.

Dated:  July 18, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge