# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on behalf of the CHI Plans,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado corporation, et al.,

## ORDER SUSTAINING OBJECTION TO AND REJECTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#199],[1] filed July 9, 2014; and (2) **Defendants' Objections to Recommendation of Magistrate Judge** [#207], filed July 20, 2014.[2] The magistrate judge recommends that **Plaintiff's Motion for Partial Summary Judgment** [#140], filed January 20, 2014, be granted as to plaintiff's request for a declaratory judgment finding that defendant Catholic Health Initiatives' benefit plan (the "CHI Plan") is not a "church plan" within the meaning of 29 U.S.C. § 1003(b)(2), and thus is not exempt from

---

[1] "[#57]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for partial summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, I deny as moot **Defendants' Motion for Oral Argument on Defendants' Objections to Magistrate Judge's Recommendation Regarding Plaintiff's Motion for Partial Summary Judgment** [#213], field August 18, 2014. The motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P.** 56(c) and (d). ***Geear v. Boulder Community Hospital***, 844 F.2d 764, 766 (10th Cir.) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties), ***cert. denied***, 109 S.Ct. 312 (1988).

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* I respectfully disagree with the magistrate judge's interpretation of the relevant provisions of the statute, and thus respectfully reject the recommendation and deny plaintiff's motion for partial summary judgment.

By this lawsuit, plaintiff seeks a declaration that the CHI Plan is not an exempt "church plan" under ERISA because it was not established by a church. The requirements of ERISA are not applicable to employee benefit plans which qualify as "church plan" within the meaning of the statute. 29 U.S.C. § 1003(b)(1). The term "church plan" is defined by statute as

> . . . a plan established and maintained (to the extent required in clause (ii) of subparagraph (B)) for its employees (or their beneficiaries) by a church or by a convention or association of churches which is exempt from tax under section 501 of Title 26.

29 U.S.C.A. § 1002(33)(A). That definition is further explicated in subsection (C):

> For purposes of this paragraph –
>
> (i) A plan established and maintained for its employees (or their beneficiaries) by a church or by a convention or association of churches includes a plan maintained by an organization, whether a civil law corporation or otherwise, the principal purpose or function of which is the administration or funding of a plan or program for the provision of retirement benefits or welfare benefits, or both, for the employees of a church or a convention or association of churches, if such organization is controlled by or associated with a church or a convention or association of churches.

*Id.* § 1002(33)(C)(i). Relying on two recent district court cases, the magistrate judge concluded that subsection (C)(i) modifies subsection (A) only as to the requirement regarding who may *maintain* the plan, but that the statute still requires that the plan first

2

be *established* by a church. Because the CHI Plan ostensibly is not a church,[3] the magistrate judge concluded that it could not satisfy the establishment requirement of subsection (A).

I must respectfully reject this conclusion. The starting point of any effort at statutory interpretation is the language of the statute, which, if plain and unambiguous within the context of the particular dispute before the court, is dispositive. ***Barnhart v. Sigmon Coal Co.***, 534 U.S. 438, 450, 122 S.Ct. 941, 950, 151 L.Ed.2d 908 (2002). Relying on two recent district court decisions, ***see Kaplan v. Saint Peter's Healthcare***, 2014 WL 1284854 (D.N.J. March 31, 2014); ***Rollins v. Dignity Health***, – F.Supp.2d –, 2013 WL 6512682 (N.D. Cal. Dec. 12, 2013), the magistrate judge read section 1002(33) as unambiguous. I agree with that much of her conclusion, but find instead that the plain language clearly supports the conclusion that a plan that meets the requirements of subsection (C)(i) putatively qualifies for the exemption – without further, separate proof of establishment by a church – if the remaining requirements of the statute are otherwise met.[4]

Under the interpretation of the magistrate judge, adopting the rationale of the ***Kaplan*** and ***Rollins*** courts, subsection (A) serves as a "gatekeeper" to subsection (C), insofar as it requires that the plan be "established and maintained" by a church or

---

[3] My resolution of the motion obviates any need to consider whether defendants have admitted – judicially or otherwise – that CHI is not a church. Indeed, resolution of that issue in the context of this motion would be premature, as plaintiff specifically confined her motion to the question of statutory interpretation. (***See Plaintiff's Motion for Partial Summary Judgment*** at 3-4 [#140], filed January 29, 2014.) Definitive determinations as to the other disputed requirements of the church plan exemption – whether CHI is "controlled or associated with" a church, as well as whether the CHI Plan is "maintained" by an administrative church organization – must await future resolution.

[4] As noted above (***see supra*** note 4), that issue is not presently before me.

convention or association of churches. "That is, . . . section (A) sets the standard – only a church can establish a church plan – and section (C) only describes how a plan under section (A) can be maintained." *Overall v. Ascension*, 2014 WL 2448492 at *10 (E.D. Mich. May 13, 2014).

This interpretation is contrary to the plain meaning of the language of the statute. By reiterating the same "established and maintained" language of subsection (A), subsection (C) affirms that "established" and "maintained" are not two distinct elements, but rather a singular requirement, a term of art, as used in the statute. Indeed, it is not clear what establishment might mean without the additional requirement of maintenance. If the two requirements are thus divorced, churches would be required to devise and develop their own employee benefit plans themselves, rather than relying on a third party administrator. This cannot have been Congress's intent, and such a conclusion is neither required nor supported by the language of the statute.

To the contrary, subsection (C) clearly evinces an intent to broaden the availability of the exemption such that churches themselves need not be involved directly in the administration of their employee benefit plans in order to qualify. To that end, subsection (C) describes a particular way in which a church plan may meet the requirement that it be "established and maintained" by a church – that is, if it is maintained by an organization controlled by or associated with a church or convention of churches. This interpretation is driven by the language of the subsection itself, which states that a plan "established and maintained" as a church plan "*includes*" such a plan. 29 U.S.C. § 1002(33)(C)(i) (emphasis added). In other words, "under the rules of grammar and logic, . . . if A is exempt and A includes C, then C is also exempt."

4

*Overall v. Ascension*, – F.Supp.2d –, 2014 WL 2448492 at *11 (E.D. Mich. May 13, 2014) (citation and internal quotation marks omitted).

For these reasons, I respectfully reject the magistrate judge's recommendation[5] and deny plaintiff's motion for partial summary judgment.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#199], filed July 9, 2014, is, respectfully, **REJECTED**;

2. That the objections stated in **Defendants' Objections to Recommendation of Magistrate Judge** [#207], filed July 20, 2014, are **SUSTAINED**;

3. That **Plaintiff's Motion for Partial Summary Judgment** [#140], filed January 20, 2014, is **DENIED**; and

4. That **Defendants' Motion for Oral Argument on Defendants' Objections to Magistrate Judge's Recommendation Regarding Plaintiff's Motion for Partial Summary Judgment** [#213], field August 18, 2014, is **DENIED AS MOOT**.

Dated August 26, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[5] My resolution of this threshold issue in favor of defendants further obviates the need to consider, at least at this juncture, the other issues addressed in the recommendation.