**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on behalf of the CHI Plans,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado corporation, et al.,

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

**Blackburn, J.**

    The matter before me is **Plaintiffs' Amended Motion for Class Certification** [#121],[1] filed December 23, 2013. I deny the motion without prejudice.

    In accordance with the court's **Order Re: Motions for Class Certification** [#17], filed July 8, 2013, as modified by my **Minute Order** granting plaintiffs an extension of time to file, plaintiffs' motion for class certification was submitted fairly early in the litigation, on the same day as Defendants' Motion To Dismiss Plaintiffs' Amended Complaint With Memorandum in Support [#123] and more than a month before plaintiff submitted her own summary judgment motion (*see* **Plaintiff's Motion for Summary Judgment** [#140], filed January 29, 2014). Resolution of the magistrate judge's recommendation on the motion to dismiss is not yet fully ripe, and I have recently denied plaintiff's motion for partial summary judgment. (***See*** **Order Sustaining**

---

[1] "[#121]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Objection to and Rejecting Recommendation of the United States Magistrate Judge** [#214], filed August 26, 2014.)

While Rule 23(c)(1)(A) provides that class certification should be dealt with "at an early practicable time" after the commencement of a putative class action, the court still retains discretion to structure the timing of the class certification decision. ***Reed v. State Farm Mutual Automobile Insurance Co.***, 2008 WL 1777487 at *3 (D. Colo. April 16, 2008). More specifically, the rule does not prohibit delaying the class certification decision, especially where there are valid reasons to do so, including when a dispositive motion has been filed as to some or all of the claims pending before the court. ***See id.***; ***see also Sigala v. Hartford Underwriters Insurance Co.***, 2005 WL 2098141 at *8 (D. Colo. Aug. 29, 2005) ("It is important to determine if the named plaintiffs have viable claims before determining whether the named plaintiffs properly can act as representatives of a class of persons with similar claims."), ***aff'd***, 238 Fed. Appx. 362 (10th Cir. June 27, 2007).

In the exercise of this discretion, I elected to address the substantive issues raised by plaintiff's motion for partial summary judgment in this case first. Although I have denied that motion, it still must be determined whether the other requirements of the statutory church plan exemption are met. The issues raised by an inherent to these determinations are fact-intensive and thus will necessitate further discovery, which currently is stayed pending resolution of the pending Rule 12 and Rule 56 motions. (***See Order*** [#206], filed July 18, 2014.) More importantly, the viability of all plaintiff's claims in this lawsuit turns on the resolution of these questions. If it ultimately is

determined that the CHI Plan meets the requirements of the church plan exemption, not only the remainder of plaintiff's claims (all of which invoke ERISA), but the entire basis for federal subject matter jurisdiction claimed in this lawsuit evanesces.

In light of these circumstances, I conclude that it would be prodigal and premature to make any determination as to the propriety of class certification in this matter prior to resolving these threshold questions. Accordingly, I will deny the presently pending motion for class certification without prejudice to refiling should plaintiff's substantive claims prove to be viable going forward.

**THEREFORE, IT IS ORDERED** that **Plaintiffs' Amended Motion for Class Certification** [#121], filed December 23, 2013, is **DENIED WITHOUT PREJUDICE**.

Dated August 26, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge