**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on behalf of the CHI Plans,

    Plaintiff,
v.

CATHOLIC HEALTH INITIATIVES, a Colorado corporation, et al.,

**ORDER RE: RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#210],[1] filed August 13, 2014; (2) **Defendants' Objections to Recommendation of Magistrate Judge Regarding Motion To Dismiss Plaintiff's Amended Complaint** [#216], filed August 27, 2014; and (3) **Plaintiff's Objection to Recommendation of Magistrate Judge** [#218], filed September 2, 2014.  I sustain both plaintiff's and defendants' objections in part and overrule them in part, and approve and adopt the recommendation in part and, respectfully, reject it in part, as further set forth herein.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  Both parties have presented

---

[1] "[#210]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

relatively limited objections.  For example, there is no objection to the magistrate judge's determination that defendants' motion to dismiss the claims for discretionary statutory penalties as barred by limitations is premature and thus that the motion should be denied without prejudice.  I agree, and adopt the recommendation in this respect.

In addition, neither party objects to the substance of the magistrate judge's recommendation that Counts II and VI be dismissed as against the individual defendants.  Defendants do object, however, to the recommendation that these claims be dismissed without prejudice as against the individual defendants.  (**See Recommendation** at 23 n.11.)  I sustain this objection.  Because these particular defendants are not proper parties as to Counts II and VI, these claims as against them are properly dismissed with prejudice.[2]  **See Blough v. Cooperative Benefit Administrators, Inc.**, 2013 WL 5740448 at *4 (W.D. Okla. Oct. 22, 2013).  The

---

[2] This determination does not preclude plaintiff from seeking leave to refile these claims against some other, ostensibly proper, defendant, and I am disinclined to venture too far down the path of considering the propriety of any such request in the context of resolving the instant objections. Nevertheless, plaintiff's apparently blithe assurance that her anticipated motion to amend the complaint to assert these claims against a proper party defendant should and will be granted strikes this court as overly optimistic.  Without unduly anticipating the proper determination of any such motion at this juncture, I would point out that the considerations informing such a decision at this stage – well past the deadline for amendment of the pleadings – go well beyond the requirements of Rule 15 and its liberal standards:

> Where . . . a motion to amend the pleadings . . . is filed after the scheduling order deadline, a two-step analysis is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has a "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a).

**Colorado Visionary Academy v. Medtronic, Inc.**, 194 F.R.D. 684, 687 (D. Colo. 2000) (citation and internal quotation marks omitted).  Despite a prior amendment, plaintiff has yet to establish that the CHI Plan is even subject to ERISA, without which determination none of her dependent claims, including Counts II and VI, will survive.  The court notes all of this not by way of proscription, but only to recognize that any motion for leave to amend will be considered with a critical eye, keeping in mind all relevant legal and equitable considerations that inform that decision in the particular circumstances of this case.

recommendation therefore is approved and adopted as to the dismissal of these claims, but rejected insofar as it suggests that the dismissal should be without prejudice.

I thus turn to the parties' substantive objections. These are directed to the magistrate judge's recommended disposition of Count VII of the **Amended Complaint** ([#82], filed November 22, 2013), which alleges a cause of action for breach of fiduciary duty pursuant to section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), against the individual members of the CHI and Affiliates Defined Benefit Plan Subcommittee (the "DB Plan Subcommittee"),[3] the Board of Stewardship Trustees (the "BOST"),[4] and the Humane Resources Committee ("HR Committee").[5] Plaintiff claims that this claim should be allowed to proceed against these defendants because she has adequately pled that they are "functional fiduciaries" under section 3(21)(A)(iii) of ERISA, 29 U.S.C. § 1002(21)(A)(iii).

"[U]nder ERISA, an individual may acquire fiduciary status either by (a) being expressly appointed by the plan as a fiduciary, or (b) by exercis[ing] the fiduciary functions set forth in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)." ***Holdeman v. Devine***, 474 F.3d 770, 777 (10th Cir. 2007) (alteration in original). ***See also Mertens v.***

---

[3] The named defendants who were members of the DB Plan Subcommittee are David R. Edwards; Donald Jones; Dean Swindle; and Patricia G.Webb. This group of defendants also includes John and Jane Does 6-10. (**Am. Compl.** ¶ 21 at 11-12 [#82], filed November 22, 2013.)

