**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on behalf of the CHI Plans,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado corporation, et al.,

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY ORDER
PURSUANT TO 28 U.S.C. § 1292(b), AND REQUEST FOR STAY
OF PROCEEDINGS PENDING APPEAL**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion To Certify Order Pursuant to 28 U.S.C. § 1292(b), and Request for a Stay of Proceedings Pending Appeal** [#227],[1] filed October 3, 2014.  Defendant has now filed a response to the motion, and exercising my prerogative under D.C.COLO.LCivR 7.1(d), I proceed to rule on the motion without awaiting the benefit of further reply from plaintiff.  I deny the motion.

By this motion, plaintiff now seeks an interlocutory appeal of my order denying her motion for partial summary judgment as to the question whether the Catholic Health Initiatives' benefit plan is properly characterized as a "church plan," and thus exempt from the requirements of ERISA.  (*See* **Order Sustaining Objection to and Rejecting Recommendation of the United States Magistrate Judge** [#214], filed August 26,

---

[1] "[#227]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

2014.) Plaintiff seeks an order certifying this question of law to the Tenth Circuit for determination, as provided by 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . .

The terms of the statute admit of four criteria that must be met before an issue may be certified for appeal: (1) the action must be a civil action; (2) the court must conclude that the order involves a controlling question of law; (3) there must be substantial ground for difference of opinion as to the resolution of that question; and (4) it must appear that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 223 (D. Colo. 1991). I have discretion in determining whether to certify an order for interlocutory appeal under the statute. *See Swint v. Chambers County Commission*, 514 U.S. 35, 47, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995); *Etienne v. Wolverine Tube, Inc.*, 15 F.Supp.2d 1060, 1062 (D. Kan. 1998). Nevertheless, certification is limited to "extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah by and through Utah State Department of Health v. Kenecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S.Rep. No. 2434, 85th Cong., 2nd Sess. 1 (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5262 (appendix)), *cert. denied*, 115 S.Ct. 197 (1994).

This is not such a case. Assuming *arguendo* that the first three criteria are satisfied here, plaintiff has not shown that granting an interlocutory appeal in this case will materially advance the ultimate termination of the litigation. Indeed, plaintiff admits that a reversal of my decision by the Tenth Circuit Court of Appeals would not terminate the litigation, as plaintiff's dependant ERISA-based claims would still need to be resolved. Plaintiff makes no suggestion that discovery related to the issues inherent to those claims would not be substantial regardless of the Tenth Circuit's decision.

Moreover, I disagree with plaintiff's suggestion that an appellate determination of the legal question resolved by my order would obviate the need for further discovery related to that seminal claim. Were the Tenth Circuit to reverse my determination, its decision would mean only that a church must establish a church plan. As I noted in my order denying plaintiff's motion for partial summary judgment, "[d]efinitive determinations as to the other disputed requirements of the church plan exemption – whether CHI is 'controlled or associated with' a church, as well as whether the CHI Plan is 'maintained' by an administrative church organization – must await future resolution." (*See* **Order Sustaining Objection to and Rejecting Recommendation of the United States Magistrate Judge** at 3 n.3 [#214], filed August 26, 2014.) That issue may be thorny and fact-intensive,[2] and interlocutory appeal thus would not serve to expedite the ultimate resolution of this case.

---

[2] Although the magistrate judge found that defendants had admitted the CHI was not a church, I did not adopt her recommendation, leaving that issue for future determination. I do not share plaintiff's implicit confidence that defendants have admitted – judicially or otherwise – this all-important fact.

Moreover, shortly after plaintiff filed her motion, discovery and dispositive motions deadlines were established, and the case is presently first set for trial to the court in early January 2016. It is unlikely that the circuit court would be able to resolve the matter any more expeditiously. When granting an interlocutory appeal will delay, rather than expedite, the ultimate outcome of the trial, federal courts have routinely declined to exercise their discretion to permit interlocutory appeals. *See Parish Oil Co. v. Dillon Companies, Inc.*, 2006 WL 2790429 at *2 (D. Colo. Sept. 27, 2006) (citing cases). I likewise find no basis on which to exercise my discretion to certify this matter for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and thus deny plaintiff's motion.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion To Certify Order Pursuant to 28 U.S.C. § 1292(b), and Request for a Stay of Proceedings Pending Appeal** [#227], filed October 3, 2014, is **DENIED**.

Dated October 27, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge