IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado Corporation,
GERALDINE BEDNASH,
MAUREEN COMER,
RICHARD CORRENTE,
DAVID R. EDWARDS,
KATHERINE GRAY,
BARBARA HAGEDORN,
JAMES HAMILL,
ANTOINETTE HARDY-WALLER,
PHYLLIS HUGHES,
DONALD JONES,
ANDREA J. LEE,
DAVID R. LINCOLN,
KEVIN E. LOFTON,
CHRISTOPHER R. LOWNEY,
ELEANOR F. MARTIN,
MARY MARGARET MOONEY,
LILLIAN MURPHY,
MARY JO POTTER,
PATRICIA SMITH,
EDWARD SPEED,
DEAN SWINDLE,
PATRICIA G. WEBB, and
JOHN AND JANE DOES, 1-10, whose true names are unknown,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendants' Limited Motion for**

**Reconsideration of Discovery Dispute Order** [#228][1] (the "Motion").  Plaintiff filed a Response [#236] to the Motion and Defendant filed a Reply [#242] in further support of the Motion.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to the undersigned for disposition [#229].  The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#228] is **DENIED without prejudice**.

## I.  Background

On July 8, 2014, the Court held a telephonic discovery hearing.  *See generally Courtroom Minutes/Minute Order* [#198].  At that hearing, the Court explained to the parties that it would be entering an order regarding future discovery disputes.  *Id.* at 2.  That same day, the Court entered its Order [#197] regarding future discovery disputes (the "Contested Order").  *See generally Contested Order* [#197].  In the Contested Order, the Court imposed certain requirements that the parties must adhere to prior to making any contested discovery motion to the Court.  *Id.* at 2.  These requirements are:

1.   Counsel and each client involved in a discovery dispute must appear in person at any hearing concerning the dispute.  In the case of a corporate client, the president or chief executive officer must attend.

2.   After the lawyers have exhausted their obligation to confer under D.C.COLO.LCivR 7.1(a), but before calling the court regarding the discovery dispute, the lawyers must meet with their clients, review the positions they are taking, and obtain their clients' direction to proceed. Counsel must certify in writing prior to any discovery hearing that they complied with this requirement, that the client understands the action being taken, and that the

---

[1]   "[#228]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

client expressly directs that the action be taken.   The certificate of compliance must be filed with the court prior to the discovery hearing.

3.   In the event that I award a monetary sanction in connection with the discovery dispute, I will award it against the client in view of the certificate that the client directed that the action be taken.

*Id.*

In the Motion, Defendants seek reconsideration of the portion of the Contested Order that requires Defendant Catholic Health Initiatives' ("CHI") Chief Executive Officer to personally attend future discovery hearings.   *Motion* [#228] at 1.  Defendants offer two arguments in support of the Motion. First, they argue that "the conduct of the parties' counsel in connection with the discovery disputes at issue in the July 8, 2014 hearing satisfied their legal and professional obligations and did not constitute discovery abuse." *Id.* at 3.   In essence, this argument appears to more generally address the underlying reasons for entry of the Contested Order, rather than Defendants' particular concerns regarding the personal attendance requirement.   Second, Defendants argue that the Contested Order's "requirement that CHI's CEO attend hearings in person will unfairly prejudice CHI's ability to effectively negotiate and resolve any future discovery disputes." *Id.* at 4.   Defendants maintain that "unless modified, the [Contested] Order's in-person hearing requirement will likely disadvantage CHI in reaching agreements with Plaintiff's counsel and subvert the Order's purpose . . . because the CEO, by virtue of his position as the leader of a corporation with over 90,000 employees in 18 states, has a highly demanding work and travel schedule that will often make it unduly burdensome or impossible for him to attend discovery hearings." *Id.* at 4-5.  Defendants note that they "are concerned that Plaintiff's counsel will have more leverage in such disputes insofar as there

3

will likely be less of a burden on Plaintiff than there is on CHI to comply with the [Contested] Order's hearing attendance requirements." *Id.* at 5.  Defendants ask the Court to allow Patricia Webb to attend discovery hearings in lieu of Defendant CHI's CEO.  *Id.*  Ms. Webb is a named Defendant in this action and also holds the following titles at Defendant CHI: Chief Human Resources Officer, Chief Administrative Officer, and Executive Vice President.  *Id.*

In her Response, Plaintiff argues[2] that the Motion does not meet the standard for reconsideration under Rule 54(b).  *Response* [#236] at 3.  In short, Plaintiff argues that the Motion does not (1) "cite [ ] new evidence;" (2) "cite [ ] new legal authority;" (3) or "demonstrate that the Court's Order was clearly in error."  *Id.* at 4.  Plaintiff further maintains that Defendants will not be disproportionately burdened, as they argue, because Plaintiff will also be burdened by the Contested Order's requirements.  *Id.*  Plaintiff maintains that she "will be required to take unpaid time off work and re-arrange her own personal affairs in order to participate in the resolution of any disputes and hearings."  *Id.; see also Declaration of Plaintiff Janeen Medina in Support of Plaintiff's Response in Opposition to Defendants' Limited Motion for Reconsideration of Discovery Dispute Order* [#237] ¶¶ 3-4.  In addition, Plaintiff argues that the Contested Order "actually relieves Defendants of burdens, since the Order does not require every named Defendant in this case to participate in these matters."  *Id.* at 5 (emphasis omitted).

In their Reply, Defendants respond to arguments raised in the Response that are not addressed herein.

---

[2]  The Court includes only those arguments that merit analysis.

4

## II.  Analysis

The Court has broad discretion to reconsider its interlocutory orders prior to entry of judgment.  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  The Court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b).  *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ( "[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments.").  "Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'"  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)).  "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Id.* (internal quotation marks and citation omitted).  Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."  *Id.* (quotation marks and citation omitted).  Mindful of these principles, the Court

will not alter the Contested Order unless the Court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); see *Lehman Brothers Holdings Inc. v. Universal Am. Mortgage Co.*, LLC, No. 13-cv-00090-PAB-MJW, 2014 WL 5069409, at *1 (D. Colo. Oct. 9, 2014). Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original [filing]." *Servants of the Paraclete*, 204 F.3d at 1012.

Defendants offer no argument that the Court has misapprehended the facts or the controlling law.  Rather, they speculate that they will be prejudiced if Defendant CHI's CEO is required to attend future hearing disputes.  Such speculation does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Nat'l Bus. Brokers, Ltd.*, 115 F.Supp.2d at 1256 (internal quotation marks and citation omitted). At this time, the Court does not find that the argument that attending an unscheduled discovery hearing regarding an unknown discovery dispute *may* be difficult for Defendant CHI's CEO and that such difficulty will result in prejudice to Defendants meets the standard for reconsidering a previous order.  However, the Court is mindful that circumstances could arise that may constitute new facts or evidence that may meet the standard for reconsideration.  For example, if a discovery hearing was scheduled and Defendant CHI's CEO was unable to travel to Colorado to attend the hearing due to a particular, pre-existing

6

conflict and, as a result, Defendants were unable to bring a time-sensitive discovery dispute to the Court's attention in a timely manner.   In such a case, Defendants could seek reconsideration of the Contested Order based on the new facts at that time.   The Court cannot now conclude that such a circumstance will result in any prejudice or that those facts will necessarily meet the standard for reconsideration.

### III.  Conclusion

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#228] is **DENIED without prejudice**.

Dated:  November 10, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

7