**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on behalf of CHI Plans,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado Corporation, et al.,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER DENYING PLAINTIFF'S
MOTION TO CERTIFY ORDER PURSUANT TO 28 U.S.C. § 1292(b)
AND REQUEST FOR STAY OF PROCEEDINGS PENDING APPEAL**

---

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion To Certify Order Pursuant to 28 U.S.C. § 1292(b) and Request for Stay of Proceedings Pending Appeal in Light of Recent Decisions** [#254],[1] filed March 10, 2015. I deny the motion.

By this motion, plaintiff seeks reconsideration of my order denying her motion to certify an interlocutory appeal in this matter. (*See* **Order Denying Plaintiff's Motion To Certify Order Pursuant to 28 U.S.C. § 1292(b), and Request for Stay of Proceedings Pending Appeal** [#241], filed October 27, 2014.) However, her motion neglects to set forth, much less attempt to apply, the relevant standards for granting

---

[1] "[#254]" is an example of the convention I use to refer to the docket number of a particular filing.

such a motion, which are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Contrary to plaintiff's apparent assumption, there is nothing self-evident about her conclusion that the decisions of other federal appellate courts to grant interlocutory appeals in cases addressing the same legal issues, as are implicated in this matter, somehow changes this court's prior calculus on that issue. The court has no idea of the relevant circumstances that led the courts of appeals in those cases to entertain interlocutory appeals, but the mere fact of their having done so in itself provides no basis for reconsidering the court's reasoned decision to the contrary in this matter. While the ultimate decisions of those courts may have some persuasive value (assuming they are issued prior to the time the court will be asked to resolve the dispositive issues in this case), they will not be binding on this court, and therefore their impact will be, at best, hortatory.

Moreover, at base, and as previously, plaintiff has not demonstrated that resolution of this legal question would materially advance the ultimate termination of the litigation, *i.e.*, the relevant standard for granting a motion to certify an interlocutory appeal. I have rehearsed the basis for my conclusion in this regard already. (***See***

**Order Denying Plaintiff's Motion To Certify Order Pursuant to 28 U.S.C. § 1292(b), and Request for Stay of Proceedings Pending Appeal** at 3 [#241], filed October 27, 2014.)  None of the considerations articulated in that order is any less relevant or compelling simply because courts in other jurisdictions have decided – for reasons related to the unique litigation before each of them – to follow a different course.

    **THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion To Certify Order Pursuant to 28 U.S.C. § 1292(b) and Request for Stay of Proceedings Pending Appeal in Light of Recent Decisions** [#254], filed March 10, 2015, is denied.

    Dated May 12, 2015, at Denver, Colorado.

                                            **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge