**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on
behalf of CHI Plans,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, a Colorado Corporation, et al.,

      Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

---

**Blackburn, J.**

      The matter before me is **Plaintiff's Motion To Strike**  [#243],[1] filed November

11, 2014.  I deny the motion.

      In her Amended Complaint, plaintiff alleges that "CHI is not a church or a

convention or association of churches."  (**Am. Compl.** ¶ 46 at 20 [#85], filed November

22, 2013.)  By their amended answer, defendants respond,

> Paragraph 46 of the Amended Complaint states conclusions
> of law to which no response is required.  If, however, a
> response is required, Defendants deny that CHI is not a
> "church or convention or association of churches" under
> section 3(33) of ERISA.  Further answering, Defendants
> state that although CHI is not a house of worship, CHI is part
> of the Roman Catholic Church.

(**Am. Answer** ¶ 46 at 14 [#239], filed October 21, 2014.)  By this motion, plaintiff moves

---

[1]  "[#243]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

to strike this language as contrary to allegedly binding judicial admissions previously made in this case.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense . . ." **FED. R. CIV. P.** 12(f).[2] "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *United States v. Smuggler–Durant Mining Corp.*, 823 F.Supp. 873, 875 (D. Colo. 1993). "[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381 at 665 (2nd ed. 1990). Although striking matter from a pleading is considered a drastic remedy and thus generally disfavored, *see Sender v. Mann*, 423 F.Supp.2d 1155, 1163 (D. Colo. 2006), the decision whether to do so rests in the sound discretion of the court, *Federal Deposit Insurance Corp. v. Isham*, 782 F.Supp. 524, 530 (D. Colo. 1992).

Plaintiff's motion fails for at least two reasons. First, plaintiff's reliance on Rule 12(f) is inapposite because the rule speaks specifically of "defenses," that is, specifically, affirmative defenses. *See Unger v. US West, Inc.*, 889 F.Supp. 419, 422 (D. Colo. 1995). "An affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Lane v. Page*, 272 F.R.D. 581, 601 (D.N.M. 2011)

---

[2] Rule 12(f) also permits the court to strike any "redundant, immaterial, impertinent, or scandalous matter." **FED. R. CIV. P.** 12(f). None of these conditions applies to the challenged portion of defendants' answer, nor does plaintiff suggest as much.

2

(citation and internal quotation marks omitted).  *See also* 5 Wright & Miller, *Federal Practice and Procedure* § 1270 at 289 ("An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.'").[3]  The response of which plaintiff complains is not an affirmative defense, but merely a denial of plaintiff's positive assertion (as to which she has the burden of proof) about the CHI's status as a church for purposes of ERISA.  *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense."); *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *Ford Motor Co. v. Transport Indemnity Co.*, 795 F.2d 538, 546 (6th Cir. 1986) ("[D]efenses [which] negate an element of the plaintiff's prima facie case . . . are excluded from the definition of affirmative defense.").  Thus, Rule 12(f) does not provide the relief plaintiff seeks.

Second, even if Rule 12(f) were appropriately employed here, plaintiff's suggestion that this language should be struck because defendants are bound by prior "judicial admissions" – in their original answer, the scheduling order, their response to plaintiff's motion for partial summary judgment, and in oral arguments to the court –

---

[3]  This limitation makes sense when one recalls that the rule contemplates the striking of an "insufficient" defense, that is, one that "cannot succeed, as a matter of law, under any circumstances." *Anderson v. Van Pelt*, 2010 WL 5071998 at *1 (D. Colo. Dec. 7, 2010).  A mere denial merely puts at issue the legal and/or factual allegations of the complaint, and "[a] motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact."  *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011).

misapprehends the nature and scope of the doctrine on which it purports to rely.
"Judicial admissions are formal admissions which have the effect of withdrawing a fact
from issue and dispensing wholly with the need for proof of the fact." *Guidry v. Sheet
Metal Workers International Association, Local No. 9*, 10 F.3d 700, 716 (10th Cir.
1993), *as modified on other grounds on reh'g en banc*, 39 F.3d 1078 (10th Cir. 1994)
(en banc), *cert. denied*, 115 S.Ct. 1691 (1995) (citation and internal quotation marks
omitted).  Although binding, judicial admissions are not inviolate, and "their binding
effect can be abrogated where the statements are properly withdrawn or amended."
*Echostar Satellite, L.L.C. v. Splash Media Partners, L.P.*, 2010 WL 3873282 at *12
(D. Colo. Sept. 29, 2010).  Thus the Amended Answer supplants and supersedes its
predecessor, and any and all prior statements made therein no longer constitute binding
judicial admissions.  *Id.*

Nor do statements made in the scheduling order qualify as judicial admissions.
In the absence of reliance by the court, a statement must be sufficiently formal and
deliberate to be deemed a judicial admission.  *See U.S. Energy Corp. v. Nukem, Inc.*,
400 F.3d 822, 833 n.4 (10th Cir. 2005); *Guidry*, 10 F.3d at 716.  "A statement in a
scheduling order generally is meant to focus and guide a case[.]"  *Smith v. Argent
Mortgage Co., LLC*, 2007 WL 2484276 at *5 (D. Colo. Aug. 29, 2007), *aff'd*, 331 Fed.
Appx. 549 (10th Cir. May 19, 2009).  It is does not have the type of formality and finality
requisite to constitute a binding judicial admission.  *Id.*[4]

---

[4] Moreover, defendants' arguments in their response to plaintiff's motion for summary judgment
and their arguments before the magistrate judge make clear that defendants contested the issue of CHI's
status as a church for purposes of ERISA.  Such statements plainly do not constitute judicial admissions.

Finally, and overarching all these considerations, the question whether CHI is a church *vel non* for purposes of ERISA's church plan exemption is ultimately a legal conclusion, one at the heart of this case.  A proposition of law is not a matter which may be judicially admitted.  ***Guidry***, 10 F.3d at 716; ***see also United States v. Hardage***, 116 F.R.D. 460, 463 (W.D. Okla. 1987).

Accordingly, the court finds no basis on which to strike the subject portion of defendant's Amended Answer.  Plaintiff's motion therefore must be denied.

**THEREFORE, IT IS ORDERED** that  **Plaintiff's Motion To Strike**  [#243], filed November 11, 2014, is denied.

Dated May 13, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

5