**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-CV-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on behalf of the CHI Plans,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, et al.,

    Defendants.

**ORDER**

**Blackburn, J.**

The matter before me is the **Motion of the Catholic Health Association of the United States for Leave To Participate as *Amicus Curiae*** [#306],[1] filed August 21, 2015. I deny the motion.

The court has broad discretion in allowing participation of *amicus curiae*. ***See e.g.***, ***United States v. Michigan***, 940 F.2d 143, 165 (6th Cir. 1991); ***Wildearth Guardians v. Lane***, 2012 WL 10028647 at *1 (D.N.M. June 20, 2012); ***Vigil v. American Telephone and Telegraph Co.***, 1969 WL 118 at *1 (Sept. 9, 1969). While the Tenth Circuit has not specified what considerations should inform the court's discretion in this regard, lower courts have found several factors to be helpful, including, but not limited to the following:

---

[1] "[#306]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filingsystem (CM/ECF). I use this convention throughout this order.

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

***Wildearth Guardians***, 2012 WL 10028647 at *2 (citation and internal quotation marks omitted). ***See also Community Association for Restoration of Environmentt (CARE) v. DeRuyter Brothers Dairy***, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999) ("The privilege of being heard *amicus* rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise.") (internal citation omitted).

Here, and without commenting on the strength of the arguments presented in the proposed *amicus* brief, the remainder of these factors weigh against granting leave to file an *amicus* brief. Especially considering the final and most relevant factor, defendants are more than adequately represented by competent counsel who have addressed at substantial length the factual and legal issues sought to be presented by the putative *amicae*:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all . . . or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.

***Ryan v. Commodity Futures Trading Commission***, 125 F.3d 1062, 1063 (7th Cir. 1997). ***See also Miller-Wohl Co. v. Commissioner of Labor & Industry***, 694 F.2d

203, 204 (9th Cir. 1982) ("[T]he classic role of *amicus curiae* ... [is to assist] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.").

These factors are not implicated on the record before me. Accordingly, I deny the motion for leave to file an *amicus* brief.

**THEREFORE, IT IS ORDERED** that the **Motion of the Catholic Health Association of the United States for Leave To Participate as *Amicus Curiae*** [#306], filed August 21, 2015, is denied.

Dated October 7, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge