**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-01249-REB-KLM

JANEEN MEDINA, individually, and on behalf of all others similarly situated, and on behalf of the CHI Plans,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES, et al.,

    Defendants.

**ORDER RE: MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

**Blackburn, J.**

The matter before the court is **Plaintiff's Motion for Review of Clerk's Taxation of Costs** [#428],[1] filed March 22, 2016. The court grants the motion in part and denies it in part.

Judgment was entered in favor of defendants on December 8, 2015. Defendants timely submitted a proposed bill of costs. Following two hearings and a series of negotiations between the parties, the clerk of the court ultimately taxed costs against plaintiff in the amount of $137,794.85. Plaintiff objects to three distinct categories of these costs: (1) $75,516.35 in data processing costs associated with the production in discovery of electronically stored information ("ESI"); (2) $2,895.00 in charges from a court reporting agencies for "litigation support packages;" and (3) $4,257,75 for the

---

[1] "[#428]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management system (CM/ECF). I use this convention throughout this order.

costs of videotaped depositions.[2]

Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on defendants as the prevailing parties to establish that the expenses they seek to have taxed as costs are authorized by section 1920. ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by statute are not recoverable as costs. ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).

There is no question but that discovery in this case was extensive.[3] To assist in responding to plaintiff's discovery requests, defendants engaged the services of electronic discovery vendors to collect, process, and produce documents and ESI in this case. Data processing charges assessed by of one of these vendors, Navigant

---

[2] Plaintiff does not object to the remaining $55,125.75 in costs taxed against her.

[3] Defendants describe (and plaintiff does not dispute their account of) the herculean task confronting them in responding to plaintiff's document requests in this case:

> Plaintiff served Defendants with six different sets of requests for production in this case containing numerous, wide-ranging requests. Many of these document requests sought "all documents" or "all communications" on various topics from CHI, a non-profit organization with over 90,000 employees. To respond to these requests, at Plaintiff's behest, Defendants engaged in a highly burdensome and expensive process of collecting and producing massive amounts of documents and ESI. Defendants collected documents and ESI totaling approximately 600 gigabytes ("GBs") from more than 35 record custodians and produced over 1.2 million pages of documents. Plaintiff also asked for a protocol for ESI requiring Defendants to include numerous types of metadata with their productions of ESI and to produce ESI in certain specific formats.

(**Def. Resp.**, Abouchedid Decl. ¶ 5 at 2-3 [#429-1], filed April 12, 2016.)

Consulting, Inc. ("Navigant"), are at issue here.

Plaintiff challenges the costs associated with two types activities. The first, "Pre-Process Filtering (Data In)," is a process whereby raw electronic data collected from various sources was "processed and converted to a format where it could be filtered and uploaded" to a document review database, which then could be reviewed by defendants' attorneys for responsiveness and privilege. (*See* **Def. Resp**., Abouchedid Decl. ¶ 7 & 8 at 4 [#429-1], filed April 12, 2016.) The second, "Native Processing (Data Out)," is the process of processing and filtering, by applying search terms and "de-duplicating," the converted data and uploading it to the database. (*Id.* ¶ 8 at 4.)

Together, these processes "were essential to uploading the electronic data to Defendants' document review database in the manner that Plaintiff requested and consistent with the ESI protocol and the Magistrate Judge's order." (*Id.*) (*See also* **Stipulated Protective Order**, Exh. B [#72], filed October 3, 2013 (setting forth protocol for production of ESI); **Minute Order/Courtroom Minutes** [#172], filed April 2, 2016 (memorializing orders directing defendants to use specified search terms on ESI collected).) Defendant maintains that because these "data processing charges were necessary to convert the ESI that Defendants collected into the proper format and filter the data so that it could be copied to Defendants' database for review and production," all such charges should be allowable under section 1920(4). (**Def. Resp.** at 8.)

The court cannot agree. Defendants claims these charges are recoverable under the subsection of the statute permitting recovery of costs "*for* . . . the costs of

3

making copies of any materials . . ." 28 U.S.C. § 1920(4) (emphasis added).[4] It therefore is not enough that the costs are associated with the making of copies, or even necessary to the production of copies (although, of course, they also must be necessary). Neither is it sufficient that these services may have promoted efficiency and economy in the discovery process, or that the expansiveness of the opposing party's discovery requests may have contributed to the need for them.[5] The language of the statute is narrow and controlling. ***See West Virginia University Hospitals, Inc. v. Casey***, 499 U.S. 83, 86, 111 S.Ct. 1138, 1141, 113 L.Ed.2d 68 (1991) (section 1920 "define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority"). ***See also Taniguchi v. Kan Pacific Saipan, Ltd.***, – U.S. –, 132 S.Ct. 1997, 2006, 182 L.Ed.2d 903 (2012) (taxable costs typically represent "a fraction of the nontaxable expenses borne by litigants"). It provides no room for the equitable