[4] The named defendants who were members of the BOST are Geraldine Bednash; Maureen Comer; Richard Corrente; Katherine Gray; Barbara Hagedorn; James Hamill; Antoinette Hardy-Waller; Phyllis Hughes; Andrea J. Lee; David R. Lincoln; Kevin E. Lofton; Christopher R. Lowney; Eleanor F. Martin; Mary Margaret Mooney; Lillian Murphy; Mary Jo Potter; Patricia Smith; and Edward Speed. This group of defendants also includes John and Jane Does 1-5. (**Am. Compl.** ¶ 19 at 7-10 [#82], filed November 22, 2013.)

[5] The named defendants who were members of the HR Committee are Phyllis Hughes; Andrea J. Lee, David R. Lincoln; and Mary Jo Potter. This group of defendants also includes John and Jane Does 1-5. (**Am. Compl.** ¶ 19 at 7-10 [#82], filed November 22, 2013.)

*Hewitt Associates*, 508 U.S. 248, 262, 113 S.Ct. 2063, 2071, 124 L.Ed.2d 161  (1993) ("ERISA. . . defines 'fiduciary' not in terms of formal trusteeship, but in *functional* terms of control and authority over the plan, thus expanding the universe of persons subject to fiduciary duties – and to damages[.]") (internal citation omitted; emphasis in original).  A person may be considered a fiduciary in one of three statutorily enumerated circumstances:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).  The magistrate judge determined that plaintiff plausibly alleged but a single, narrow fiduciary claim against the members of the DB Plan Subcommittee under subsection (i).[6]  Plaintiff takes no issue with the magistrate judge's

---

[6] I reject defendants' suggestion that they cannot be held liable individually.  This argument is based on an overly generous reading of the holding of *Averhart v. US WEST Management Pension Plan*, 46 F.3d 1480 (10th Cir. 1994).  Although the court there did find, in the particular circumstances of the case, that the fiduciary duties there alleged ran only to the plan administrator, *id*. at 1489-90, there appears to have been no allegation that the individual defendant himself exercised or had any type of discretionary authority that might make him a fiduciary under section 3(21)(A).  Indeed, to read the holding of *Averhart* as broadly as defendants suggest would nullify the functional fiduciary doctrine all together.

Moreover, defendants' attempts to distinguish the Tenth Circuit's decision in *Eaves v. Penn*, 587 F.2d 453 (10th Cir. 1978), are unconvincing.  Contrary to defendants' argument, that case in fact did hold that an individual director and officer of the company was a functional fiduciary.  *See id*. at 458-59 ("[W]e hold that . . . [defendant] in recommending, designing and implementing amendment of the profit-sharing plan to an employee stock ownership plan, acted in a fiduciary capacity under the Act.").  The magistrate judge's assessment of *Eaves* properly noted that it did not stand for the proposition that a defendant's title or position alone was sufficient to confer fiduciary status.  (**See Recommendation** at 31.)  The holding of that case simply leads one back to the functional fiduciary doctrine, and consideration of whether plaintiff's allegations are sufficient to invoke that doctrine as to the individual defendants in this case.

determination that the allegations of the Amended Complaint are otherwise inadequate to allege that the individual defendant are functional fiduciaries under the definitions found at subsections (i) and (ii) of this section, and I concur with her thorough and well-reasoned assessment in that regard. However, plaintiff insists that she has asserted viable claims against all the individual defendants pursuant to subsection (iii). I concur.

Plaintiff points out that while section 3(21)(A)(i) confers fiduciary obligations on a person who "exercises" discretionary authority or control over the management of an ERISA plan, subsection (iii) requires only that the person "*has* any discretionary authority or discretionary responsibility in the administration of such plan." Clearly, this subsection (iii) must address conduct other than the exercise of discretionary authority, lest it be found superfluous. **See TRW Inc. v. Andrews**, 534 U.S. 19, 31, 122 S.Ct. 441, 449, 151 L.Ed.2d 339 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal citation and quotation marks omitted). Given that subsection (i) already addresses the affirmative exercise of discretionary authority, subsection (iii) must create liability where the defendant has such authority but fails to exercise it. **Bouboulis v. Transport Workers Union of America**, 442 F.3d 55, 63 (2nd Cir. 2006) ("'Subsection three describes those individuals who have actually been granted discretionary authority, regardless of whether such authority is ever exercised.'") (quoting **Olson v. E.F. Hutton & Co., Inc.**, 957 F.2d 622, 625 (8th Cir. 1992)).