---

[4] Defendants do not suggest that these costs might be recoverable as fees for the "exemplification" of materials, an alternative basis for recovery under section 1920(4), nor does it appear that any such argument would be well taken. Although federal courts have split over how expansively to read this language, none of the recognized bases supporting such costs is implicated here. ***See Race Tires America, Inc. v. Hoosier Racing Tire Corp.***, 674 F.3d 158, 165-66 (3rd Cir.) (comparing "narrow" approach taken in ***Kohus v. Cosco, Inc.***, 282 F.3d 1355, 1359 (Fed. Cir.), ***cert. denied***, 123 S.Ct. 659 (2002), with broader definition of "exemplification" endorsed in ***Cefalu v. Village of Elk Grove***, 211 F.3d 416, 487 (7th Cir. 2000)), ***cert. denied***, 133 S.Ct. 233 (2012).

[5] Undoubtedly, plaintiff's discovery requirements were a key driver in the incursion of ESI fees in this case. Nevertheless, "to the extent that such costs are excessive, a party 'may invoke the district court's discretion under [Fed. R. Civ. P. 26] to grant orders protecting [it] from undue burden or expense . . ., including orders conditioning discovery on the requesting party's payment of the costs of discovery.'" ***Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.***, 718 F.3d 249, 261 (4th Cir. 2013) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 358, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)) (original internal quotation marks omitted). ***See also Race Tires America, Inc.***, 674 F.2d at 170-71. Defendants sought no such protections here and thus may not now attempt to shift these costs to plaintiff where statutory authority does not otherwise permit. ***See Country Vintner***, 718 F.3d at 261.

considerations that inform defendants' arguments,[6] however viscerally compelling. Absent specific statutory authorization, these costs are not recoverable.

This court thus joins those courts which have limited prevailing parties to recovery of only those ESI costs which actually constitute the making of copies.[7] ***See, e.g.***, ***Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.***, 718 F.3d 249, 259-61 (4th Cir. 2013); ***Race Tires America, Inc. v. Hoosier Racing Tire Corp.***, 674 F.3d 158, 168-70 (3rd Cir.), ***cert. denied***, 133 S.Ct. 233 (2012).; ***United States ex rel. King v. Solvay S.A.***, 2016 WL 3523873 at *16 & n.7 (S.D. Tex. June 28, 2016), ***appeal filed*** (5th Cir. Aug. 1, 2016) (No. 16-20509); ***Rawal v. United Air Lines, Inc.***, 2012 WL 581146 at *2-3 (N.D. Ill. Feb. 22, 2012); ***In re Scientific-Atlanta, Inc. Securities Litigation***, 2011 WL 2671296 at *1 (N.D. Ga. July 6, 2011); ***Mann v. Heckler & Koch Defense, Inc.***, 2011 WL 1599580 at *9 (E.D. Va. Apr. 28, 2011); ***In re Fast Memory Erase v. Spansion, Inc.***, 2010 WL 5093945 *4 (N.D. Tex. Nov. 10, 2010), ***adopted***, 2010 WL 5093944 (N.D. Tex. Dec. 13, 2010), ***affirmed***, 423 Fed. App.

---

[6] Not a single case which supports defendants' position (none of which is binding on this court) takes into consideration the requirement, based on the plain language of the statute, that the costs be for the making of "copies." The court therefore respectfully declines to follow these decisions. ***See, e.g.***, ***Comprehensive Addiction Treatment Center, Inc. v. Leslea***, 2015 WL 638198 at *2-3 (D. Colo. Feb. 13, 2015); ***Pacificorp v. Northwest Pipeline GP***, 2012 WL 6131558 at *7 (D. Or. Dec. 10, 2012); ***Loparex, LLC v. MPI Release, LLC***, 2012 WL 3065428 at *8 (S.D. Inc. July 27, 2012); ***In re Aspartame Antitrust Litigation***, 817 F.Supp.2d 608, 615 (E.D. Pa. 2011); ***Tibble v. Edison International***, 2011 WL 3759927 at *7 (C.D. Cal. Aug. 22, 2011), ***aff'd***, 520 Fed. Appx. 499 (9th Cir. March 21, 2013); ***Parrish v. Manatt, Phelps, & Phillips, LLP***, 2011 WL 1362112 at *2 (N.D. Cal. Apr. 11, 2011); ***CBT Flint Partners, LLC v. Return Path, Inc.***, 676 F.Supp.2d 1376 (N.D. Ga. 2009), ***vacated***, 654 F.3d 1353, 1361 (Fed. Cir. 2011).

[7] Specifically, these costs comprise those attributable to (1) scanning of hard copy documents; (2) conversion of native files to other formats, such as Tagged Image File Format ("TIFF") or Portable Document Format ("PDF"); and (3) transferring electronic documents to a CD or DVD. ***See Race Tires America, Inc.***, 674 F.3d at 167 (citing cases); ***Nero v. American Family Mutual Insurance Co.***, 2013 WL. 5323262 at *2-3 (D. Colo. Sept. 23, 2013).