I agree with plaintiff that the allegations of her complaint are sufficient plausibly to

assert that the individual defendants, as members of their respective committees, possessed the type of discretionary authority sufficient to make them functional fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A)(iii). The magistrate judge's conclusion to the contrary was based on the mistaken reliance of the "exercise" language of subsection (i) in analyzing subsection (iii). Thus, although I agree with her conclusion that the Amended Complaint fails to state a cause of action under subsection (i) (with the one limited exception of plaintiff's claims that the members of the DB Plan Subcommittee authorized disbursements from the trust), I must respectfully reject the suggestion that a similar result is warranted with respect to claims against the individual defendants under subsection (iii).[7]

Plaintiff's allegations are essentially that these committees had authority to act, but did not. It can hardly be gainsaid, and thus is reasonable to infer, that a committee can act, or fail to act, only through the actions or omissions of its individual constituent members. Thus, although "group pleading" often is insufficient to apprise each individual defendant of what he or she is specifically alleged to have done, and therefore frequently does not meet the requirements of Rule 8, **see Robbins v. Oklahoma**, 519 F.3d 1242, 1250 (10th Cir. 2008), I find the allegations of the Amended Complaint here adequate to put the individual defendants on notice that they each allegedly failed to exercise the authority of their positions to make the plan compliant with ERISA in the ways set forth in the Amended Complaint. **See Slack v.**

---

[7] I thus disagree with those courts which appear to hold that liability under subsection (iii) may attach without the concomitant showing of a breach of a duty owed under ERISA. **See Olson v. E.F. Hutton & Co.**, 957 F.2d 622, 625 (8th Cir. 1992); **Healthcare Strategies, Inc. v. ING Life Insurance and Annuity**, 961 F.Supp.2d 393, 401 (D. Conn. 2013).

***International Union of Operating Engineers***, 2014 WL 4090383 at *16 (N.D. Cal. Apr. 19, 2014) ("'Collective' or 'group' pleading in a complaint is not *per se* improper and may not, in itself, always be fatal to a claim."); ***Howard v. Municipal Credit Union***, 2008 WL 782760, at *12 (S.D.N.Y. Mar. 25, 2008) ("While Rule 8 does not prohibit 'collective allegations' against multiple defendants, it does require that the allegations be 'sufficient to put each [d]efendant on notice of what they allegedly did or did not do.'") (internal citations and quotation marks omitted). I thus expand the magistrate judge's conclusion that the individual members of the DB Plan Subcommittee potentially may be liable for breaches of that committee's fiduciary duties to include all alleged breaches of fiduciary duty asserted in Count VII, not just the allegation that the magistrate judge found to assert a claim under section 3(21)(A)(i).

Relatedly, I reject the magistrate judge's recommendation that Count VII be dismissed as against the individual members of the BOST and the HR Committee. Although defendants argue that their rights in this regard were merely inchoate, the operative document provides that "***the Board and the HR Committee may itself*** [*sic*] ***exercise any of the above duties delegated to the Committee with respect to the Plans at any time***." (***See* Charter of the CHI & Affiliates Defined Benefit Retirement Plan Subcommittee** at 2 [#39-1], Exh. C (emphasis in original).) There were no conditions or other limitations on the ability of these committees to assume some or all of the responsibilities assigned to the DB Plan Subcommittee, which included, *inter alia*, "general administration." (***See id.*** at 1-2.) The Amended Complaint thus plausibly can be read to allege that these committees, acting through their respective individual

7

members, failed to exercise their authority to make the CHI Plan compliant with ERISA even when the DB Plan Subcommittee would or did not. *See Martin v. Schwab*, 1992 WL 296531 at *4 (W.D. Mo. Aug. 11, 1992) ("The fact that defendants did not choose to exercise their authority did not in any way diminish the authority bestowed on them[.]")

      I agree with the magistrate judge that a motion to dismiss is not the proper vehicle to determine the fact-intensive questions that govern whether any individual defendant in fact was a functional fiduciary under any definition set forth in section 3(21)(A)(iii).[8] Moreover, the question whether the particular ways in which plaintiff alleges defendants failed to act in fact do implicate fiduciary aspects of the individual defendants' responsibilities is not an issue properly before me at this juncture.[9] I hold

---

[8] There is a split in authority among the circuits as to whether "where . . . a committee or entity is named as the plan fiduciary, the corporate officers or trustees who carry out the fiduciary functions are themselves fiduciaries[.]" *Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1156 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 768 (2001). *Compare Confer v. Custom Engineering Co.*, 952 F.2d 34, 37 (3rd Cir. 1991) ("[W]hen an ERISA plan names a corporation as a fiduciary, the officers who exercise discretion on behalf of the corporation are not fiduciaries . . . unless it can be shown that these officers have individual discretionary roles as to plan administration.") *with Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1461 (9th Cir.) ("[W]e reject the Third Circuit's interpretation in *Confer* that an officer who acts on behalf of a named fiduciary corporation cannot be a fiduciary if he acts within his official capacity and if no fiduciary duties are delegated to him individually."), *cert. denied*, 116 S.Ct. 301 (1995). The trend among the limited number of federal courts that have considered the issue certainly makes it appear that the Ninth Circuit's approach – the same one relied on by the magistrate judge here – is favored. *See also In re Xerox Corp. ERISA Litigation*, 2008 WL 918539 at *5 (D. Conn. March 31, 2008) (adopting approach of *Kayes*); *In re Enron Corp. Securities, Derivative, & ERISA Litigation*, 284 F.Supp.2d 511, 567-70 (S.D. Tex. 2003) (concluding that Fifth Circuit in *Bannistor v. Ullman*, 287 F.3d 394, 403-06 (5th Cir. 2002), essentially had adopted Ninth Circuit's approach in *Kayes*). The issue merits much more in-depth analysis than the parties have given it here, however, and I thus defer any attempt to discern which side of the debate the Tenth Circuit would adopt.

[9] In their objections, defendants argue further that even if the individual defendants might be considered fiduciaries for some purposes, they were not fiduciaries with respect to the actions alleged in Count VII:

> [T]he "threshold question" in an action for breach of fiduciary duty is whether the alleged fiduciary "was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." Because virtually every business decision an employer makes can have an adverse impact on an employee benefit plan, courts

8

only that the Amended Complaint sets forth allegations sufficient to plausibly assert such claims at this early juncture in the proceedings.

**THEREFORE IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#210], filed August 13, 2014, is **APPROVED** and **ADOPTED IN PART** and, respectfully, **REJECTED IN PART** as follows:

    a. That the recommendation is, respectfully, **REJECTED** insofar as it recommends:

        (1) that Counts II and VI of the **Amended Complaint** [#82], filed November 22, 2013, be dismissed without prejudice as against the individual defendants; and

        (2) that Count VII of the **Amended Complaint** [#82], filed November 22, 2013, be dismissed as against the individual defendants under 29 U.S.C. § 1002(21)(A)(iii); and

    b. That in all other respects, the recommendation is **APPROVED** and **ADOPTED** as an order of this court;

---

must "examine the conduct at issue to determine whether it constitutes management or administration of the plan, giving rise to fiduciary concerns, or merely a business decision that has an effect on an ERISA plan not subject to fiduciary duties."

*In re Luna*, 406 F.3d 1192, 1207 (10th Cir. 2005) (internal citations omitted). *See also* 29 U.S.C. § 1002(21)(A) (person is a fiduciary "to the extent" he or she comes within the ambit of one of the three subsections of that section). The magistrate judge noted this limitation on fiduciary liability under ERISA (*see* **Recommendation** at 30-31), but did not address the issue further – likely because it was not raised in the motion to dismiss. I will not do so either, since regardless whether these arguments ultimately might have traction, matters not properly raised in the apposite motion itself are not appropriately brought forward for the first time in an objection to the magistrate judge's recommendation. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

2. That the objections stated in **Defendants' Objections to Recommendation of Magistrate Judge Regarding Motion To Dismiss Plaintiff's Amended Complaint** [#216], filed August 27, 2014, are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

    a. That the objections are **SUSTAINED** to the extent they object to the recommendation that Counts II and VI be dismissed without prejudice as against the individual defendants; and

    b. That in all other respects, the objections are **OVERRULED**;

3. That **Plaintiff's Objection to Recommendation of Magistrate Judge** [#218], filed September 2, 2014, are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows:

    a. That the objections are **SUSTAINED** to the extent that they object to the recommendation that Count VII be dismissed as against the individual defendants under 29 U.S.C. § 1002(21)(A)(iii); and

    b. That in all other respects, the objections are **OVERRULED**;

4. That **Defendants' Motion To Dismiss Plaintiffs' Amended Complaint With Memorandum in Support** [#123], filed December 23, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED**:

        (1) With respect to Counts II and VI of the **Amended Complaint** [#82], filed November 22, 2013, as against the individual defendants, and these claims are **DISMISSED WITH PREJUDICE**

as against those defendants;

(2) With respect to Count VII of the **Amended Complaint** [#82], filed November 22, 2013, as against the individual defendants who are members of the BOST and the HR Committee, insofar as this claim is asserted pursuant to 29 U.S.C. §§ 1002(21)(A)(i) & (ii), and those claims are **DISMISSED WITHOUT PREJUDICE**;

(3) With respect to Count VII of the **Amended Complaint** [#82], filed November 22, 2013, as against the individual defendants who are members of the DB Plan Subcommittee, insofar as this claim is premised on 29 U.S.C. §§ 1002(21)(A)(i) or (ii), with the exception of the allegation that these defendants "authorized disbursements from the trust," and those claims are **DISMISSED WITHOUT PREJUDICE**; and

b. That in all other respects, the motion is **DENIED**;

5. That at the time judgment enters, judgment with prejudice **SHALL ENTER** in favor of defendants, Geraldine Bednash; Maureen Comer; Richard Corrente; David R. Edwards; Katherine Gray; Barbara Hagedorn; James Hamill; Antoinette Hardy-Waller; Phyllis Hughes; Donald Jones; Carol Keenan; Andrea J. Lee; David R. Lincoln; Kevin E. Lofton; Christopher R. Lowney; Eleanor F. Martin; Mary Margaret Mooney; Lillian Murphy; Mary Jo Potter; Patricia Smith; Edward Speed; Dean Swindle; Patricia G. Webb; and John and Jane Does 1-10, and against plaintiff, Janeen Medina, individually and on behalf of all others similarly situated, and on behalf of the CHI Plans; as to the

claims asserted against them in Counts II and VI of the **Amended Complaint** [#82], filed November 22, 2013;

      6. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of Geraldine Bednash; Maureen Comer; Richard Corrente; Katherine Gray; Barbara Hagedorn; James Hamill; Antoinette Hardy-Waller; Phyllis Hughes; Andrea J. Lee; David R. Lincoln; Kevin E. Lofton; Christopher R. Lowney; Eleanor F. Martin; Mary Margaret Mooney; Lillian Murphy; Mary Jo Potter; Patricia Smith; and Edward Speed, and against plaintiff, Janeen Medina, individually and on behalf of all others similarly situated, and on behalf of the CHI Plans; as Count VII of the **Amended Complaint** [#82], filed November 22, 2013, to the extent such claim is premised on 29 U.S.C. §§ 1002(21)(A)(i) or (ii); and

      7. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendants, David R. Edwards; Donald Jones; Dean Swindle; and Patricia G. Webb, and against plaintiff, Janeen Medina, individually and on behalf of all others similarly situated, and on behalf of the CHI Plans; as to Count VII of the **Amended Complaint** [#82], filed November 22, 2013, to the extent such claim is premised on 29 U.S.C. §§ 1002(21)(A)(i) or (ii), with the exception of the allegation that these defendants "authorized disbursements from the trust."

      Dated September 30, 2014, at Denver, Colorado.

                                  **BY THE COURT:**

                                  */s/ Robert E. Blackburn*
                                  Robert E. Blackburn
                                  United States District Judge