5

991 (Fed. Cir. June 8, 2011). As the data processing fees challenged here were not attributable to any process that might be thought to constitute the making of copies, plaintiff's motion will be granted as to these costs, and they are disallowed.

Plaintiff's remaining challenges implicate 28 U.S.C. § 1920(2), which provides for recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Plaintiff maintains that neither costs charged for "litigation support packages" in connection with the production of deposition transcripts nor the costs of videotaped depositions are recoverable under this subsection, since both were obtained merely for the convenience of counsel. *In re Williams Securities Litigation – WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) ("The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that merely 'added to the convenience of counsel' or the district court.") (citation omitted). The court disagrees on both counts.

Defendants explain the costs associated with "litigation support packages" assessed by one court reporting agency are attributable to "converting deposition transcripts and deposition exhibits to PDF format with optical character recognition ('OCR'), making the transcripts available in an online repository, and providing the ability to link exhibits and transcripts in a software program called LiveNote." (**Def. Resp.**, Abouchedid Decl. ¶ 11 at 5.)[8] In *Nero v. American Family Mutual Insurance*, the

---

[8] Plaintiff's attempt to characterize the nature of these charges as merely creating an additional, digital copy of the deposition transcript is belied by the very declaration she submits in support, which actually tracks defendants' characterization nearly word for word. (*See* **Plf. Motion**, Gerber Decl. ¶ 4 at 2 (averring that defendants' counsel stated at costs hearing that these "were costs associated with preparing a pdf copy of the transcript and exhibits, making the transcript available in an online repository, and linking the exhibits in 'LiveNote'").)

court found this type of cost properly recoverable under section 1920(2), concluding that "[g]iven the increasing reliance on electronic documents through all stages of civil litigation, and the potential of these relatively inexpensive services to save both parties time and money," such electronic transcripts were necessary and not merely convenient. 2013 WL 5323262 at *3 (D. Colo. Sept. 23, 2013).[9] This court concurs with that analysis. Plaintiff's motion thus is denied to the extent it challenges these costs.

Lastly, plaintiff objects that videotaped depositions were not necessary because defendants had already been allowed the costs of stenographic transcripts. In this circuit, the costs of both a stenographic transcript and a videotape of the same deposition are recoverable if each iteration has "a legitimate use independent from or in addition to the [other] which would justify its inclusion in an award of costs." ***Tilton v. Capital Cities/ABC, Inc.***, 115 F.3d 1471, 1478 (10th Cir. 1997) (citation and internal quotation marks omitted). Thus, "in most cases, a stenographic transcript of a videotaped deposition will be 'necessarily obtained for use in the case.'" ***Id.***

Such is the case here. Defendants obtained the videotapes of the depositions after they learned plaintiff intended to present her deposition designations at trial using those recordings. (***See Def. Resp.***, Abouchedid Decl. ¶ 13 at 6.)[10] "Costs associated with obtaining deposition transcripts may be taxed if they appeared reasonably

---

[9] The fact that plaintiff apparently was able to have such charges waived by her own vendors is wholly irrelevant. Although costs must be reasonable, ***U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988), there is no authority to suggest that a party is not entitled to recover otherwise allowable costs simply because it did not attempt to negotiate charges with a vendor.

[10] At the time the court entered its order granting defendants' motions for summary judgment, the case was less than one month from trial. This consideration further informs the courts determination that the costs of obtaining the videos appeared reasonably necessary at the time they were incurred. ***See Foster v. Mountain Coal Co.***, 2015 WL 4484364 at *1 (D. Colo. July 23, 2015).

necessary to the litigation of the case at the time they were incurred." *Foster v. Mountain Coal Co.*, 2015 WL 4484364 at *1 (D. Colo. July 23, 2015). Defendants certainly were entitled to meet that anticipated presentation with equally impactful evidence. The court cannot fault their determination that they would have been at a tactical disadvantage to rely solely on the stenographic transcripts in those circumstances. *See id.* ("Costs need not be 'strictly essential' to be taxed. 'This standard recognizes that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation, including the possibility of trial.'") (quoting *In re Williams Securities Litigation – WCG Subclass*, 558 F.3d at 1148). It therefore concludes that these costs were reasonably necessary and therefore properly recoverable. *See Nero*, 2013 WL 5323262 at *4.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion for Review of Clerk's Taxation of Costs** [#428], filed March 22, 2016, is granted in part and denied in part as follows:

   a. That the motion is granted to the extent it challenges the award of $75,516.35 in costs for data processing, and those costs are disallowed; and

   b. That in all other respects, the motion is denied; and

2. That defendants are awarded costs in the amount of $62,278.50.


Dated January 17, 2017, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge